UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CLARE BRONFMAN<br><br>Defendant. | Cr. No. 18-204 (NGG)<br><br>**DECLARATION OF<br>JOSEPH WEILGUS** |

Joseph Weilgus hereby declares under penalty of perjury:

1.      I am a Certified Public Accountant and the Chief Executive Officer of the New Legacy Group of companies.  The New Legacy Group is an SEC registered investment advisory firm that provides investment advisory and other services focused on the needs of families of significant net worth.  I base this declaration upon my personal knowledge of Clare Bronfman's trusts and the agreements governing those trusts and my knowledge and experience in this area.

2.      In approximately April 2018, I was requested by Goldman Sachs to serve as a distribution advisor to two trust accounts of which Clare Bronfman is the beneficiary.  That role only formally began in June when restructuring of one of the trusts was completed.

3.      Prior to April 2018, I was not involved in the trusts established to benefit Clare and I did not serve in any fiduciary role or have any control over assets held for the benefit of Clare.

4.      There are two primary trusts of which Clare is the beneficiary – "Trust 1" and "Trust 2" (or the "Trusts"). Both Trust 1 and Trust 2 are "discretionary trusts."  A discretionary trust is a trust as to which the beneficiary does not have the right to compel distributions of income or principal.  The Trusts are not owned by Clare, and the assets are not accessible to Clare unless and until a Trust makes a distribution.

1

5.      Both Trust 1 and Trust 2 were restructured beginning in approximately April 2018, when the bank that held the funds previously indicated that it no longer wanted to serve as custodian of the trust accounts.  The purpose of the restructuring that began in April was, among other things, to protect and preserve the trust assets.

### *Trust 1*

6.      Trust 1 currently holds approximately $65 million in assets.  The structure of Trust 1 is as follows.  Clare is a discretionary beneficiary of the Trust.  Goldman Sachs has custody of the funds and is the sole trustee.  Per the terms of the Trust Agreement, Goldman appointed two trust advisors, or "distribution advisors", to advise and direct the trustee as to whether to make any discretionary distributions to Clare from the trust.  Leslie Geller, a trust attorney, and I are the trust advisors.  I have a long-standing professional relationship with Goldman Sachs.  Goldman Sachs only agreed to act as trustee on the condition that Ms. Geller and I agree to serve as trust advisors.

7.      Both Ms. Geller and I must jointly agree before a discretionary distribution is made to Clare under the terms of Trust 1, and we are authorized to withhold all distributions indefinitely.  Our discretion to make distributions to Clare from Trust 1 is limited by the Trust Agreement to distributions related to her health, education, maintenance, and support.  Our discretion is further limited by our ethical and professional standards, and federal and state law.

8.      Clare does not have the power to remove us as trust advisors, nor does she have the power to remove Goldman Sachs as trustee.  As the discretionary beneficiary of the Trust, she has no right to compel distributions to herself or to others.

9.      If Clare were to flee and become a fugitive from justice, under no circumstances would I agree to make a distribution from Trust 1 to Clare to fund her ability to live as a fugitive. First, making a distribution to a fugitive would potentially make the Trust an accessory to a crime and would therefore jeopardize *all* of the trust assets and would be a breach of my fiduciary duty.  On a personal level, using trust assets to enable Clare to be a fugitive would put my license and SEC registration, and thus my livelihood, in jeopardy, and would be a violation of federal criminal laws.

10.      Likewise, based on my experience, Goldman Sachs, as trustee, would not agree to make any distribution of the trust funds that would aid Clare in committing the federal crime of failure to appear or make distributions to her to aid her ability to live as a fugitive.

11.      In other words, if Clare were to flee, the entirety of the trust funds in Trust 1 would be effectively frozen and unavailable to Clare.

12.      In addition, as the distribution advisors, Ms. Geller and I have the ability to and propose to enter into a binding agreement in a form acceptable to the Court to limit distributions to Clare to pay for certain expenditures that are encompassed within the overall purview of Clare's health, education, maintenance, and support that fall into the following specific categories, and only upon presentation of a proper invoice or receipt:

     a.  Rent and utilities for her NY City apartment;

     b.  Upkeep and maintenance on her farm in Albany;

     c.  Upkeep and maintenance on any other personal use properties;

     d.  Expenses for bookkeeping and accounting related to her personal finances and those of her closely held businesses;

     e.  Legal fees and court costs;

    f.   Medical expenses;

    g.   Food, groceries, and clothing;

    h.   Other reasonable and customary personal or household expenditures such as a computer, cell phone bill, laundry, household goods, housekeeper, apartment repairs and installations, etc.;

    i.   Local transportation expenses within the area approved by the Court for her travel on a regular basis;

    j.   Travel expenditures associated with any travel permitted by the Court outside the regularly approved travel area only upon presentation of a Court Order permitting such travel;

    k.   Any other category of personal expenses that arises for Clare's health, education, maintenance, and support that we consider an appropriate expenditure would only be distributed upon prior notification to Pretrial Services.

13.    To provide added comfort to the Court, we propose that we will inform Pretrial Services three days in advance of any proposed individual distribution from the Trust greater than $25,000 for any reason other than legal fees or necessary medical expenses.

14.    As distribution advisors, we have the authority to distribute funds that we determine are necessary for Clare's maintenance and support.  It is our judgment that an appropriate use of funds of the trust is to ensure that Clare can be released on bail while her criminal case is pending.  Therefore, we pledge that if Clare's bail is revoked as a result of her failure to appear as required in the criminal case *US v. Raniere, et. al*, 18-Cr-204, we will immediately cause Goldman Sachs to liquidate and distribute $25,000,000 of funds from Trust 1

LEGAL\37380885\2

to the United States District Court for the Eastern District of New York towards payment of the $100,000,000 bond.

15.     To effect that pledge, I attach hereto a letter to the Trustee, signed by myself and Ms. Geller, instructing the Trustee to make the distribution of $25,000,000 from the funds of Trust 1 to the United States District Court for the Eastern District of New York if at any point Clare's bail is revoked for failure to appear as required.  We will deliver this letter to the Trustee upon the Court's approval of this proposal, and we request that the Court "So Order" this letter.

***Trust 2***

16.     Trust 2 currently holds approximately $67 million in assets.  The structure of Trust 2 is as follows.  Goldman Sachs is the custodian of the Trust assets.  The trustees of this Trust are: myself, Leslie Geller, Clare, and two of Clare's brothers.

17.     Goldman Sachs's agreement to become custodian of this Trust's assets was contingent upon an agreement entered into by all the trustees that there would be no distributions from the Trust.  At this point in time, Trust 2 is effectively frozen with no ability for Clare to obtain funds from this account.

18.     We are in the process of moving the Trusteeship to Goldman Sachs Trust Company.  When that transfer is complete, the structure of Trust 2 will be the same as the structure of Trust 1. At that point, Goldman Sachs will be the trustee, and only Leslie Geller and I will be the distribution advisors.

19.     Leslie Geller and I agree and pledge to the Court that no distributions will be made from Trust 2 to or for the benefit of Clare until the conclusion of the criminal case.

5

***Other Trusts***

20.     There is also a charitable remainder Trust with a current balance of approximately $2.7 million of which Clare is the beneficiary.  From this Trust, she currently receives quarterly distributions of approximately $75,000 in mandatory distributions to her.  Ms. Geller and I are the only trustees of this trust.

21.     This trust distributes a total of approximately $300,000 per year to Clare.  She does not have the right to obtain additional distributions from this trust.  Clare has certain investments which are real estate developments which require ongoing infusions of capital.  We cannot distribute money to Clare from Trust 1 or Trust 2 for these purposes.  She can, however, use the charitable remainder trust distributions for this purpose.

22.     There are other trusts of which Clare is the beneficiary but none of them have any assets other than receivables which are unlikely to be collected, or policies of insurance.


I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 26, 2018.

_____
Joseph Weilgus

c/o Leslie Geller and Joseph Weilgus
Clare W. Bronfman 2018 Trust
275 Madison Avenue
New York, New York 10016

Michael D. Fox, CFP
Vice President
Trust Officer
The Goldman Sachs Trust Company
200 Bellevue Parkway, Suite 250
Wilmington, DE 19809

July 26, 2018

Dear Mr. Fox:

As the sole distribution advisors on the Clare W. Bronfman 2018 Trust, we hereby authorize and direct that an immediate distribution of $25,000,000 to the Clerk, United States District Court, Eastern District of New York, be made in the event that Clare Bronfman's bail is revoked as a result of a failure to appear as required in the criminal case pending against her in the Eastern District of New York.

Sincerely,

Leslie Geller                              Joseph Weilgus