# HAFETZ & NECHELES LLP
### ATTORNEYS AT LAW

---

10 East 40th Street, 48th Floor
NEW YORK, N.Y. 10016
TELEPHONE: (212) 997-7400
TELECOPIER. (212) 997-7646

September 27, 2018

**VIA ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *United States v. Raniere, et al.*, 18-cr-204 (NGG)

Dear Judge Scanlon:

    By letters dated September 24 and September 25, the government has set forth a projected schedule for discovery that it states would enable the trial to start on January 7. The government's submissions and current proposed schedule (1) provide inadequate time for the defendants to review the discovery before trial, (2) do not account for the fact that defendants need time to review the discovery before filing certain motions, and (3) raise questions about why the government has not acted more expeditiously in the months between seizure of the electronic evidence and now, and whether the government will be able to produce materials on a more expeditious basis going forward.

    We describe these concerns in greater detail below. However, in order to continue to work towards a reasonable trial date and motion schedule that addresses these concerns, defendants will ask the Court at today's conference to impose the discovery deadlines suggested by the government in its letter, and to preclude the government from introducing at trial any discovery currently in the government's possession that are not produced by those deadlines. Once such a discovery schedule is ordered, the defense and the government can confer about a reasonable schedule for motions based on those dates and a reasonable trial date in advance of the October 4 status conference before Judge Garaufis.

    <u>Inadequate Time for Defense Review of Discovery</u>:

    Defendants do not believe that the discovery schedule proposed is one that would allow for a January 7 trial date. With respect to the numerous devices listed on the government's September 25 chart as "Search commenced and ongoing" or "Sent to FBI Headquarters" the government provides no assurance that any of this discovery will be produced before the

HAFETZ & NECHELES LLP

discovery cutoff of December 7.  In particular, for the devices sent to FBI Headquarters, the government admits that it "cannot provide any estimate of the likely production date."  ECF 145 at 3.  Given the constraints the government has described, we are concerned that even the December 7 date will pass without defendants having received the entirety of discovery.

Moreover, while the government acknowledges that the schedule is "extremely compressed" and accounts for the logistical hurdles on its own side, it fails to recognize the labor-intensive steps that the defense will have to take to review discovery once it receives it.  As the government is aware and as the productions in this case to date have shown, there are often technical problems that arise with the production of electronic discovery, which require multiple attempts to get the discovery in a form that can be loaded into a review platform by the defense.  Then, there is a time lag between defendants receiving the evidence and getting it processed and loaded into a defense review platform.  While defense counsel is committed to efficiently and quickly reviewing the discovery produced, it is not feasible for defendants to receive the bulk of electronic discovery on December 7 or shortly before that, and be ready for trial one month later.

Defense Motions Require Review of Discovery:

The current schedule proposed by the government provides that severance motions would be filed on October 12.  That is simply not possible.  Defense counsel must have the opportunity to review the evidence against their own clients and their co-defendants before moving for severance.  The government also proposes that motions in limine and defense motions to suppress would be due on December 14, only seven days after the December 7 discovery cutoff.  Even if the defense could immediately review discovery upon receiving it (which is not the case, due to the lag time in having it loaded by a vendor), a week between receiving the final discovery, if not a large amount of discovery as their schedule suggests is likely, and filing motions in limine and motions to suppress would be impossible.

Concerns About the Timeliness of Government's Execution of Searches and Ability to Comply with Deadlines Going Forward:

The government's correspondence raises the following questions and concerns for defendants:

- Has the CART/digital copying process been completed for all devices in the government's possession, most of which they have had since March?

- When did the government provide the encrypted devices to FBI headquarters (these are the devices that the NY office could not copy for "technical reasons")? There is simply no projected deadline for the production of this material at all.  What is the remedy for the defense?  We request that the Court order disclosure of the date these devices were provided to FBI headquarters as such information may inform defense pretrial motions, including possible motions to suppress.

- For all the devices that the government says the search was commenced but is ongoing, when were the searches begun?  What guarantee does the defense have that these

2

HAFETZ & NECHELES LLP

    materials will be produced before December 7? Does the government contemplate a dump of multiple terabytes of material on the defense at the end of November into early December? We request that the Court order disclosure of the dates searches were begun, as such information may inform defense pretrial motions, including possible motions to suppress.

- As to the category of documents that the government refuses to disclose, the letter indicates that they will disclose the material by December 7 ("assuming the current trial date"). Even if trial date is moved, this should remain the deadline for production.

    The government chose to arrest and detain these defendants when they did, and apparently before they were in a position to proceed to a speedy trial. Having done so, the government should bear the burden of producing discovery in a timely fashion that will allow the defendants sufficient time to review it and make motions, while allowing for as quick of a trial as possible – whether or not the trial date ultimately remains on January 7. It is the government, not the defense, that should suffer the consequences if the government is not able to comply with those deadlines, so we will ask the Court today to impose discovery deadlines and a strict cutoff, after which the government will be precluded from introducing at trial materials that it has in its possession now but has not produced by the cutoff.

                                                                     Respectfully submitted,

                                                                              /s/

                                                                 Susan R. Necheles
                                                               Kathleen E. Cassidy

cc:    AUSAs Moira Kim Penza, Tanya Hajjar (via ECF)
        All defense counsel (via ECF)