# Exhibit A

# Brafman & Associates, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY AND CA

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN NY AND NJ

August 14, 2018

By Hand and Electronic Mail

AUSA Moira Kim Penza [moira.penza@usdoj.gov]
AUSA Tanya Hajjar [tanya.hajjar@usdoj.gov]
AUSA Karin Orenstein [karin.orenstein@usdoj.gov]
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

    Re:    United States v. Keith Raniere, et al., 18 Cr. 204 (NGG)

Dear Moira, Tanya and Karin:

On behalf of the defendants in United States v. Raniere, please provide the following particulars pursuant to Fed. R. Crim. P. 7(f) and other applicable law:

**Conspiracy Counts**

With respect to each conspiracy count in the Superseding Indictment, please identify every individual or entity that the government contends are co-conspirators—including any purported unindicted co-conspirators, cooperating witnesses, and/or confidential sources—and specify which particular conspiracy count in which each individual or entity is considered a co-conspirator.

**The "Enterprise"**

With respect to the "Enterprise" alleged in the Superseding Indictment in Paragraph 3, (i) identify the individuals referred to as "others" as well as each and every member, leader, or associate of the Enterprise, including whether each person was a leader, member, or associate of the Enterprise; (ii) identify the date, time, and location of the formation of the Enterprise, including all persons involved in forming the Enterprise; and (iii) identify and describe any crimes or actions that the government will use in an attempt to prove the existence of an Enterprise and how that Enterprise functioned.

**BRAFMAN & ASSOCIATES, P.C.**

**Count One (Racketeering Conspiracy):**

With respect to Count One, please particularize the following:

1. Specify the date, time and location of the agreements, and parties thereto that created the alleged conspiracy to conduct and participate in the conduct of the affairs of an enterprise through a pattern of racketeering activities;
2. Identify the individuals referred to as "others" in Paragraphs 15 and 16 of the Superseding Indictment;
3. Specify the date, time and location of the agreements, and parties thereto that agreed to commit at least two acts of racketeering in the conduct of the affairs of the Enterprise;

Racketeering Act One (Conspiracy to Commit Identity Theft and to Unlawfully Possess Identification of Jane Doe 1):

1. Specify the date, time and location of the agreements, and parties thereto that created the alleged conspiracy to commit identity theft;
2. Identify the individuals referred to as "others";
3. Identify Jane Doe 1;
4. With respect to the allegation in Paragraph 17, specify the alleged acts constituting the crime of conspiracy to commit identify theft of Jane Doe 1's identity;
5. With respect to the allegation in Paragraph 18, specify the alleged acts constituting the crime of conspiracy to unlawfully possess an identification document of Jane Doe 1's sheriff's identification card.

Racketeering Act Two (Conspiracy to Commit Identity Theft):

1. Specify the date, time and location of the agreements and parties thereto that created the alleged conspiracies to commit identity theft;
2. Identify the individuals referred to as "others";
3. Identify John Doe 1 and John Doe 2;
4. Identify the "means of identification of another person" referred to in Paragraphs 19, 20 and 21;
5. With respect to the allegation in Paragraph 19, specify
    a. the role Nancy Salzman played in the conspiracy to commit identify theft, as she is not identified in either Paragraph 20 or Paragraph 21; and
    b. what conduct occurred between August 2005 and January 2006, the time periods before the alleged identity theft of John Does 1 and 2;
6. Specify the alleged acts constituting the crime of identity theft in Paragraph 20 and Paragraph 21.

**BRAFMAN & ASSOCIATES, P.C.**

<u>Racketeering Act Three</u> (Conspiracy to Alter Records for Use in an Official Proceeding):

1. Specify the date, time and location of the agreements and parties thereto that created the alleged conspiracy to alter records for use in an official proceeding;
2. Identify the individuals referred to as "others";
3. Identify the alleged acts constituting the alleged crime, including (i) what was done to alter, destroy, mutilate and conceal the video recording of Nancy Salzman and (ii) in what manner the integrity of the video recording was impaired;
4. Identify the video recordings that were allegedly altered;
5. Identify the date the records were allegedly produced to the Ross Institute.

<u>Racketeering Act Four</u> (Conspiracy to Commit Identity Theft – Jane Doe 2):

1. Specify the date, time and location of the agreements and parties thereto that created the alleged conspiracy to commit identity theft;
2. Identify the individuals referred to as "others";
3. Identify Jane Doe 2;
4. Specify the alleged acts constituting the crime of conspiracy to commit identity theft.

<u>Racketeering Act Five</u> (Encouraging and Inducing Illegal Entry and Money Laundering – Jane Doe 3):

1. Identify the individuals referred to as "others" referenced in Paragraph 24 and 25;
2. Identify Jane Doe 3;
3. Identify the acts allegedly undertaken by Ms. Bronfman to "encourage and induce an alien…to come to, enter and reside in the United States" as alleged in Paragraph 24;
4. Identify the date, amount, originating account, and receiving account of each wire transfer allegedly made, as referenced in Paragraph 25;
5. Identify the "financial gain" or intended financial gain and the alleged beneficiary of such financial gain as referenced in Paragraphs 24 and 25.

<u>Racketeering Act Six</u> (Trafficking of Jane Doe 4 for Labor and Services):

1. Identify the individuals referred to as "others";
2. Identify Jane Doe 4;
3. With respect to the allegation in Paragraph 26, specify the "labor and services" that Jane Doe 4 provided and for whose benefit;
4. With respect to the allegation in Paragraph 27, specify which "immigration documents and actual government identification documents" that were concealed, removed, confiscated and possessed.

<u>Racketeering Act Seven</u> (State Law Extortion):

1. Identify the individuals referred to as "others";

3

**BRAFMAN & ASSOCIATES, P.C.**

2. Identify those DOS members who allegedly delivered property and other things of value to "Raniere, Mack, Lauren Salzman and others";
3. Specify (i) the "personal property and other things of value" that "lower-ranking DOS members" delivered, and (ii) the actions taken by "Raniere, Mack, Lauren Salzman and others" that instilled fear that they would "expose a secret and publicize an asserted fact…tending to subject one or more persons to hatred, contempt and ridicule";
4. Identify any individuals the government contends Raniere, Mack, Lauren Salzman and/or "others" aided or abetted in connection with the alleged crime.

Racketeering Act Eight (Sex Trafficking)[1]:

1. Specify the date, time, location, and participants in each alleged "commercial sex act" that forms the basis of the charge;
2. Identify the conduct that constitutes a "commercial sex act" for each alleged commercial sex act described in Request No. 1 above;
3. Identify the individuals referred to as "others";
4. Identify Jane Doe 5;
5. Identify the venture referred to Paragraph 29, including every member of that venture;
6. Identify each and every "benefit", financial or otherwise that was allegedly given to or received by any person as well as the identities of the individual(s) who gave or received such thing of value, as well as the dates and times of such actions;
7. Identify the "means of force, threats of force, fraud and coercion" allegedly used to effect the offenses alleged in the Superseding Indictment; and
8. Identify any individuals the government contends Raniere, Mack, and/or "others" aided or abetted in connection with the alleged crime.

Racketeering Acts Eight and Nine (Forced Labor):

1. Identify the individuals referred to as "others" in Paragraph 30 and Paragraph 32;
2. Identify with specificity each and every "labor and service" allegedly performed;
3. Identify Jane Doe 6;
4. With respect to the allegations in Paragraph 30 and Paragraph 32, please identify with specificity each and every act that constitutes:
   a. force, physical restraint and threats of physical restraint;
   b. serious harm and threats of serious harm;
   c. [the] one or more schemes, plans and patterns intended to cause Jane Doe 5 and Jane Doe 6 to believe that, if Jane Doe 5/6 did not perform such labor and services, Jane Doe 5/6 and one or more other persons would suffer serious harm;

---

[1] This same request applies to Count Five which alleges the same conduct as Racketeering Act Eight.

4

BRAFMAN & ASSOCIATES, P.C.

5. Identify any individuals the government contends Raniere, Mack, Salzman and/or "others" aided or abetted in connection with the alleged crime.

<u>Racketeering Acts Eight and Nine</u> (State Law Extortion):

1. Identify the individuals referred to as "others" in Paragraph 31 and Paragraph 33;
2. Identify the acts, including the date, time and location of such acts, taken by Ms. Mack and Ms. Salzman that caused Jane Doe 5 and Jane Doe 6 to deliver property to Ms. Mack and Ms. Salzman and others;
3. Specify (i) the property delivered, and (ii) the actions taken by Ms. Mack and Ms. Salzman that instilled fear that she would "expose a secret and publicize an asserted fact…tending to subject one or more persons to hatred, contempt and ridicule" and that "[were] calculated to harm one or more persons materially with respect to their health, safety, business, calling, career, financial condition, reputation and personal relationships…";
4. Identify any individuals the government contends Ms. Mack and Ms. Salzman and/or "others" aided or abetted in connection with the alleged crime.

<u>Racketeering Act Ten</u> (Conspiracy to Commit Identity Theft)[2]:

1. Identify the individuals identified as "others";
2. Identify Jane Doe 7;
3. Identify the "one or more means of identification";
4. Specify the conduct constituting the basis of any willful attempt to evade or defeat the assessment or payment of a tax;
5. Set forth the amount of any tax allegedly evaded;
6. Specify the conduct constituting the basis of tax evasion.

**Count Two (Forced Labor Conspiracy):**

With respect to Count Two[3], please particularize the following:

1. Specify the date, time and location of the agreement and parties thereto that created the alleged conspiracy to commit forced labor;
2. Identify the individuals referred to as "others";
3. Identify the individuals who are labeled as the "lower-ranking DOS members";

**Count Three (Wire Fraud Conspiracy):**

With respect to Count Three, please particularize the following:

---

[2] The same request applies to Count Seven, which alleges the same conduct.
[3] We incorporate our requests regarding Racketeering Acts Eight and Nine (Forced Labor).

5

BRAFMAN & ASSOCIATES, P.C.

1. Specify the date, time and location of the agreement and parties thereto that created the alleged conspiracy to commit wire fraud;
2. Identify the individuals referred to as "others";
3. Identify the "lower-ranking DOS members";
4. Identify each item of "money and property" allegedly obtained from the lower-ranking DOS members, including the person who provided the property;
5. Identify each and every "materially false and fraudulent pretense, representation and promise," including who committed each act, the date and time of each act, and the identification of the recipient of such act;
6. Specify the "electronic messages, telephone text messages, and Telegram messages" referenced in Paragraph 36, including the usernames, accounts, senders, and recipients associated with each such message.

**Count Four (Sex Trafficking Conspiracy):**

With respect to Count Four, please particularize the following:

1. Specify the date, time and location of the agreements, and parties thereto that created the alleged conspiracy to commit sex trafficking;
2. Specify the date, time, location, and participants in each alleged "commercial sex acts" that forms the basis of the charge in Count Four;
3. Specify the conduct that constitutes a "commercial sex act" for each alleged commercial sex acts described in Paragraph 37 and Request No 2 above;
4. Identify the individuals referred to as "others";
5. Identify the venture referred to Paragraph 37, including every member of that venture;
6. Specify (i) each thing of value that was allegedly agreed to be given or received by any person, (ii) the identities of the individual who agreed to give or receive, (iii) the dates and times of such actions, and (iv) the specific date and time each thing of value allegedly was transacted and by whom;
7. Identify each and every "benefit," including but not limited to financial benefit(s) or thing(s) of value, allegedly agreed to be received by defendants Raniere, Mack, and "others," from their alleged participation in the ventures described in the Superseding Indictment, as well as the date, time, and location that such benefits were allegedly agreed to be conferred and by whom;
8. Identify the "means of force, threats of force, fraud and coercion" allegedly used to effect the offenses alleged in the Superseding Indictment.

**Count Six (Attempted Sex Trafficking – Jane Doe 8):**

With respect to Count Six, please particularize the following:

BRAFMAN & ASSOCIATES, P.C.

1. Specify the date, time, location, and participants in each alleged attempt to "cause such person to engage in one or more commercial sex acts" that forms the basis of the charge in Count Six;
2. Specify the conduct that constitutes a "commercial sex act" for each alleged attempt to "cause such person to engage in one or more commercial sex acts" described in Request No. 1 above;
3. Identify the individuals referred to as "others";
4. Identify the venture referred to Paragraph 39, including every member of that venture;
5. Identify Jane Doe 8;
6. Specify (i) each thing of value that was allegedly agreed to be given or received by any person, (ii) the identities of the individual who agreed to give or receive, (iii) the dates and times of such actions, and (iv) the specific date and time each thing of value allegedly was transacted and by whom;
7. Identify each and every "benefit," including but not limited to financial benefit(s) or thing(s) of value, allegedly attempted to be received by defendants Raniere, Mack, and "others," from their alleged participation in the ventures described in the Superseding Indictment, as well as the date, time, and location that such benefits were allegedly attempted to be conferred and by whom;
8. Identify the "means of force, threats of force, fraud and coercion" allegedly attempted to be used to effect the offenses alleged in the Superseding Indictment.
9. Identify each substantial step the government contends was taken by Raniere, Mack and "others" in furtherance of the alleged crime, including the date and time of such alleged substantial step.

**Criminal Forfeiture:**

With respect to the Criminal Forfeiture counts, please particularize the following for each count:

1. Specify the property or assets subject to forfeiture;
2. Specify the amount of money subject to forfeiture;
3. Specify all interests subject to forfeiture;
4. Specify how the property or asset was used or intended to be used to commit the offense;
5. An itemization of the actual or contemplated loss or losses from each defendant's alleged conduct.

7

**BRAFMAN & ASSOCIATES, P.C.**

Please contact us with any questions.

Sincerely,

\_\_\_/s/_____
Marc Agnifilo
Jacob Kaplan
Teny Geragos
**Brafman & Associates, PC**
*Attorney for Defendant Keith Raniere*

Paul DerOhannesian II
Danielle R. Smith
**DerOhannesian & DerOhannesian**

\_\_\_/s/_____
William McGovern
Sean Buckley
**Kobre & Kim LLP**
*Attorney for Defendant Allison Mack*

\_\_\_/s/_____
Susan Necheles
Kathleen E. Cassidy
**Hafetz & Necheles LLP**
*Attorney for Defendant Clare Bronfman*

\_\_\_/s/_____
Hector Diaz
James Burke
**Quarles & Brady LLP**
*Attorney for Defendant Lauren Salzman*

\_\_\_/s/_____
David Stern
Robert Soloway
**Rothman, Schneider, Soloway & Stern, LLP**
*Attorney for Defendant Nancy Salzman*

\_\_\_/s/_____
Justine Harris
Amanda Ravich
**Sher Tremonte LLP**
*Attorney for Defendant Kathy Russell*