# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY AND CA

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN NY AND NJ

December 5, 2018

VIA ECF

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: <u>United States v. Keith Raniere, et al.</u>, 18 Cr. 204 (NGG)

Dear Judge Garaufis:

  We write on behalf of Keith Raniere, Clare Bronfman and Nancy Salzman in opposition to the Government's letter and Proposed Order permitting deferred disclosure of sealed, unredacted copies of three search warrants and affidavits on their accounts and devices. (Dkt. 216, Motion for Protective Order.) We submit that the Court should not grant the Proposed Order and instead should unseal the search warrant affidavits, at least with respect to the portions of the affidavits that relate to the current indictment.[1]

  First, the Government cannot conceivably demonstrate a sufficient factual basis to seal documents that relate to aspects of a case that have already been indicted, and as to which the defendants are currently preparing for trial. The Government's ongoing investigation, whatever that may mean at this stage, cannot trump a defendant's right to prepare for imminent trial. Thus

---

[1] Because defense counsel has not seen the <u>ex parte</u> applications the Government filed with the Court, we are left to guess as to the reasons why entire pages of the search warrants were excluded without reasons. While there may be lawful bases to redact the search warrants, such as an ongoing investigation, those bases would not apply to the portions of the search warrants that are relevant to charges that the defendants are currently facing.

far, the Government has used its purported ongoing investigation to disrupt established trial dates and is now using it to keep important information from the defense.

Second, these documents are material to the defense and must be reviewed in time to file motions to suppress and conduct appropriate investigations into the charges. The Government's suggested timetable of "one month prior to the due date for suppression motions" (Motion at 1) is not workable for the defense and is not in keeping with the practice of this District. Counsel cannot effectively address any constitutional deficiencies in the warrants and the affidavits in support if they continue to remain sealed. The defendants are facing serious racketeering and sex trafficking charges and should have the affidavits in order to conduct investigations into the charges against them.

**Background**

On January 18, 2018, the Honorable Cheryl L. Pollak issued a search warrant on Keith Raniere's Yahoo account. (Case No. 18-M-45.) In March 2018, the Government obtained search warrants for Nancy Salzman's house and Clare Bronfman's gmail account. Unbeknownst to counsel, the Government subsequently sought additional search warrants on Raniere and Bronfman's email accounts on October 15, 2018, and an additional search warrant for Salzman's devices on October 24, 2018. The Government disclosed the existence of these additional warrants on November 2, 2018, in an update on discovery ordered by Judge Scanlon. Both counsel for Raniere and Bronfman immediately asked the Government to produce the additional search warrants. Three weeks later, on November 21, 2018, the Government finally produced the redacted search warrants to Raniere, Bronfman, and Salzman.

On November 26, 2018, the defendants requested that the Government promptly produce the unredacted versions of the search warrants, at least to the portions of the affidavits that refer to the alleged schemes *already* charged in the Superseding Indictment returned *over four months ago*. (See Exhibit 1, Defendants' Letter at 1.) Additionally, the defendants asked for the Government to identify the basis for all the redactions it made. (Id. at 2.) Instead of responding to the defendants' repeated requests, the Government filed its request for a protective order.

**Argument**

      1.      <u>Raniere, Bronfman and Nancy Salzman Have a Constitutional Right to Access the Warrants, Affidavits and Ex Parte Submissions That Can Only Be Overcome by Evidence Showing a Compelling Need to Seal</u>

Sealing search warrants and affidavits in support several months after two indictments have been filed and shortly before trial should be done rarely, and only for a brief period of time where there is a compelling need. See <u>United States v. Abuhamra</u>, 389 F.3d 309, 323 (2d. Cir. 2004) ("the criminal law does permit <u>ex parte</u> submissions in support of arrest and search warrants but in those

BRAFMAN & ASSOCIATES, P.C.

circumstances, the secrecy of supporting affidavits is maintained only briefly, not indefinitely…").[2] Search warrants and affidavits in support should only be sealed if the government can establish a compelling need sufficient to outweigh the defendants' due process rights and the strong presumption of access for defendants. Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 573 (1980) (First Amendment right of public access to judicial proceedings); Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (common law presumptive right of public access to judicial documents); Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004) (First Amendment provides public with a "qualified ... right to attend judicial proceedings and to access certain judicial documents"); Rinaldi v. City of New York, No. 13 Civ. 4881, 2014 WL 2579931, at *4 (S.D.N.Y. June 10, 2014), adopted, 2014 WL 4626076 (S.D.N.Y. Sept. 15, 2014) ("While the Second Circuit does not appear to have addressed this issue directly, some federal courts 'have recognized a Fourth Amendment right to access warrant materials,' including the warrant itself and the supporting affidavits." (quoting In re Search Warrants Issued on April 26, 2004, 353 F. Supp. 2d 584, 587-88 (D. Md. 2004)); In re Search Warrant, 16-mc-00464, 2016 WL 7339113, at *2 (S.D.N.Y. Dec. 19, 2016) (recognizing presumptive right to access search warrant applications under First Amendment and common law). Here, the search warrants have already been sealed for over a month and the Government cannot show a compelling need sufficient to keep them sealed.

2. The Government Cannot Meet Its Burden to Establish the Required Compelling Need to Continue Sealing the Documents

While counsel has not seen the actual evidence the Government provided in its ex parte submission,[3] we submit they have failed to show a credible risk to witness safety or the integrity of an ongoing investigation—at least with respect to the affidavits supporting conduct charged in the superseding indictment.

a. Witness Safety

As the Court is aware, the released defendants are all on strict pretrial supervision, with Bronfman and Salzman on home detention without the ability to communicate with anyone affiliated with NXIVM or anyone who was on the "Stripe Path." Raniere has been incarcerated in MDC Brooklyn and only communicates with his attorneys. The released defendants have diligently adhered to their bail conditions and the Government could never put forward credible evidence that any witness has been in danger or has been threatened. Therefore, if the

---

[2] The Government has stated in a footnote that it understands the need to minimize the amount of information in a criminal case that is filed under seal, yet proposes a schedule that would continue to keep the indicted defendants in the dark about the charges pending against them.

[3] As the Court can see from Exhibit 1, where we repeatedly implore the Government to give defendants the reasons for holding back the affidavits, they have not given us any.

Government's basis for sealing the search warrants is "safety to witnesses," there is no actual evidence of a real danger to witnesses.

        b. <u>There Is No Evidentiary Basis Establishing a Need to Protect the Integrity of an Ongoing Investigation That Would Outweigh the Defendants' Right to Access</u>

At least with respect to the parts of the search warrants that relate to the current indictment, there is no legitimate concern that unredacting these portions will compromise any current ongoing investigation. Indeed, Raniere was indicted on April 24, 2018, the superseding indictment was unsealed on July 24, 2018 and the trial is scheduled to begin in March of 2019. The public filing of the existing superseding indictment itself would contradict the validity of any concern regarding an ongoing investigation being compromised.

Moreover, the lack of a reasonable risk that the documents interfere with an ongoing investigation is shown by the fact that the defendants have been actively reviewing the "250,000 bates-numbered pages of discovery," the "forensic copies of devices containing at least another approximately 1,000,000 documents and approximately 1000 audio/visual files" the Government has produced. (Motion at 2.) Therefore, the defendants are already aware of the potential sources of information and evidence that could aid the Government in their investigation. Therefore, there is no credible evidentiary basis to seal those portions of the search warrants based on a continuing investigation.

        3. <u>This Court Should Order the Government to Unredact At Least the Limited Information We Request in the Search Warrants</u>

The defendants have an obvious and immediate need for the search warrants and affidavits in support to be unsealed immediately. The Government's proposal of waiting one month before the due date for suppression motions is unreasonable and contrary to recent cases in this district. (<u>See</u> <u>United States v. Hawit</u>, 2017 WL 3016794 (E.D.N.Y. Jul. 14, 2017) (Chen, J.) (permitting deferred disclosure of four search warrant applications until three months before trial.).

First, it is clear that the redacted information in the affidavits goes to the heart of the Government's case against the defendants, which would necessitate extensive post-disclosure investigation into the Government's claims. Delaying disclosure of these search warrants even longer would prejudice the defendants from investigating the charges against them, and serve no compelling interest for the Government. Certainly, with respect to the redacted information in the affidavits that discuss the current charges in the indictment, the Government cannot show a compelling interest in keeping those sealed.

Here, the information in the search warrant affidavits are not "readily ascertainable by" the defendants and do not relate to information that is already contained in "the personal

BRAFMAN & ASSOCIATES, P.C.

communication devices and accounts." See Hawit at *3. Instead, the search warrant affidavits are based upon information that the Government has already investigated (without the need for the devices and the email accounts) and is now being used as a basis to find *more information* in the defendants' devices and accounts. Therefore, defendants are concerned about not having sufficient time to independently investigate and challenge the search warrant applications if they are delayed until one month before suppression motions are due, especially where we are only three months from trial.

Counsel has sought disclosure of these warrants since the first time the Government brought them to our attention—November 2, 2018—in order to properly be advised of the charges against them. The defendants will be severely prejudiced in their ability to prepare for pre-trial motions and trial if the Court delays the production of the search warrants any further.

**Conclusion**

For the reasons set forth above, defendants Raniere, Bronfman and Salzman respectfully request that the Court order the Government to disclose the Search Warrants and supporting affidavits immediately to the defendants—at least with respect to the parts of the warrant that relate to the superseding indictment—because failure to disclose these warrants will severely prejudice the defendants.

Respectfully submitted,

/s/

Marc Agnifilo, Esq.
Teny Geragos, Esq.