Proposed Curcio Examination
United States v. Keith Raniere et al., 18-CR-204 (NGG)

(A)  Potential Conflict of Interest Posed By Co-Defendant's Payment of Legal Fees

1. Are you satisfied with the services of your attorneys thus far in the case?

2. Do you understand that, in every criminal case, including this one, the defendant is entitled to the assistance of counsel whose loyalty to him or her is undivided, and who is not subject to any force or consideration that might in any way intrude upon the attorney's loyalty to his or her client's interests?

3. Have you received any inducements, promises, or threats with regard to your choice of counsel in this case?

4. Are you paying your attorneys' fees or is someone else paying for them to represent you? Who specifically is paying them? How long has that been the case?

5. Do you have an understanding whether, in the future, they will continue to pay, indemnify, or reimburse your legal fees in this case? What is your understanding?

6. Because your attorneys are being paid by a third party, they may be influenced by this third party in connection with their representation of you, that is, they may be influenced to advise you to do things that are in the third party's best interests and not in your best interests.

    a. For instance, if the third party is involved in the alleged crime, the third party may have a vested interest in having your lawyers advise you to accept sole responsibility for the unlawful scheme or to minimize the third party's involvement with or knowledge of the scheme. Do you understand that?

    b. Your lawyers may also have an interest in advising you not to seek to cooperate with the Government, even if that might be in your interest, where your cooperation might directly or indirectly implicate the third party that is paying your legal fees. Do you understand that?

7. Have you consulted with counsel other than your attorneys about the risks associated with this potential conflict of interest?

8. Do you understand that you have a right to consult with another lawyer to determine whether you wish for them to continue representing you? Do

Proposed <u>Curcio</u> Examination
<u>United States v. Keith Raniere et al.</u>, 18-CR-204 (NGG)

    you understand that the Court will give you an opportunity to do so, and that the Court encourages you to do so? Do you understand that, if you cannot afford other counsel, the Court will appoint counsel—free of cost to you—so that you may consult with conflict-free counsel about these issues?

9. Have any of your attorneys informed you that they have been compensated for their representation of you, directly or indirectly, by a co-defendant in this case?

10. Do you understand that in some circumstances your attorneys might have an incentive to put the interests of Clare Bronfman before yours?

11. Let me give you some examples of the ways in which your attorneys' ability to represent you might be affected by the fact that they have been paid by Ms. Bronfman. This could affect the way that your lawyers consider and advise you:

    a. Whether, and when, you should plead guilty;

    b. Whether you should seek to cooperate with the Government;

    c. What defenses you should raise;

    d. Whether you should testify at trial;

    e. Which witnesses should be cross examined, and what questions they should be asked;

    f. Which witnesses should be called, and what other evidence to offer on your behalf;

    g. What arguments to make on your behalf to the jury;

    h. What arguments to make to the Court, and what facts to bring to the Court's attention, before trial, during trial, or, if you are convicted, at your sentencing.

12. Tell me in your own words what your understanding is of the potential conflict of interest arising in this situation.

Proposed Curcio Examination
United States v. Keith Raniere et al., 18-CR-204 (NGG)

(B) Right to Conflict-Free Representation

13. Do you understand that you have the right to object to your attorneys' continued representation of you based upon the existence of a potential conflict of interest?

14. It is important that you understand that no one can predict with any certainty the course that this case will take or how this conflict may affect it.

15. What is your understanding of the right to "effective assistance of counsel"?

16. Is there anything I have said that you wish to have explained further?

17. I will give you an opportunity to think about what you have been told, and, if you would like, to talk it over with counsel other than your attorneys. After you have thought it over, I will ask whether you have considered the matters that I have talked to you about, either with or without an attorney. Then I will ask whether you wish to continue with your attorneys.

18. Do you need court-appointed counsel for the purpose of consulting with you about these conflict-of-interest issues?

(C) Continuation of Curcio Hearing

19. Given that having your co-defendant Clare Bronfman pay your legal fees may adversely affect your defense, do you still believe that it is in your best interest to proceed with your attorneys?

20. Is that your wish?

21. Do you understand that by continuing in this fashion with your attorneys, you are waiving your right to be represented by an attorney who has no conflict of interest?

22. Are you knowingly and voluntarily waiving your right to conflict-free representation?

23. Do you agree to waive any post-conviction argument, on appeal or otherwise, that by virtue of having a third party—and, indeed, your co-

Proposed <u>Curcio</u> Examination
<u>United States v. Keith Raniere et al.</u>, 18-CR-204 (NGG)

    defendant—pay your legal fees, you were denied effective assistance of counsel?

24. Is there anything that the Court has said that you wish to have explained further?