UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA

**MEMORANDUM & ORDER**

-against-

**18-CR-204 (NGG) (VMS)**

CLARE BRONFMAN and KATHY RUSSELL,

Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Defendants Clare Bronfman and Kathy Russell, along with four other individuals, have been indicted on charges arising from their participation in Nxivm, an organization whose inner circle was allegedly a criminal enterprise. (Superseding Indictment (Dkt. 50) ¶¶ 1-40.) Bronfman and Russell have moved the court to modify one of the conditions of their pretrial release, which prevents them from having contact with certain groups of people. (See Bronfman Mot. (Dkt. 106); Bronfman Mem. in Support of Mot. ("Bronfman Mem.") (Dkt. 126); Russell Mot. (Dkt. 133).) The Government opposes their motions. (Gov't Sept. 17, 2018 Letter (Dkt. 135); Gov't Sept. 24, 2018 Letter (Dkt. 144).) For the following reasons, Bronfman and Russell's motions are GRANTED.

I.  BACKGROUND

Bronfman and Russell were indicted on July 23, 2018. (See Superseding Indictment.) Both were charged with one count of racketeering conspiracy (id. ¶¶ 14-34), and Bronfman was also charged with one count of conspiracy to commit identity theft (id. ¶ 40). Bronfman and Russell have been released on bail pending trial, subject to certain conditions. (See Minute Entry, Aug. 21, 2018; Order Setting Conditions of Release for Kathy Russell ("Russell Release

1

Order") (Dkt. 110).) One of Bronfman's conditions (the "no-contact condition") is the following:

> [Bronfman] may not directly or indirectly associate or have contact with--except in the presence of her attorneys--current or former employees of, or independent contractors for, NXIVM (including any and all affiliated entities), any individual that she knows to be a current or former member of DOS, or any individual who is currently, or was formerly, on the Stripe Path, subject to reasonable exceptions agreed upon by the parties.[1]

(Minute Entry, Aug. 21, 2018). Russell is subject to a nearly identical condition.[2] (Russell Release Order.) Russell estimates that at least several hundred individuals are within the scope of the no-contact condition. (Russell Mot. at 1.)

On August 20, 2018, Bronfman moved the court to modify the conditions of her release, arguing that the no-contact condition (which, at that time, had been proposed by the Government but not yet adopted by the court) is overbroad. (Bronfman Mot.) On September 7, 2018, at the court's invitation, she submitted an additional brief regarding the no-contact condition. (Bronfman Mem.) On September 14, 2018, Kathy Russell moved the court to modify her no-contact condition, joining Bronfman's legal arguments and addressing the burdens that the no-contact condition places on Russell in particular. (Russell Mot.) The Government opposes Bronfman and Russell's motions. (Gov't Sept. 17, 2018 Letter; Gov't Sept. 24, 2018 Letter.)

According to the Government, the no-contact conditions are necessary to ensure that Bronfman and Russell "do not collude with unindicted co-conspirators or interfere with witnesses." (Gov't Sept. 17, 2018 Letter.) Bronfman and Russell insist that the no-contact conditions are overly restrictive and insufficiently tailored to their supposed purpose. (Bronfman

---

[1] The court entered this condition at a hearing held on August 21, 2018. (See Min. Entry, Aug. 21, 2018.)

[2] The only substantive difference between the two defendants' no-contact conditions is that Russell's does not prevent her from contacting current or former members of DOS. (See Russell Release Order.)

Mem. at 2; Russell Mot. at 1-2.) Both have been involved with NXIVM for 16 years, and many of their closest friends are on NXIVM's "stripe path" or were NXIVM employees or contractors, meaning Bronfman and Russell can no longer talk to them without counsel present. (Bronfman Mem. at 2; Russell Mot. at 2.) While the no-contact conditions allow for "reasonable exceptions agreed upon by the parties," and the Government has consented to most of the exceptions that defendants have requested thus far (see Gov't Sept. 24, 2018, Letter at 1), Bronfman and Russell maintain that they should not bear the burden of identifying individuals with whom they wish to associate. (Bronfman Mem. at 6-7; Russell Mot. at 2.) Identifying such individuals, Bronfman and Russell argue, exposes them to unwanted attention from the Government and hostility from third parties. (Bronfman Mem. at 6-7; Russell Mot. at 2.) Furthermore, Bronfman contends, it is overly burdensome on her to require that counsel be present any time she wishes to contact her friends, even about matters unrelated to their defense. (Bronfman Mem. at 7.)

## II. LEGAL STANDARD

Under the terms of the Bail Reform Act, a district court may impose only "the least restrictive [] condition, or combination of conditions, [on a defendant's pretrial release] that [the court] determines will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community.'" 18 U.S.C. § 3142(c)(1)(B)) (emphasis added). Such conditions may include restrictions on personal associations and orders to avoid all contact with alleged victims of the crime at issue and potential witnesses who may testify at trial. 18 U.S.C. § 3142(c)(1)(B)(iv), (v). These conditions may be amended at any time. 18 U.S.C. § 3142(c)(3). Courts must review applications to modify conditions of release de novo, looking to the complete record; a defendant does not have the burden of proving that a challenged condition

3

is inappropriate.³ See United States v. Lillemoe, No. 15-CR-00025 (JCH), 2015 WL 9694385, at *1 (D. Conn. May 28, 2015); United States v. Schlegel, No. 06-CR-550 (JS), 2008 WL 11338900, at *2 (E.D.N.Y. June 13, 2008); cf. United States v. English, 629 F.3d 311, 320 (2d Cir. 2011) (stating that a court may "fully consider" bail factors on reconsideration and "is not bound by prior rulings").

No-contact conditions like the ones in this case "implicate[] the First Amendment right of association." United States v. Arzberger, 592 F. Supp. 2d 590, 603 (S.D.N.Y. 2008). Thus, they are constitutionally permissible only where "there has been an independent judicial determination that such conditions are necessary." United States v. Laurent, 861 F. Supp. 2d 71, 91 (E.D.N.Y.2011); see id. at 91-92 (collecting cases); Arzberger, 592 F. Supp. 2d at 603-604 (holding that a district court must make an "individualized determination" of the need for a no-contact bail condition).

## III. DISCUSSION

Considering the allegations in the superseding indictment (see Superseding Indictment at 3-4; Gov't Sept. 17, 2018 Letter at 2), the court finds that some no-contact condition is necessary to ensure that Bronfman and Russell do not interfere with witnesses, harass victims of the charged enterprise, or collude with their alleged co-conspirators (including their co-defendants). See 18 U.S.C. § 3142(c)(1)(B) (authorizing courts to institute bail conditions that are necessary to "reasonably assure . . . the safety of any other person and the community"). But the no-contact conditions that are currently in place sweep too broadly. As Bronfman and Russell point out (Bronfman Mot. at 4; Russell Mot. at 1), only Keith Raniere's inner circle of trusted advisers,

---

³ This is contrary to the Government's suggestion that the court treat Bronfman and Russell's motions as motions for reconsideration under Local Civil Rule 6.3. (See Gov't Sept. 17, 2018, Letter at 2 n.1.)

4

not Nxivm or the Stripe Path, is accused of being a criminal enterprise. (Superseding Indictment ¶ 3.) As far as the court can tell, many of the persons within the scope of the no-contact conditions may not be potential witnesses, alleged victims of the charged enterprise, or alleged co-conspirators. (Compare Bronfman Mot. at 6 (stating that the no-contact condition forbids her from contact with "hundreds of people"), and Russell Mot. at 1 (estimating that the number of individuals to which the no-contact condition applies "ranges from several hundred to over a thousand"), with Gov't Sept. 24, 2018 Letter at 2 n.1 ("Dozens of current or former members of Nxivm are potential witnesses in this case . . . .") (emphasis added).) In particular, two categories of persons that are enumerated in the no-contact conditions—(1) current and former employees and contractors of Nxivm and its related entities and (2) persons who are or have been on the Stripe Path—are overbroad in relation to the Superseding Indictment's charges.[4]

While the Government is correct that other courts in this district have imposed similarly expansive restrictions in racketeering cases (see Gov't Sept. 17, 2018 Letter at 2), the Government has not shown that such restrictions are necessary here. Accordingly, the court concludes that the no-contact conditions, in their current forms, are not the "least restrictive [] condition" that "will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

---

[4] Bronfman's no-contact condition also bars her from contacting "current or former members of DOS." Bronfman has not complained about this category specifically. (See Bronfman Mem. at 2 (noting that many of Bronfman's closest friends were Nxivm employees or contractors or were on the Stripe Path, but not making a similar claim about members of DOS).) Furthermore, considering the allegations in the Government's sealed complaint (Sealed Compl. (Dkt. 1)) and the superseding indictment (Superseding Indictment), the court recognizes that any DOS member may be considered either a potential witness, an alleged victim, or a co-conspirator. Thus, the court finds that preventing Bronfman from contacting current or former members of DOS is necessary to "reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

## IV. CONCLUSION

Bronfman and Russell's motions to modify the no-contact conditions of their release (Dkt. 106; Dkt. 126; Dkt. 133) are GRANTED. The Government is DIRECTED, by no later than two business days after entry of this order, to submit to the court new no-contact conditions for Bronfman and Russell and an explanation of the need for such conditions. Such conditions may, but are not required to, enumerate individuals that the Government believes Bronfman and Russell should be forbidden from contacting. Bronfman and Russell are DIRECTED to respond by no later than two business days after receiving the Government's proposal. Afterward, the court will amend the no-contact conditions; the conditions remain in place in the interim.

SO ORDERED.

Dated: Brooklyn, New York
December 11, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge