O|R

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA

-against-

CLARE BRONFMAN and KATHY RUSSELL,

                  Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**18-CR-204 (NGG) (VMS)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Defendants Clare Bronfman and Kathy Russell, along with four other individuals, have been indicted on charges arising from their participation in Nxivm, an organization whose inner circle was allegedly a criminal enterprise. (See Superseding Indictment (Dkt. 50) ¶¶ 1-40.) In a memorandum and order (the "M&O") entered on December 12, 2018, the court granted Bronfman and Russell's motions to modify one of the conditions of their pretrial release, which prevented them from having contact with certain groups of people (the "no-contact condition"). (Dec. 12, 2018 M&O ("M&O") (Dkt. 240).) As articulated in the M&O, the court found that the no-contact condition "swe[pt] too broadly" in relation to the Government's objective of "ensur[ing] that Bronfman and Russell do not interfere with witnesses, harass victims of the charged enterprise, or collude with their alleged co-conspirators (including their co-defendants)."[1] (Id. at 4 (citing 18 U.S.C. § 3142(c)(1)(B)).)

      The Government has since proposed an alternative no-contact condition, which would prevent Bronfman and Russell from contacting or associating with (except in the presence of attorneys) the following categories of individuals:

---

[1] The court assumes the parties' familiarity with the legal standard for no-contact conditions (see M&O at 3-4) and does not repeat it here.

1

> (1) individuals listed on the Coach List, (2) individuals that the defendants know or believe to be current or former members of DOS, (3) individuals that the defendants know or believe to have been employed by or to have worked as independent contractors for Nxivm, or an affiliated entity, in the capacity of bookkeeping, accounting or video editing, or for whom a visa was sought based on an affiliation with a defendant, Nxivm, or an affiliated entity.

(Gov't Dec. 14, 2018 Letter (Dkt. 244) at 3.) Bronfman consents to being prohibited from contacting or associating with current or former DOS members. (Clare Bronfman & Kathy Russell Dec. 18, 2018 Letter ("Bronfman & Russell Letter") (Dkt. 250) at 2 n.1, 4.) Bronfman and Russell object to the Government's other two proposed categories. (Id. at 1-3.)

I. DISCUSSION

A. The Coach List

The "Coach List" identifies 309 Nxivm members who were on the "Stripe Path" and achieved the rank of "coach" or higher, as of March 2017.[2] (Gov't Dec. 14, 2018 Letter at 2; see Coach List (undocketed).) According to the Government, this list was emailed by one of Defendants' alleged co-conspirators to another on March 9, 2017. (Gov't Dec. 14, 2018 Letter at 2 n.1.) The Government argues that, because a purpose of the alleged enterprise was to recruit others into Nxivm, rank within Nxivm is a "reasonable proxy" in identifying possible co-conspirators and witnesses in this case. (Id. at 2.)

Bronfman and Russell argue that this category is overbroad because it includes people who have not participated in any Nxivm activities in years, who had no operational role in

---

[2] The Government submitted the Coach List to the court under seal and has also produced it to Defendants. (Gov't Dec. 14, 2018 Letter at 2 n.1.) Two of the 309 individuals on the Coach List are dead and one is listed twice. (Gov't Dec. 14, 2018 Letter at 2 n.2.)

2

Nxivm's business, and whom Bronfman and Russell do not know.[3] (Bronfman & Russell Letter at 2.) They propose that they instead be prohibited from contacting anyone currently or formerly on the Nxivm Executive Board, a much narrower category that (to their knowledge) includes only 13 individuals. (Id. at 2 & n.2; see List of Nxivm Executive Board Members (undocketed).) Bronfman and Russell posit that, to the extent that rank within Nxivm is relevant, the Nxivm Executive Board is a better proxy for people who were close affiliates of Defendants. (Bronfman & Russell Letter at 2.)

While it is a close call, the court finds that the "Coach List" category is sufficiently tailored to the Government's interest in assuring that Bronfman and Russell do not interfere with potential witnesses. Although Nxivm is not accused of being a criminal enterprise, a purpose of the charged enterprise was to recruit others into Nxivm. (Superseding Indictment ¶¶ 1, 4.) Individuals who were involved in Nxivm's recruiting efforts, such as coaches (see Bronfman & Russell Letter at 2 (indicating that, to become a Nxivm coach, a member must enroll two other students in Nxivm and take enough classes to serve as a facilitator and student-teacher at certain Nxivm classes)), may have information relevant to the Government's charges and thus are potential witnesses in this case. Accordingly, preventing Bronfman and Russell from contacting Nxivm coaches is necessary to reasonably assure the safety of others and the integrity of the trial process. See 18 U.S.C. § 3142 (c)(1)(B)(v) (authorizing district courts to order bail conditions that prohibit defendants from contacting potential witnesses). The court orders this restriction with the expectation that the Government will continue to allow Bronfman and Russell to contact

---

[3] Bronfman and Russell also note that of the 309 Nxivm members on the Coach List, 245 were coaches, which is the lowest rank above student. (Bronfman & Russell Letter at 1.) Coaches are individuals who have enrolled two other students and have taken a number of Nxivm classes. (Id. at 1-2.)

3

certain individuals on a case-by-case basis. (See Gov't Dec. 14, 2018 Letter at 2 (suggesting that the Government granted Bronfman and Russell many exceptions to the no-contact condition that was previously in place).)

**B.     DOS Members**

Until now, Russell has not been prevented from contacting current or former members of DOS. (See M&O at 2 n.2.) The Government has not noted any problems that have arisen from this arrangement, so the court finds it unnecessary to add a new restriction to Russell's conditions of release. Bronfman does not object to being prohibited from contacting current or former DOS members (Bronfman & Russell Letter at 2 n.1), so the court leaves that restriction in place.

**C.     The Employment Condition**

The Government proposes to forbid Bronfman and Russell from contacting individuals who worked for Nxivm or an affiliated entity in the capacity of bookkeeping, accounting, or video editing, or for whom a visa was sought based on an affiliation with a defendant, Nxivm, or an affiliated entity. (Gov't Dec. 14, 2018 Letter at 2-3.) To justify this, the Government states that the superseding indictment includes charges and racketeering acts involving financial crimes, video editing, and immigration violations, and that individuals who worked in those capacities or for whom visas were sought are potential witnesses. (Id. at 3.)

Bronfman and Russell counter that neither of them is accused of participating in wrongdoing associated with video editing, and that the only alleged financial crimes do not appear to have involved Nxivm's bookkeeping or accounting. (Bronfman & Russell Letter at 3.) Further, the alleged immigration violations occurred many years ago and involve two individuals who are included on the Government's "Jane and John Doe list" of alleged victims of the

4

charged offenses. (Id (citing Superseding Indictment ¶¶ 17-18, 24).) Therefore, Bronfman and Russell argue, the Government's concerns would be adequately addressed by a condition barring them from contacting individuals on the Jane and John Doe list. (Id.)

Because Bronfman and Russell are charged with participation in a racketeering conspiracy for which the predicate acts include illegally altering Nxivm-related video recordings (Superseding Indictment ¶¶ 14-16, 22), video-editing employees and contractors may be witnesses or co-conspirators in this case. Thus, the court finds it necessary to forbid Bronfman and Russell from contacting video-editing employees and contractors. But the court does not see how all Nxivm's bookkeeping and accounting workers and all individuals for whom Nxivm sought visas could be potential witnesses or co-conspirators. On their face, none of the offenses charged in the superseding indictment appear related to Nxivm's (or its affiliates') bookkeeping or accounting, or to Nxivm's attempts to secure visas for anyone other than two Jane Does. (See id. ¶¶ 24-25, 34, 36, 40 (alleging financial crimes); id. ¶¶ 17-18, 24-25 (alleging immigration violations involving Jane Doe 1 and Jane Doe 3).) In addition, the other individuals alleged to have been victimized by or otherwise involved in the charged financial offenses were either DOS members or appear on the Government's Jane and John Doe list. (See id. ¶¶ 24-25, 34, 36, 40 (alleging financial crimes involving Jane Doe 3, Jane Doe 7, and lower-ranking DOS members).)

Accordingly, a restriction on Bronfman and Russell's contact with individuals on the Jane and John Doe list appears sufficient to address the Government's interests with respect to the financial and immigration offenses alleged in the superseding indictment. If the Government submits the names of additional potential witnesses whom it believes Bronfman and Russell should not contact, the court will consider whether to further amend the no-contact condition. See 18 U.S.C. § 3142(c)(3) (indicating that conditions of release may be amended at any time).

## II. CONCLUSION

After considering the Government's proposal for a revised no-contact condition (Dkt. 244) and Bronfman and Russell's response (Dkt. 250), the court enters the following condition of pretrial release for Bronfman: She may not directly or indirectly associate or have contact with—except in the presence of attorneys—any of the following categories of individuals: (1) individuals listed on the Coach List, (2) individuals whom she knows or believes to be current or former DOS members; (3) individuals whom she knows or believes to have been employed by or to have worked as independent contractors for Nxivm, or an affiliated entity, in the capacity of video editing; and (4) anyone on the Jane and John Doe list of alleged victims of the offenses identified in the superseding indictment (Dkt. 50). The same condition applies to Russell, except that she is permitted to associate and have contact with individuals whom she knows or believes to be current or former DOS members. These new conditions replace the prior no-contact conditions that were the subject of the court's December 11, 2018 memorandum and order (Dkt. 240). All other conditions of Bronfman and Russell's release remain in full force and effect.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
January 14, 2019

NICHOLAS G. GARAUFIS
United States District Judge