

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AES:SCJ/PP
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 18, 2019

<u>By ECF</u>

The Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Keith Raniere, <u>et</u> <u>al.</u>
                Criminal Docket No. 18-204 (NGG) (S-1)

Dear Judge Scanlon:

      The privilege review team respectfully submits this letter as a supplementary response to the defendant Clare Bronfman's opposition to the government's motion regarding attorney-client privileges.[1]

      The privilege review team strongly disagrees with Bronfman's assertion that the ongoing meet-and-confer process between the defendants and the privilege review team is the most efficient and appropriate way to deal with all privilege disputes. For context, there are more than 40,000 documents that are currently walled off from the prosecution team based on the search terms provided by defense counsel. These documents are accessible to the privilege review team and counsel for each defendant from whom the documents were seized.[2] While the defendants have provided the government with the

---

[1] The prosecution team's motion was filed on December 28, 2018 and appears at ECF Docket Number 256. Bronfman filed a response on January 12, 2019, which appears at ECF Docket Number 282 ("Bronfman Resp.").

[2] There are approximately an additional 15,000 documents that are in the government's possession and accessible to the privilege review team, but these have not yet been sorted by search term hits, produced to the defendants or made available to the prosecution team. The privilege review team notified Bronfman about how it intended to deal with potential privilege issues with these documents on January 14, 2019. On January

names of their attorneys to capture potentially privileged documents, and while Bronfman and defendant Keith Raniere have provided the privilege review team with charts that briefly describe the alleged "scope" of each attorney's representation, none of the defendants have attempted to review or affirmatively assert privilege over any particular document or tranche of documents in the first instance. Instead, the defendants have waited for the privilege review team to flag individual documents as not privileged, and only then have defendants who believe they can assert a privilege over a particular document indicated that they agree or disagree that the document in question is not privileged. In addition, counsel for Bronfman has sought to assert privilege on behalf of Nxivm, but it has often taken days or even weeks for Nxivm's counsel to confirm such assertions.

Furthermore, while the privilege review team has endeavored to review and identify documents that are not privileged during the meet and confer process, defense counsel has not always been cooperative or forthcoming with information. For example, attorney Arlen Olsen appears to have represented Nxivm, Raniere, defendant Nancy Salzman and a variety of Bronfman-related entities on a number of different matters; Olsen is also a Trustee for certain Trusts. To date, however, despite repeated requests, defense counsel have made no effort to provide more clarity on how to deal with Olson-related documents, which number over 5,000. Counsel for Bronfman suggested that they had no obligation to do so unless and until the privilege team flags the documents as not privileged.

As another example, while Bronfman has argued to the Court that, with respect to visa and immigration issues, that "privilege is necessarily an individualized and fact-specific determination," ECF No. 282 at 6, counsel for Bronfman has not responded to requests from the privilege review team for information that would make such a "fact-specific determination" possible. On December 6, 2018, the privilege review team requested that Bronfman's counsel provide its position on eight documents, and, for on-going review, to provide the following information any time privilege might be asserted in an immigration matter: (1) the name of the individual at issue, (2) the type of visa or assistance sought and (3) the privilege holder. The privilege review team noted that such information would be particularly important if the assistance sought for a particular individual changed over time, especially if the holder of the privilege would change as a result.

On December 14, 2018, Bronfman's counsel responded regarding the specific eight documents raised and provided some limited information. Counsel stated, "we are working on putting together the list you requested of individuals involved in immigration matters, the type of visa or immigration assistance, and the privilege holder. Based on the number of emails and the number of immigration matters involved, putting this together is a time-consuming task." Later on December 14, 2018, counsel stated that, in light of the prosecution team's planned privilege motion, they did not want to have any further dialogue with the privilege review team on immigration and visa issues until the motion was resolved.

---

17, 2019, Bronfman objected and requested to an opportunity to review the documents before they are provided to the prosecution team. We are attempting to resolve this issue.

2

There are over 2,000 documents that have been set aside as potentially privileged simply based on search terms with respect to Frontier Solutions, one of the main entities that dealt with immigration and visa issues on behalf of a number of individuals that had some connection to Bronfman or Raniere.

This process is extremely slow and burdensome. The privilege review team provided defense counsel with an initial list of approximately 1,000 documents on December 21, 2018 that did not appear to be privileged, and it took over three weeks to narrow the outstanding dispute to approximately 30 documents. We provided defense counsel with a second list of another approximately 1,200 documents that do not appear to be privileged today.

Given these issues, to the extent that the prosecution team and defendants can litigate legal issues that inform the privilege review, it will greatly streamline and accelerate the review process. In addition, the privilege team also would request that the defendants prioritize responding to requests for information from the privilege team and that the defendants coordinate more closely with counsel for Nxivm where Nxivm is the ultimate privilege holder, so that the meet-and-confer process can move forward more expeditiously.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:  /s/
Shannon C. Jones
Phil Pilmar
Assistant U.S. Attorneys
(718) 254-6379 (Jones)

cc:   Clerk of Court (NGG) (by ECF)
      Counsel of Record (by ECF)