1   UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
2   ------------------------------x
                                        18-CR-204(NGG)
3   UNITED STATES OF AMERICA,
                                        United States Courthouse
4                                       Brooklyn, New York

5           -against-                   February 06, 2019
                                        11:00 a.m.
6   KEITH RANIERE, ALLISON MACK,
    CLARE BRONFMAN, KATHY
7   RUSSELL, LAUREN SALZMAN, AND
    NANCY SALZMAN,
8
            Defendants.
9
    ------------------------------x
10
        TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
11          BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
             UNITED STATES SENIOR DISTRICT JUDGE
12

13  APPEARANCES

14  For the Government:        UNITED STATES ATTORNEY'S OFFICE
                               Eastern District of New York
15                             271 Cadman Plaza East
                               Brooklyn, New York 11201
16                             BY:  MOIRA KIM PENZA, ESQ.
                                    TANYA HAJJAR, ESQ.
17                                  MARK LESKO, ESQ.
                                    KEVIN TROWEL, ESQ.
18                                  SHANNON JONES, ESQ.
                               Assistant United States Attorneys
19
    For Keith Raniere:         BRAFMAN & ASSOCIATES
20                             767 Third Avenue
                               New York, New York 10017
21                             BY:  MARC AGNIFILO, ESQ.
                                    TENY ROSE GERAGOS, ESQ.
22
                               DEROHANNESIAN & DEROHANNESIAN
23                             677 Broadway
                               Albany, New York 12207
24                             BY:  PAUL DEROHANNESIAN, II, ESQ.

25  (Continued following page.)

```
 1    (Appearances Continued.)

 2    For Allison Mack:          KOBRE & KIM LLP
                                 800 Third Avenue
 3                               New York, New York 10022
                                 BY:  SEAN STEPHEN BUCKLEY, ESQ.
 4                                    STEVEN KOBRE, ESQ.
                                      WILLIAM McGOVERN, ESQ.
 5
      For Clare Bronfman:        HAFETZ & NECHELES LLP
 6                               10 East 40th Street
                                 New York, New York 10016
 7                               BY:  SUSAN R. NECHELES, ESQ.
                                      KATHLEEN CASSIDY, ESQ.
 8
                                 SHAPIRO ARATO BACH LLP
 9                               500 Fifth Avenue
                                 New York, New York 10110
10                               BY:  ALEXANDRA SHAPIRO, ESQ.

11    For Kathy Russell:         SHER TREMONTE LLP
                                 90 Broad Street
12                               New York, New York 10004
                                 BY:  JUSTINE HARRIS, ESQ.
13                               BY:  AMANDA RAVICH, ESQ.

14    For Lauren Salzman:        QUARLES & BRADY LLP
                                 Two North Central Avenue
15                               Phoenix, Arizona 85004
                                 BY:  HECTOR DIAZ
16
      For Nancy Salzman:         ROTHMAN, SCHNEIDER, SOLOWAY,
17                               & STERN P.C.
                                 100 Lafayette Street
18                               New York, New York 10013
                                 BY:  DAVID STERN, ESQ.
19                                    ROBERT SOLOWAY, ESQ.

20

21    Court Reporter:           Rivka Teich, CSR, RPR, RMR, FCRR
                                 Phone:  718-613-2268
22                               Email:  RivkaTeich@gmail.com

23    Proceedings recorded by mechanical stenography.  Transcript
      produced by computer-aided transcription.
24

25
```

STATUS CONFERENCE

1                        (In open court.)

2              COURTROOM DEPUTY:  United States versus Raniere.

3              Counsel state your appearances.

4              MS. PENZA:  Moira Penza, Tanya Hajjar, Mark Lasko

5    and Kevin Trowel for the United States.  Good morning.  Also

6    at counsel table we have Shannon Jones who is a member of our

7    firewall team.

8              THE COURT:  She's a member of your firewall team?

9              MS. PENZA:  Yes, your Honor and she's an Assistant

10   United States Attorney.

11             THE COURT:  Thank you.

12             MR. AGNIFILO:  Mark Agnifilo, Teny Geragos, Paul

13   DerOhannesian for Keith Raniere, who is with us.

14             THE COURT:  Thank you.

15             MR. DIAZ:  Good morning.  Hector Diaz for Lauren

16   Salzman who is to my left.

17             MR. BUCKLEY:  Sean Buckley and William McGovern for

18   Ms. Allison Mack.

19             MS. HARRIS:  Justine Harris and Amanda Ravich for

20   Ms. Russell.

21             MS. NECHELES:  Susan Necheles, Alexandra Shapiro,

22   Kathleen Cassidy, and Fabien Thayamballi for Ms. Bronfman, who

23   is with us.

24             THE COURT:  Please be seated.

25             MS. PENZA:  Your Honor --

STATUS CONFERENCE

1        THE COURT:  Go ahead.

2        MS. PENZA:  -- I do note that Ms. Salzman and her

3 attorneys are not present.

4        THE COURT:  I guess I can count the five but not

5 six.

6        (Counsel arrived.)

7        THE COURT:  Appearance.

8        MR. STERN:  David Stern and Robert Soloway for

9 Ms. Salzman.

10       THE COURT:  The Court has reviewed the submissions

11 of the defense with regard to the Trust Indenture and

12 Mr. Walker's sworn declaration being provided to the

13 Government, and the Court believes that it is helpful and

14 appropriate for the Government to receive a redacted version

15 of both documents.  And therefore, I'm directing, since

16 Mr. Agnifilo is seems to be the providing liaison, I'll do two

17 things.

18       One, I'm going to ask Mr. Agnifilo to advise

19 Mr. Walker that the Court is going to direct Mr. Agnifilo to

20 provide these documents to the Government, but I'll give

21 Mr. Walker until Friday to advise the Court if the Trustee has

22 any objection to what the Court is planning to do.  I think

23 it's only fair.  Mr. Walker has been cooperative, but I don't

24 see there is any harm done by having the Government receive

25 these documents ahead of a Curcio discussion for the five

STATUS CONFERENCE

1   defendants who will be having Curcio hearing.

2           What I'm directing Mr. Agnifilo to do by next Monday

3   is, as long as there hasn't been an objection that I haven't

4   ruled on -- if I rule on the objection you'll know about it by

5   the end of the day Friday -- with regard to the Trust

6   Indenture I'm directing that Schedules B and C be redacted

7   before the Indenture is provided to the Government.

8           And with regard to Mr. Walker's January 14, 2019,

9   sworn declaration, I direct that that be provided to the

10  Government with the redaction of paragraphs three and six.  I

11  think that will do it.

12          Do you want to check three and six?

13          MR. AGNIFILO:  We're checking it.  So Schedules B

14  and C are redacted in total.

15          THE COURT:  Yes.

16          MR. AGNIFILO:  And then paragraphs three and six are

17  redacted in total.

18          THE COURT:  That's right.

19          MR. AGNIFILO:  Okay, Judge.

20          THE COURT:  That should pretty much do it.  That

21  will deal with some of the specific objections that counsel

22  for the defendants have had about the release of these

23  documents.

24          With regard to Mr. Raniere's and Clare Bronfman's

25  motions to suppress, I'm referring those motions to Judge

STATUS CONFERENCE

1   Scanlon for report and recommendation pursuant to 28 U.S.C.

2   636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b)(1)

3   because the motions appear to be intertwined with the

4   privilege and discovery issues that Judge Scanlon has been

5   working on and reviewing with the parties.

6           The Court is also reviewing Kathy Russell's motion

7   to dismiss; and the two motions to sever, one by Lauren

8   Salzman the other by Clare Bronfman, Kathy Russell and Nancy

9   Salzman.  These motions appear to be fully briefed, the Court

10  will decide them without oral argument.

11          With regard to Curcio counsel for Mr. Raniere,

12  Allison Mack, Clare Bronfman, Nancy Salzman and Lauren

13  Salzman, the Court directs that each, if and when I appoint

14  Curcio counsel, I direct each defendant's retained counsel to

15  provide their client's Curcio counsel with copies of the Trust

16  Indenture, Mr. Walker's January 14 sworn declaration, retain

17  counsel's exparte letter to the Court file on February 1st,

18  that contains information about their arrangements with the

19  Trust, and any other materials needed by Curcio counsel before

20  we have a Curcio hearing.

21          So that's my agenda.  Unless anyone has anything to

22  raise, I'm done, but I'm sure you might have something.

23          MR. AGNIFILO:  May I ask one clarifying question?

24          THE COURT:  I'm so glad you said you had something

25  to say.  Go ahead.

STATUS CONFERENCE

1          MR. AGNIFILO:  So the materials to the Curcio

2    counsel are not with redactions, that's in total.

3          THE COURT:  Not with redactions because in effect

4    they represent your client.

5          MR. AGNIFILO:  I want to make sure.

6          THE COURT:  I just wanted to make sure, although I

7    expected that you would do this any way, that Curcio counsel

8    would receive these materials in order to have a fulsome

9    discussion with his or her client before we have a hearing.

10         MR. AGNIFILO:  Understood, Judge.  Thank you.

11         THE COURT:  Is there something else from you at the

12   moment?  You can you can wait while I hear from the

13   Government, you're patient.

14         MR. AGNIFILO:  I'm very patient.  I'm fine.

15         THE COURT:  Yes.

16         MS. PENZA:  The Government would like to raise one

17   issue regarding the privilege review process that is going on

18   before Judge Scanlon.  We have, the prosecution team -- the

19   full prosecution team does have a scheduled conference before

20   Judge Scanlon next Monday at 12:30.  But we have been

21   concerned about certain issues being brought before Judge

22   Scanlon in the absence of, to the exclusion of the trial team.

23         So for example, last week without copying the trial

24   team on the e-mail, the Mr. Raniere's counsel sought to have

25   the bail issues regarding MDC heard before Judge Scanlon at an

STATUS CONFERENCE

1    appearance where only our firewall team would be present.

2    Yesterday at a conference where the trial team understood that

3    it was just our firewall team that was supposed to appear

4    before Judge Scanlon, we understand that a number of issues

5    were raised regarding privilege issues but that did not touch

6    upon privileged documents, and we had already understood that

7    the trial team would be arguing those issues.

8           And so in light of that, we wanted to raise that

9    concern with the Court.  We obviously are before Judge Scanlon

10   again on Monday.  The issue that is particularly ripe that we

11   wanted to discuss with you is that the trial team would like

12   to review the transcript from yesterday's appearance before

13   Judge Scanlon.  We understand that it was not a closed

14   courtroom, our understanding is there were no privileged

15   materials discussed.  But we believe it would be useful for us

16   to review that transcript prior to our appearance before Judge

17   Scanlon.

18          But just because of the way things have been

19   operating and the fact that it seemed that Judge Scanlon

20   wanted to meet with the firewall team without us yesterday, we

21   wanted to raise that with the Court before we just reviewed

22   the transcript.

23          MS. CASSIDY:  I have no objection to the Government

24   prosecution team reviewing the transcript from yesterday's

25   conference.  It was an open hearing, nothing privileged was

STATUS CONFERENCE

1    discussed.

2             MS. PENZA:  Thank you, your Honor, so we would --

3             MR. AGNIFILO:  I think my colleague is under the

4    misapprehension of what we were trying to do, which was this,

5    we wanted to be able to see Mr. Raniere before today's court

6    appearance.  We asked Judge Scanlon, because she had a court

7    appearance yesterday, to produce Mr. Raniere so we could see

8    him yesterday since we haven't been able to see him for eight

9    days so we could discuss things that would be relevant at this

10   court appearance.  We weren't trying to bring an issue of bail

11   to Judge Scanlon.  I didn't.

12            THE COURT:  I didn't say you did.

13            MR. AGNIFILO:  You gave me a look that you thought I

14   might have, that's not what I was doing at all.

15            THE COURT:  I don't know, I'm trying to avoid doing

16   something like that.  I'm not Nancy Pelosi at the State of the

17   Union.  I'm not applauding; I'm just looking.  Go ahead.

18            MR. AGNIFILO:  Your Honor's looks speak so loudly

19   and clearly.

20            THE COURT:  That's why I can't play poker.  Go

21   ahead.

22            MR. AGNIFILO:  What we were trying to do, all we

23   were trying to do, is have access to Mr. Raniere before today.

24            THE COURT:  But he was here yesterday.

25            MR. AGNIFILO:  But we didn't know that at the time.

STATUS CONFERENCE

1          THE COURT:  Wasn't I here with you and him?

2          MR. AGNIFILO:  This was before your Honor's

3    scheduling.  I thanked your Honor for scheduling that on short

4    notice.  We didn't know we were going to have a proceeding

5    with your Honor on Tuesday, that's what we were trying to do.

6    Not to try to take the issue of bail away from your Honor.

7    And your Honor ruled, and that's where we are.  Thank you.

8          THE COURT:  All right.  You got your answer?

9          MS. PENZA:  I believe so.

10          THE COURT:  Is there any objection from anybody on

11    the defense side?  Hearing none.

12          MS. PENZA:  And the only further thing, your Honor.

13    We expect we may seek a status conference following that

14    conversation on Monday with Judge Scanlon.

15          THE COURT:  I believe I'll be here.

16          MS. PENZA:  Thank you, your Honor.

17          THE COURT:  Please give us give some notice so that

18    everyone can be, everyone needs who needs to be here can be

19    here.  If we don't need certain defendants and their counsel

20    to be here, they will let us know.  But everyone should be

21    given notice so they can make their own decisions as to

22    whether to be here for whatever it is that you want to

23    discuss.

24          MS. PENZA:  Understood, thank you.

25          THE COURT:  Other issues?

STATUS CONFERENCE

1      MS. SHAPIRO:  We put in a request, which I believe

2  Government extended our time, to respond to their enterprise

3  evidence motion to February 18.  I may have missed it but I

4  don't believe the Court ruled on that.

5      THE COURT:  Is there an objection?

6      MS. PENZA:  There wasn't an objection, your Honor.

7  We had a reply date in there as well, I understand it was

8  going to be ruled on.

9      THE COURT:  That's fine.  So ordered.

10     MS. SHAPIRO:  Thank you.

11     MR. AGNIFILO:  Yes, thank you, Judge.  The

12  Government has offered certain dates, dates for 3500, witness

13  lists, exhibit lists, I don't now how your Honor wants to

14  handle it.  If you want us to go back to the Government and

15  convince them to do this a little earlier than they proposed,

16  it's not something that we need to necessarily argue about,

17  unless we really end up finding that we have disagreement and

18  unwilling to move the date.  So I don't know that I want to

19  take up the Court's time now over a discussion over dates.  It

20  might be the most productive thing to go back to the

21  Government, arrive at a set of dates, then present that to

22  your Honor.

23     THE COURT:  I would like you to do that.  To the

24  extent that you can't agree on mutually on acceptable set of

25  dates, I would ask the defense to provide me with a proposal.

STATUS CONFERENCE

1          MR. AGNIFILO:  Thank you, Judge.

2          THE COURT:  Then I'll look at both the Government's

3    dates and your dates and I'll work something out.

4          MR. AGNIFILO:  Very good.

5          THE COURT:  Is that all right?

6          MS. PENZA:  Of course, your Honor.

7          MR. DIAZ:  We filed a motion extending, requesting

8    the extension of Ms. Salzman's contact with her mother at the

9    table.

10          THE COURT:  I think there was no objection to that

11    by the Government.

12          MS. PENZA:  That's correct.

13          THE COURT:  My only problem with your request was

14    you indicated there were two requests basically.  After the

15    second request you said the Government didn't object.  And I

16    didn't know whether that was for request one, request two, or

17    both requests?  And I was going to raise that before we finish

18    today.

19          You have no objection to either of the requests?

20          MS. PENZA:  That's correct.

21          THE COURT:  That's so ordered, your application is

22    so ordered.

23          I wasn't sure but I knew you'd be here today so I

24    thought we would resolve that uncertainty in my mind today.

25          MR. DIAZ:  Thank you, Judge.

STATUS CONFERENCE

1        THE COURT:  Other issues from the defense?  From the

2   Government?

3        MS. PENZA:  Your Honor, could I just have one moment

4   to confer with counsel for Ms. Bronfman on an issue that we

5   were discussing?

6        THE COURT:  Yes, of course.

7        (Brief pause.)

8        MS. PENZA:  Thank you, your Honor.  I believe we ARE

9   going to be able to agree on that issue; it's not something we

10  need to raise before, your Honor.

11       THE COURT:  The issue you were just discussing.

12       MS. PENZA:  Yes.

13       THE COURT:  Fine.  I'm going to schedule Curcio

14  hearings in the next few weeks.  Ms. Bronfman won't need a

15  Curcio conference.

16       MS. NECHELES:  That's my understanding.

17       THE COURT:  I mentioned her on the list, but she's

18  not going to have a Curcio.

19       MS. NECHELES:  I understood that, your Honor.

20       THE COURT:  I wanted to clarify that.

21       We need to set a date for another status conference.

22  And is there a suggestion from the Government as to when we

23  should hold that status conference or from the defense?

24       MS. PENZA:  I think right now, your Honor, 30 days

25  is appropriate.

STATUS CONFERENCE

1        THE COURT:  Any objection to 30 days?

2        MR. AGNIFILO:  We would like three weeks from today.

3        THE COURT:  Let's see what we have.  The 27th of

4   February.

5        MR. AGNIFILO:  That's our preference -- one second,

6   I'm sorry.  Your Honor, could we do the 28th?

7        MS. PENZA:  That's fine, your Honor.  We're before

8   you at noon, but other than that we're fine.

9        THE COURT:  Let's do 11:00 a.m., 28th of February

10  for status conference and hopefully all Curcio hearings will

11  be done by that time.

12        Is there anything further before I exclude time?

13        MS. PENZA:  Not from the Government.

14        THE COURT:  From any defendant?

15        MR. AGNIFILO:  Nothing from us.

16        THE COURT:  I'm excluding time until February 28,

17  2019, as this case has been designated a complex case, the

18  Speedy Trial Act purposes.  We'll see you on the 28th of

19  February, have a nice day.

20        (Whereupon, the matter was concluded.)

21                *    *    *    *    *

22  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.

23

24  Rivka Teich, CSR RPR RMR FCRR
    Official Court Reporter
25  Eastern District of New York

*Rivka Teich CSR, RPR, RMR FCRR*
*Official Court Reporter*