UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- v. -<br><br>KEITH RANIERE, CLARE BRONFMAN, ALLISON MACK, KATHY RUSSELL, LAUREN SALZMAN, and NANCY SALZMAN,<br><br>Defendants. | No. 18-cr-204 (NGG)<br><br>**DECLARATION OF DENNIS K. BURKE** |

DENNIS K. BURKE, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am Of Counsel at Ballard Spahr LLP. I am submitting this declaration in support of Defendant Clare Bronfman's Second Motion to Suppress, dated February 18, 2019.

2. In early 2018, Ms. Bronfman's non-profit foundation, the Ethical Science Foundation ("ESF"), received a subpoena from the New York Department of Health. I represented ESF in connection with the subpoena.

3. To respond to the subpoena, I sought to locate the business records held by Wisdom Systems, LLC (another entity owned by Ms. Bronfman) on ESF's behalf.

4. In early April 2018, I attempted to gain access to the storage unit where the records were located, but the facility did not grant me access, as the unit was rented under the name of an Adrienne Stiles.

5. I attempted to contact Ms. Stiles and learned that she was represented by an attorney, Neil Glazer. Attached hereto as Exhibits A through G are true and accurate copies of certain of my email exchanges with Mr. Glazer.

6. Mr. Glazer claimed that Ms. Stiles had rented the unit in her own name because the storage facility required her to list the name of a person rather than a business. *See* Ex. B.

7. Mr. Glazer informed me that Ms. Stiles would not return the documents from the storage unit to Ms. Bronfman because the government had subpoenaed them. He insisted that he needed to enter the unit, take custody of the documents, index all containers, and review the documents before producing them to the government. *See* Exs. A-C, E. A true and accurate copy of the April 11, 2018 grand jury subpoena directed to Ms. Stiles, which Mr. Glazer provided to me, is attached hereto as Exhibit H.

8. I repeatedly objected to Mr. Glazer and Ms. Stiles's anticipated compliance with the subpoena and involvement with the storage unit and instructed Mr. Glazer to communicate my objections to the government.

9. During my initial conversations with Mr. Glazer, he claimed that the storage facility was not allowing him to enter the storage unit. *See* Exs. A-B. However, on April 23, 2018, Mr. Glazer informed me that he had gained access to the unit. *See* Ex. D.

10. I immediately objected, insisting that Mr. Glazer and Ms. Stiles had no authority to access or review the documents and could not lawfully comply with the subpoena. *See* Exs. F-G. The next day, I emailed a letter to the government objecting to the subpoena on behalf of ESF and Ms. Bronfman. A true and accurate copy of this letter is attached hereto as Exhibit I.

11. Several months later, on September 13, 2018, Mr. Glazer emailed me a letter stating that he had some of the contents of the storage unit in his custody. A true and accurate copy of this letter is attached hereto as Exhibit J.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 18, 2019
Phoenix, Arizona

_____
DENNIS K. BURKE

3