**Fabien Thayamballi**

---

| | |
|---|---|
| **From:** | Neil L.Glazer <nglazer@kohnswift.com> |
| **Sent:** | Wednesday, April 18, 2018 11:37 AM |
| **To:** | Burke, Dennis K. |
| **Subject:** | Re: Clifton Park Storage Unit |

She didn't surreptitiously put her name on the agreement. They insisted it be in the name on her photo ID. She made it known at the time. Your clients could have called her at any time to change that and even when they called to ask what the bill was for, they didn't. She hid nothing, it did not even occur to her that possession was an issue. My client does not want the contents. But she is subject to a subpoena, and cannot sign possession over to anyone without me first discussing this with the EDNY. If they are ok with that, and they withdraw the subpoena, then you can have this headache.

If you do not want me to pose that question to them, let me know. If you have thoughts on another solution, let me know. I do not have any interest in this becoming adversarial.

Neil L.Glazer
Attorney
T: 215.238.1700
F: 215.238.1968
nglazer@kohnswift.com
www.kohnswift.com
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107

_____
From: Burke, Dennis K.
Sent: Wednesday, April 18, 2018 10:14 AM
Subject: Re: Clifton Park Storage Unit
To: Neil L.Glazer


No worries, Neil. Thanks for the information.

Your client illegally possesses our corporate documents. She's not supposed to be in control of them. She was not supposed to have control of a storage facility by surreptitiously putting the rental agreement in her name and that we've been paying rent on for years. Baffling.

I don't know why the FBI would want to seek a search warrant when they know that the documents you're providing to them are ours and should not be in your possession. Their affidavit will be misleading to the Magistrate.

I have to fly to Philadelphia this afternoon and I'm there all day tomorrow. Maybe we can meet if it fits your schedule. Thanks for all the information you have provided to date.

Sent from my iPhone

> On Apr 17, 2018, at 10:42 PM, Neil L.Glazer wrote:
>
> Apologies for the delayed response, I've been jammed up all day.

1

>
> I don't believe anyone ever asked my client to "return" the contents of the storage unit. Someone called her in October 2016 to ask what the Prime Group bill was for, and my client told that person it was for the unit in question. Neither at that time nor at any time since has anyone asked her to "return" the contents of the unit. She rented the unit, she deposited in the unit materials removed from Ms. Bronfman's basement at Ms. Bronfman's request, and the unit is in her name. Recently, the EDNY inquired as to what my client might have in her possession, custody or control that is related to NXIVM or NXIVM-related entities or persons. We identified the storage unit, and they asked that we not disturb it. More recently, the storage company informed her that someone working for a NXIVM-related entity had asked about the unit, but he presented it as a question of who should be paying the bill, not who possesses the unit. Now, as you can see from the attached, she has no ability to transfer those contents to anyone other than the EDNY or FBI. (At least that part of the contents responsive to the subpoena; I will represent to you that to the best of my client's recollection, that would very likely include most, if not everything, in the unit.)
>
> For whatever mysterious reason, the storage company believes that giving us access to that unit will cause it problems greater than those it is about to incur for refusing to grant us access. Please let me know if you are aware of any reason that might be the case. If you object to my client complying with the subpoena, I can stand aside and convey that to the EDNY.
>
> Thanks.
>
> Neil L.Glazer
> Attorney
> T: 215.238.1700
> F: 215.238.1968
> nglazer@kohnswift.com
> www.kohnswift.com
>
>
> One South Broad Street, Suite 2100
> Philadelphia, PA 19107
>
> On 4/17/18, 2:17 AM, "Burke, Dennis K." wrote:
>
> Hi Neil.
>
> Thanks for the note.
>
> I am three hours behind you but please ping me in the morning and I will get back to you so we can discuss this by phone. 602-697-7208.
>
> I have no idea why you're receiving silence. I have had no contact with the storage facility personnel other than to leave a voicemail before you and I ever spoke. I also have no idea what's in that storage unit or if it's even empty. Your client was an employee of the company I represent. She took possession of documents that she should not have and refused to return them when I requested them. Now you're asking me to help get access potentially to our documents so I can give them back to her. Quite the irony, eh.
>
> There doesn't seem to me to be any basis for a search warrant when no one can specifically attest to what is even in this storage unit or what these documents are, if any are in there.
>
> Happy to discuss at your convenience.
>
>
>

2

>
>
>
> Sent from my iPhone
>
> On Apr 16, 2018, at 6:42 PM, Neil L.Glazer <nglazer@kohnswift.com > wrote:
>
> Dennis, I am still encountering frustrations gaining access to the unit we discussed. Indeed, I'm being met with silence after the issue was allegedly kicked up a couple of levels. Couple of questions. First, is there something I'm not aware of from your end that may be slowing things down? If so, let's please work out out. Second, if there is no issue on your end, will you work with me to clear this up? For instance, if there is a concern that we are taking custody and will be making copies in our offices (all of which, for your reference, will be done in light of the necessity that I execute a chain-of-custody affidavit and/or testify should the time come), we can process things and provide courtesy copies upstate if that gives comfort. Our plan was to photograph the entire unit from every angle, index all containers, and then review the documents, etc. We are ok having an observer, and we are ok using an Albany area copying service, provided someone on my team can observe, again for chain of custody.
>
> I am meeting all day at the EDNY with the AUSAs and lead FBI case agents. They are going to ask. Neither your clients nor mine benefit if FBI takes everything. They trust me enough to handle this, but if I cannot get it done they will obtain a warrant and neither of us will obtain courtesy copies for a long time.
>
> Please let me know at your earliest convenience what you think. More than happy to entertain any reasonable idea.
>
> Neil L.Glazer
> Attorney
> T: 215.238.1700
> F: 215.238.1968
> nglazer@kohnswift.com
> www.kohnswift.com
>
> [cid:image001.png@01D28C38.CE9DF000]
> One South Broad Street, Suite 2100
> Philadelphia, PA 19107
> _____
> ***Privilege and Confidentiality Notice***
>
> The information contained in this e-mail message is attorney-client privileged and/or confidential information intended for the use of the named recipient only. You are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. If you have received this communication in error, please immediately notify the sender by replying to this electronic e-mail or call us at 215-238-1700.
> Thank you.
>
>
> _____
> ***Privilege and Confidentiality Notice***
>
> The information contained in this e-mail message is attorney-client privileged and/or confidential information intended for the use of the named recipient only. You are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. If you have received this communication in error, please immediately notify the sender by replying to this electronic e-mail or call us at 215-238-1700.
> Thank you.

>

---

***Privilege and Confidentiality Notice***

The information contained in this e-mail message is attorney-client privileged and/or confidential information intended for the use of the named recipient only. You are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. If you have received this communication in error, please immediately notify the sender by replying to this electronic e-mail or call us at 215-238-1700.
Thank you.