**Fabien Thayamballi**
___

| | |
|---|---|
| **From:** | Neil L.Glazer <nglazer@kohnswift.com> |
| **Sent:** | Wednesday, April 18, 2018 7:25 PM |
| **To:** | Burke, Dennis K. |
| **Subject:** | Re: Adrienne Stiles |

Our dilemma is that your client reasonably wants a set of its documents, but they are in my client's possession, custody or control, and subject to a fairly specific grand jury subpoena from the EDNY. She can't just hand or sign everything over to your client, but as I suggested the first time we spoke, before we produce the originals to the FBI, we can photograph and photocopy everything and make a set available to you if you wish. It's irrelevant to me what your purpose is, and EDNY/FBI has no objection to this process. They only want assurance that my firm will maintain control of the documents at all times, for chain of custody purposes. I assume you appreciate their reasoning.

Until the discussion turned sideways, I thought you were amenable to this proposal. If there are competing investigative demands out there, this seems to me to be an eminently reasonable solution. If there aren't, again this seems win-win for your client. So long as my client has no reason to fear any repercussions for complying with the subpoena, we have no reason to invite the FBI to directly take custody at the unit, warrant or no warrant.

Let me know if we are back on track.

Neil L.Glazer
Attorney
T: 215.238.1700
F: 215.238.1968
nglazer@kohnswift.com
www.kohnswift.com
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107

_____
From: Burke, Dennis K.
Sent: Wednesday, April 18, 2018 5:44 PM
Subject: Re: Adrienne Stiles
To: Neil L.Glazer


It wasn't from Clare. It was from me. We have no interest in your client. We just want our corporate documents. I don't know why I have to get them from the FBI after a search warrant.

We have a court order and a subpoena that we have to respond to. I have an obligation to seek to have these corporate documents returned to us.



Sent from my iPhone

On Apr 18, 2018, at 12:33 PM, Neil L.Glazer <nglazer@kohnswift.com > wrote:

Believe it or not, I'm no longer baffled. Happy to shed light on some things for you. Tomorrow is my first day in our new

1

offices at 1600 Market, so I'll likely be unpacking and organizing. Light duty, so I should be able to find a little time. Since I have no idea what things are like there, it might be better for me to go to you.

Please consider giving me something to give to Adrienne tonight. She truly does not deserve to be accused of something like this, and no matter what I say she is going to continue taking it very personally and very hard.


Neil L.Glazer
Attorney
T: 215.238.1700
F: 215.238.1968
nglazer@kohnswift.com
www.kohnswift.com
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
_____
From: Burke, Dennis K. <BurkeD@ballardspahr.com>
Sent: Wednesday, April 18, 2018 2:56:41 PM
To: Neil L.Glazer
Subject: Re: Adrienne Stiles

Gotcha. I'm in a meeting so digesting. Happy to meet in person on Thursday in Philly. Email is an awful way to communicate. Best to resolve this amicably. This is a baffling set of circumstances for all of us. Thanks, Neil.

Sent from my iPhone

On Apr 18, 2018, at 11:48 AM, Neil L.Glazer <nglazer@kohnswift.com > wrote:

While I apologize if you feel a bit whipsawed, I've opted not to raise this with the EDNY just yet. I spoke to my client again, I feel this is heading in a potentially dangerous direction, and I'd like you to clear the record. Clare has a well-deserved reputation as destructively litigious. On her behalf, you've effectively accused my client of theft — of somehow surreptitiously placing the unit in her name, thereby and thereafter possessing the contents illegally. The accusation is completely untethered to any facts whatsoever. For instance, how did someone working for Clare know to call my client in 2016 to ask about the bill? Obviously because her name was on it. As it always had been and still is to this day. Which, if we want to get technical, strikes me as clear consent.

Nevertheless, having been accused of something this serious, my client is fearful of becoming the next target of Clare's ruinous litigation. All the more so because the accusation comes from a prominent attorney. In sum, my client is a witness in an increasingly sprawling federal criminal investigation, she feels extremely intimidated, and I don't want it left this way because stress is bad for her health. I don't know why you have adopted such an increasingly belligerent posture, but when such an accusation is conveyed by an attorney working for Clare Bronfman, it has an in terrorem force that anyone who was in NXIVM would immediately appreciate.

Adrienne did not move an entire storage unit of materials by herself. She's not the only one who knows what's in there, how it got there, who said what to whom. And very likely, others saw the collection in Clare's basement, and it's even possible she described or even characterized the collection to people. You may be right about probable cause, or you may not be. You admittedly don't know what's in there, and you surely don't know what the EDNY knows about any of this. Likely, nor do I.

When it comes to certain clients, there are lawyers who in retrospect would have more thoroughly investigated the facts before relying on their representations. If you have actual, concrete facts, please share so I can better explain to my

2

client why a powerful lawyer who represents a highly litigious client is accusing her of theft. I don't use the word intimidation lightly, but you have struck fear in her heart, and that is precisely the word to describe why she may stop cooperating in the investigation. My client is scrupulously honest, and this has completely derailed her. If she did something wrong — broke the law or intentionally violated someone's rights — please give me concrete facts so I can discuss with her.

If you don't have such facts, please give me something to convey to her so she can stop stressing out about becoming the next victim of Clare's wrath. Because that prospect truly is intimidating. That is why I opted not to raise the storage unit issue here today. That is why I thought an email to you might be best. I don't want to discuss this on the phone or in person, at least not before you have clarified a grave accusation that you saw fit to put in writing.

In our first conversation, I offered the courtesy of providing copies of everything. I didn't have to do that, and I'm currently disinclined to approach this with the same cooperative spirit. I have met dozens of people who spent time in NXIVM in the Albany area, and I've been pretty shocked at how many were traumatized. The prospect of this kind of thing is a very common PTSD trigger in that community, and I really am not exaggerating when I say that my client is currently feeling terrorized.

When Adrienne no longer feels intimidated, perhaps you and I can put our heads together to come up with a workable solution. Posturing of this sort is not that, and I will do everything possible to protect my client if that really is the direction this is going.

Thanks.

Neil L. Glazer
Attorney
T: 215.238.1700
F: 215.238.1968
nglazer@kohnswift.com
www.kohnswift.com
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107

_____
***Privilege and Confidentiality Notice***

The information contained in this e-mail message is attorney-client privileged and/or confidential information intended for the use of the named recipient only. You are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. If you have received this communication in error, please immediately notify the sender by replying to this electronic e-mail or call us at 215-238-1700.
Thank you.

_____
***Privilege and Confidentiality Notice***

The information contained in this e-mail message is attorney-client privileged and/or confidential information intended for the use of the named recipient only. You are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. If you have received this communication in error, please immediately notify the sender by replying to this electronic e-mail or call us at 215-238-1700.
Thank you.

**\*\*\*Privilege and Confidentiality Notice\*\*\***

**The information contained in this e-mail message is attorney-client privileged and/or confidential information intended for the use of the named recipient only. You are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. If you have received this communication in error, please immediately notify the sender by replying to this electronic e-mail or call us at 215-238-1700.**
**Thank you.**