# Hafetz & Necheles LLP
ATTORNEYS AT LAW

10 East 40th Street, 48th Floor
NEW YORK, N.Y. 10016
TELEPHONE: (212) 997-7400
TELECOPIER. (212) 997-7646

February 26, 2019

**VIA ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Raniere, et al.*, 18-cr-204 (NGG)(VMS)

Dear Judge Scanlon:

      We write on behalf of defendants Clare Bronfman and Keith Raniere pursuant to this Court's February 22, 2019 Order for NXIVM, Bronfman, and Raniere to submit responses to the Government's Letter Supplementing their argument in furtherance of the crime-fraud exception (Dkt. 361). The Government argues that (i) NXIVM has not established the existence of an attorney-client relationship between NXIVM and Mr. Olmedo Gaxiola or Mr. Durán and (ii) even if NXIVM met its burden, the crime-fraud exception would apply to the communications at issue. These arguments fail.

      **1. An Attorney-Client Relationship Between NXIVM and Gaxiola and Durán Exists**

      Attorneys for non-party NXIVM have filed a letter today with additional information regarding the attorney-client relationships that existed between NXIVM US and Mr. Olmedo Gaxiola, and between NXIVM Mexico and Mr. Durán.[1] We also add that with respect to the relationship between NXIVM US and NXIVM Mexico, they are indistinguishable for purposes of determining who falls within the privilege because NXIVM US owned 99% of NXIVM Mexico and they shared an Executive Board of which Ms. Bronfman was a member. The Executive Board was comprised of NXIVM-affiliated individuals from the NXIVM Mexico community and from the NXIVM US community. We submit that NXIVM has met its burden to establish that the communications were privileged.

---

[1] Notably, the taint team, which has seen the documents related to these attorneys, has not challenged the existence of these attorney-client relationships, which supports NXIVM's argument that the existence of the attorney-client relationship can be inferred from the parties' conduct.

HAFETZ & NECHELES LLP

### 2. The Government Has Not Met Its Burden to Establish the Crime-Fraud Exception

Next, we assert that the Government has not established probable cause to show that "Raniere and Bronfman used Mr. Olmedo Gaxiola and Mr. Durán to make false, fraudulent, and threatening statements to DOS victims." (Dkt. 361 at 2.) The government asserts that three statements in letters from Olmedo Gaxiola and Durán were false and misleading. (Id. at 2-3.) To the contrary, the statements in the letters were both true and legitimate.

First, as NXIVM's counsel sets forth, criminal procedure in Mexico is not the same as in the United States. While perhaps clumsily phrased, Mr. Olmedo Gaxiola's letter stating that "I am the chief attorney of a criminal investigation in Mexico" is consistent with what NXIVM's counsel reported: that Mexican authorities had opened an investigation and that it was accurate to state that Mexican prosecutors were investigating potential crimes in Mexico. To the extent that the Government wants to show that the letter from Olmedo Gaxiola was drafted by Mr. Raniere and forwarded by Ms. Bronfman, and that the final letter was identical to those drafts written by non-lawyers, they already have the documents sufficient to show that and have no need or legitimate claim to obtain any privileged documents as a result of this fact.

Second, Mr. Durán's statement that the group with which the Jane Does are involved "contains individuals who have already served prison time, others who are currently indicted, and some that face extradition proceedings" is true. (Dkt. 361 at 2-3.) Because of the unusual nature of this case, where potential Government witnesses have already published books, have spoken to television and podcast reporters, have provided information to bloggers, or have documentary crews following them around the country, counsel can point to published information establishing that Jane Doe 9 was indeed involved with a cast of characters – some of whom were long-time enemies of NXIVM whose stated mission was to destroy NXIVM (long before DOS came to light). Specifically, in her published book Captive, Catherine Oxenberg, former Dynasty star and mother of an alleged DOS member, writes about the facts that: (1) she was involved with Jane Doe 9[2] during the time that the letters were sent from the attorneys; and (2) both Oxenberg and Jane Doe 9 were speaking with blogger Frank Parlato, Jr. at the time.

Parlato is a former NXIVM publicist who was originally indicted in the Western District of New York for, among other alleged crimes, stealing $1 million from defendant Clare Bronfman.[3] Raniere alerted Judge Garaufis to the fact that "anti-NXIVM press is associated with a prolific blogger…who is currently under indictment…in an 18-count fraud case that spans over ten years—from mid-2006 to 2017" in August of 2018. (See Dkt. 116, Motion to Seal Name of Potential Co-signers at 6.) Parlato's blog prominently features someone named Joe O'Hara,[4] a former NXIVM consultant, and currently a disbarred attorney and convicted felon, who was

---

[2] Oxenberg uses a pseudonym for her that we can provide the court in a non-public filing if the Court wishes to know.

[3] That charge was dismissed as part of a Superseding Indictment after Bronfman was indicted in this case, but Parlato remains under indictment pending trial.

[4] https://frankreport.com/2018/08/24/joe-ohara-lists-some-of-the-tax-evasion-schemes-of-nxivm-members/; https://frankreport.com/2018/08/17/joe-ohara-ex-nxians-admit-apologize-act/

**HAFETZ & NECHELES LLP**

sentenced to three years in federal prison for his role in a federal corruption case.[5] Parlato's blog also features someone named John Tighe.[6] Raniere has also alerted the Court to Tighe's well-documented crimes:

> On November 5, 2014, John Tighe, a freelance journalist with a blog, pleaded guilty to the felony of Computer Trespass, in violation of New York Penal Law Section 156.10(2) in the Albany County Court. He admitted to one particular computer trespass on November 4, 2010 at 9:35 p.m., and admitted to accessing the server a total of 50 or 60 occasions over several years. He intentionally accessed the NXIVM computer network using the identity information of a former NXIVM student without the permission and authority of either the student or of NXIVM.[7] He further admitted during the public plea proceeding that he knew that Joe O'Hara (NXIVM's former consultant, a now disbarred attorney who later served time in prison in Texas for an unrelated conviction) had also accessed the NXIVM server by utilizing the student's identity information.

(See Dkt. 116 at 7; Dkt. 116 at Exhibit 1: 11/5/14 Transcript of Plea and Allocution at 14.) In June 2015, Tighe was later sentenced in a separate proceeding in federal court to 70 months in federal prison and 15 years of supervised release in federal prison for possessing 400 videos and 40,000 images of child pornography.[7] It was true that Jane Doe 9 was associating with individuals under indictment or who had served prison time. Moreover, Mexican authorities were in fact investigating potential crimes against NXIVM Mexico, some of which may have been extraditable offenses. (See Ex. B. to NXIVM's letter dated 2/26/19.)

Thus, there was a factual basis for the statements made by Olmedo Gaxiola and Durán in their letters. The fact that recipients of aggressive cease-and-desist letters from NXIVM's attorneys may have felt intimidated by those letters does not transform those letters into "probable cause to believe that Mr. Raniere and Ms. Bronfman used" the attorneys for "the fraudulent objective to intimidate and harass witnesses and to conceal criminal activity," as the Government has repeatedly claimed without offering any support other than the language of the letters themselves. Further, the government has offered no evidence that Raniere and Bronfman did not believe the statements made by the attorneys to be true.

---

[5] https://www.justice.gov/usao-wdtx/pr/federal-judge-el-paso-sentences-michigan-businessman-role-scheme-defraud-el-paso.

[6] https://frankreport.com/2017/11/02/rethinking-john-tighe-ailing-blogger-a-fierce-critic-of-raniere-imprisoned-after-child-porn-found-on-seized-computer/.

[7] https://www.justice.gov/usao-ndny/pr/man-sentenced-receipt-and-possession-child-pornography.

3

HAFETZ & NECHELES LLP

   We submit that (1) NXIVM has met its burden to establish an attorney-client privilege; and (2) the Government has not met its burden of establishing that any communications should be produced to the trial team under the crime-fraud exception.

                      Respectfully submitted,

                      /s/
                      Kathleen Cassidy
                      **Hafetz & Necheles LLP**
                      10 E. 40th Street, 48th Floor
                      New York, NY 10016

                      /s/
                      Teny Geragos
                      **Brafman & Associates, PC**
                      767 Third Avenue, 26th Floor
                      New York, NY 10017

cc:  All Counsel (via ECF)