UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- v. -<br><br>KEITH RANIERE, CLARE BRONFMAN, ALLISON MACK, KATHY RUSSELL, LAUREN SALZMAN, and NANCY SALZMAN,<br><br>Defendants. | No. 18-cr-204 (NGG) (VMS)<br><br>**Date of service: March 4, 2019** |

# REPLY MEMORANDUM IN SUPPORT OF DEFENDANT CLARE BRONFMAN'S SUPPLEMENTAL MOTION TO DISMISS

Mark J. Geragos
Geragos & Geragos, APC
644 S. Figueroa St.
Los Angeles, CA 90017
(213) 625-3900

Susan Necheles
Kathleen E. Cassidy
Hafetz & Necheles LLP
10 East 40th Street, 48th Floor
New York, New York 10016
(212) 997-7400

Alexandra A.E. Shapiro
Fabien M. Thayamballi
Shapiro Arato LLP
500 Fifth Avenue, 40th Floor
New York, New York 10110
(212) 257-4880

*Attorneys for Defendant Clare Bronfman*

## **TABLE OF CONTENTS**

        **Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT ................................................................................................................................. 1

I.     COUNT ONE MUST BE DISMISSED BECAUSE SUBSECTION (IV) IS UNCONSTITUTIONALLY OVERBROAD ..................................................................... 1

        A.     The Ninth Circuit Correctly Construed The Scope Of Subsection (iv) .................. 2

        B.     The Ninth Circuit Correctly Rejected The Government's Arguments Regarding The Financial-Gain Enhancement ........................................................ 8

II.    COUNT ONE MUST BE DISMISSED BECAUSE SUBSECTION (IV) IS UNCONSTITUTIONALLY DISCRIMINATORY AND VAGUE ............................... 10

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andrews v. United Way of Sw. Alabama, Inc.*,
No. CIV. A. 98-1142-P-C, 2000 WL 827867 (S.D. Ala. June 5, 2000) ..................................... 3

*Arizona v. United States*,
567 U.S. 387 (2012) .................................................................................................................. 6

*Ashcroft v. Free Speech Coal.*,
535 U.S. 234 (2002) .................................................................................................................. 1

*Associated/ACC Int'l, Ltd. v. Dupont Flooring Sys. Franchise Co.*,
89 F. App'x 758 (3d Cir. 2004) ................................................................................................. 3

*Baggett v. Bullitt*,
377 U.S. 360 (1964) ................................................................................................................ 10

*Bd. of Airport Comm'rs v. Jews for Jesus, Inc.*,
482 U.S. 569 (1987) .................................................................................................................. 1

*Bd. of Educ. v. Nat'l Gay Task Force*,
470 U.S. 903 (1985) .................................................................................................................. 4

*Bradford v. Comm'r of Soc. Sec.*,
No. 1:11-CV-371, 2012 WL 6760547 (E.D. Tenn. Nov. 9, 2012) ........................................... 3

*City of Houston v. Hill*,
482 U.S. 451 (1987) ................................................................................................................ 10

*CSX Transp., Inc. v. Ala. Dep't of Revenue*,
562 U.S. 277 (2011) .................................................................................................................. 7

*DelRio-Mocci v. Connolly Props. Inc.*,
672 F.3d 241 (3d Cir. 2012) ..................................................................................................... 7

*Ex parte Siebold*,
100 U.S. 371 (1879) .................................................................................................................. 9

*Ferruku v. Gonzales*,
231 F. App'x 68 (2d Cir. 2007) ................................................................................................. 3

*Giboney v. Empire Storage & Ice Co.*,
336 U.S. 490 (1949) .................................................................................................................. 6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011) .................................................................................................... 6

*Holder v. Humanitarian Law Project*,
    561 U.S. 1 (2010) ........................................................................................................ 5

*Hosey v. Astrue*,
    No. 1:11CV207, 2012 WL 7827840 (N.D.W. Va. Aug. 31, 2012) ............................ 3

*In re Berry*,
    68 Cal. 2d 137 (1968) ................................................................................................ 6

*In re Document Techs. Litig.*,
    275 F. Supp. 3d 454 (S.D.N.Y. 2017) ........................................................................ 3

*Johnson v. United States*,
    135 S. Ct. 2551 (2015) ............................................................................................. 10

*Nat'l Gay Task Force v. Bd. of Educ.*,
    729 F.2d 1270 (10th Cir. 1984) .................................................................................. 4

*Nat'l Org. for Women v. Operation Rescue*,
    37 F.3d 646 (D.C. Cir. 1994) ..................................................................................... 6

*Padilla v. Rumsfeld*,
    352 F.3d 695 (2d Cir. 2003) ....................................................................................... 8

*Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*,
    290 F.3d 1058 (9th Cir. 2002) .................................................................................... 3

*Reed v. Town of Gilbert*,
    135 S. Ct. 2218 (2015) ............................................................................................. 10

*State v. Melchert-Dinkel*,
    844 N.W.2d 13 (Minn. 2014) ..................................................................................... 4

*United States v. Barnett*,
    667 F.2d 835 (9th Cir. 1982) ...................................................................................... 3

*United States v. Calhelha*,
    456 F. Supp. 2d 350 (D. Conn. 2006) ........................................................................ 8

*United States v. Cucuzzella*,
    64 M.J. 580 (A.F. Ct. Crim. App. 2007) .................................................................... 3

*United States v. Fujii*,
    301 F.3d 535 (7th Cir. 2002) .................................................................................. 4, 8

*United States v. George*,
   779 F.3d 113 (2d Cir. 2015) .................................................................................................. 9

*United States v. He*,
   245 F.3d 954 (7th Cir. 2001) ................................................................................................. 4

*United States v. Henderson*,
   857 F. Supp. 2d 191 (D. Mass. 2012) .............................................................................. 3, 10

*United States v. Kim*,
   435 F.3d 182 (2d Cir. 2006) .................................................................................................. 9

*United States v. Krikheli*,
   461 F. App'x 7 (2d Cir. 2012) ............................................................................................... 5

*United States v. Lopez*,
   590 F.3d 1238 (11th Cir. 2009) ..................................................................................... 3, 4, 7

*United States v. Ndiaye*,
   434 F.3d 1270 (11th Cir. 2006) ............................................................................................. 8

*United States v. Oloyede*,
   982 F.2d 133 (4th Cir. 1992) ............................................................................................. 4, 8

*United States v. Rabbani*,
   No. 08-CR-118A, 2009 WL 1272276 (W.D.N.Y. May 7, 2009) .......................................... 8

*United States v. Rashkovski*,
   301 F.3d 1133 (9th Cir. 2002) ............................................................................................... 6

*United States v. Rumely*,
   345 U.S. 41 (1953) ................................................................................................................ 2

*United States v. Sineneng-Smith*,
   910 F.3d 461 (9th Cir. 2018) ........................................................................................ *passim*

*United States v. Stevens*,
   559 U.S. 460 (2010) ..................................................................................................... *passim*

*United States v. Tracy*,
   456 F. App'x 267 (4th Cir. 2011) .......................................................................................... 5

*United States v. Williams*,
   553 U.S. 285 (2008) ......................................................................................................... 1, 7

**Statutes and Other Authorities**

8 U.S.C. § 1324 ............................................................................................................................ *passim*

8 U.S.C. § 1324c .................................................................................................................................. 8

18 U.S.C. § 1001 .................................................................................................................................. 8

18 U.S.C. § 1028 .................................................................................................................................. 8

18 U.S.C. § 1543 .................................................................................................................................. 8

18 U.S.C. § 1544 .................................................................................................................................. 8

18 U.S.C. § 1546 .................................................................................................................................. 8

18 U.S.C. § 2339A ............................................................................................................................... 5

42 U.S.C. § 408 .................................................................................................................................... 8

Omnibus Consolidated Appropriations Act, 1997,
 Pub. L. No. 104-208, 110 Stat. 3009 ................................................................................................ 9

11 C.F.R. § 100.22 ............................................................................................................................... 3

## PRELIMINARY STATEMENT

In *United States v. Sineneng-Smith*, 910 F.3d 461 (9th Cir. 2018), the Ninth Circuit unanimously struck down 8 U.S.C. § 1324(a)(1)(A)(iv) ("Subsection (iv)") as unconstitutionally overbroad in violation of the First Amendment. The Ninth Circuit's decision is well-reasoned and indisputably correct, as are the charges that Subsection (iv) is unconstitutionally vague and discriminatory, which the Ninth Circuit did not need to reach. Subsection (iv) prohibits "encouraging" or "inducing" unauthorized immigrants to come to or remain in the United States, criminalizing an immense amount of protected speech. In arguing to the contrary, the government advances the same arguments it made in its petition to the Ninth Circuit—which, despite being circulated to the full Court, failed to convince even a single judge to call for rehearing. The government asks this Court to uphold a fictitious version of the statute that in no way resembles the text enacted by Congress. It ignores the overwhelming weight of authority that contradicts its arguments, including the Ninth Circuit's thorough reasoning in *Sineneng*. It leans heavily on the notion that the overbreadth doctrine is "strong medicine," but omits that where a statute is overbroad, it is struck down without hesitation. *See United States v. Stevens*, 559 U.S. 460, 482 (2010); *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 256-58 (2002); *Bd. of Airport Comm'rs v. Jews for Jesus, Inc.*, 482 U.S. 569, 574-77 (1987). Subsection (iv) is invalid, and the Court must dismiss the charges against Ms. Bronfman that are predicated on that statute.

## ARGUMENT

**I.   COUNT ONE MUST BE DISMISSED BECAUSE SUBSECTION (IV) IS UNCONSTITUTIONALLY OVERBROAD**

"According to [the] First Amendment overbreadth doctrine, a statute is facially invalid if it prohibits [or chills] a substantial amount of protected speech." *United States v. Williams*, 553 U.S. 285, 292 (2008); *see Free Speech Coal.*, 535 U.S. at 255. In *Sineneng*, the defendant was

convicted of violating Subsection (iv), and her maximum sentence was increased because she acted for "commercial advantage or private financial gain." 910 F.3d at 471 n.5 (quoting 8 U.S.C. § 1324(a)(1)(B)(i) (the "financial-gain enhancement")). For reasons previously summarized, the Ninth Circuit held that Subsection (iv) was unconstitutional and reversed the defendant's convictions. (Dkt. 233 at 1-2). Here, as Racketeering Act 5-A charges Ms. Bronfman under the same statutes, the Court should dismiss Count One in its entirety.[1]

The government argues only that, *first*, the Ninth Circuit misconstrued "encourage[] or induce[]" in Subsection (iv) (Opp'n 7-14) and, *second*, the Ninth Circuit "failed to recognize the limiting effect" of the financial-gain enhancement (Opp'n 14-16). The government does not argue that Subsection (iv) is valid even if the Ninth Circuit's interpretation is correct. The only issues in dispute are the two identified above, and the government is wrong on both counts.

### A.  The Ninth Circuit Correctly Construed The Scope Of Subsection (iv)

Insisting that the Ninth Circuit should have imposed a "limiting construction" on Subsection (iv), the government claims that Subsection (iv) means something completely different from what its plain language conveys. (Opp'n 3, 6, 10). But a court "may impose a limiting construction on a statute only if it is 'readily susceptible' to such a construction"; it cannot "rewrite a . . . law to conform it to constitutional requirements." *Stevens*, 559 U.S. at 481 (quotation marks omitted). The government's proposed interpretation is not a "fair alternative[]" to the Ninth Circuit's and must be rejected. *United States v. Rumely*, 345 U.S. 41, 45 (1953).

1.  The government argues that "the word 'encourage' means 'to help,'" which "connot[es] action." (Opp'n 11). It is plainly wrong. The word "encourage" means "to inspire with courage, spirit, or hope . . . to spur on . . . to give help or patronage to." *Sineneng*, 910 F.3d

---

[1] The government does not dispute that the dismissal of any racketeering act, including Act 5-A, requires dismissal of Count One. (Dkt. 194 at 17-19 & n.7, 20 n.9, 28; Dkt. 257 at 2).

at 473 (quoting Merriam-Webster's Collegiate Dictionary 381 (10th ed. 1996)); *see also id.* ("to inspire with courage, animate, inspirit . . . . [t]o incite, induce, instigate") (quoting the Oxford English Dictionary Online (3d ed. 2018)).  Indeed, "encourage" is synonymous with "urge" because it means "to attempt to persuade."  *Encourage*, Merriam-Webster, https://www.merriam-webster.com/dictionary/encourage; *see also Sineneng*, 910 F.3d at 483 ("grandmother who urges her grandson to overstay his visa" is "encourag[ing]" him); *Associated/ACC Int'l, Ltd. v. Dupont Flooring Sys. Franchise Co.*, 89 F. App'x 758, 760-61 (3d Cir. 2004) (term "encourage" in contract was "unambiguous" and clearly covered a "memo," "newsletter," and other speech).[2]

Thus, in *United States v. Henderson*, 857 F. Supp. 2d 191 (D. Mass. 2012), "[t]he government [took] the position that giving illegal aliens advice to remain in the United States while their status is disputed" violated Subsection (iv).  *Id.* at 203.  Courts construing Subsection (iv) regularly define encouragement as including advice.  *See United States v. Lopez*, 590 F.3d 1238, 1247, 1249 (11th Cir. 2009) ("encourage" includes "to advise"); *United States v. Fujii*, 301

---

[2] *See also, e.g.*, Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists, 290 F.3d 1058, 1072 (9th Cir. 2002) ("If ACLA had merely endorsed or encouraged the violent actions of others, its speech would be protected."); *United States v. Barnett*, 667 F.2d 835, 841 (9th Cir. 1982) (equating "encouragement" with "counsel and advice"); *Ferruku v. Gonzales*, 231 F. App'x 68, 70 (2d Cir. 2007) ("he encouraged [her] to be active in the Democratic Party, but was unable to testify whether she joined"); *In re Document Techs. Litig.*, 275 F. Supp. 3d 454, 468 (S.D.N.Y. 2017) ("contractual gag rule" on "speech that 'encourages' or 'induces'" was unenforceable); *Bradford v. Comm'r of Soc. Sec.*, No. 1:11-CV-371, 2012 WL 6760547, at *6 (E.D. Tenn. Nov. 9, 2012) ("Plaintiff was strongly encouraged to consider detoxification but was not interested . . . ."); *Hosey v. Astrue*, No. 1:11CV207, 2012 WL 7827840, at *16 (N.D.W. Va. Aug. 31, 2012) ("She was encouraged to quit smoking, but was 'not interested.'"); *United States v. Cucuzzella*, 64 M.J. 580, 582 n.1 (A.F. Ct. Crim. App. 2007) ("RB encouraged RC to tell 'everything,' but was not forceful in her encouragement"); *Andrews v. United Way of Sw. Alabama, Inc.*, No. CIV. A. 98-1142-P-C, 2000 WL 827867, at *1 (S.D. Ala. June 5, 2000) ("The court had encouraged settlement but, was advised at the last minute, efforts had failed."); 11 C.F.R. § 100.22 ("Expressly advocating means any communication that . . . encourages actions to elect or defeat one or more clearly identified candidate(s) . . . .").

F.3d 535, 540 (7th Cir. 2002) ("advis[ing]" aliens).  It plainly includes advocacy as well.  As the Tenth Circuit held in striking down a ban on "encouraging . . . homosexual activity":

> "Encouraging" and "promoting," like "advocating," do not necessarily imply incitement to imminent action.  A teacher who went before the Oklahoma legislature . . . to urge the repeal of the Oklahoma anti-sodomy statute would be . . . "encouraging" homosexual sodomy . . . .  Such statements, which are aimed at legal and social change, are at the core of First Amendment protections.

*Nat'l Gay Task Force v. Bd. of Educ.*, 729 F.2d 1270, 1274 (10th Cir. 1984), *aff'd sub nom. Bd. of Educ. v. Nat'l Gay Task Force*, 470 U.S. 903 (1985).  Similarly, in striking down a prohibition on "encourag[ing]" suicide, the Minnesota Supreme Court noted that "[t]he common definition[] of . . . 'encourage'" is "broad enough to permit the State to prosecute general discussions of suicide."  *State v. Melchert-Dinkel*, 844 N.W.2d 13, 23-24 (Minn. 2014).

As a result, the government is clearly wrong when it argues that "mere words" do not constitute encouragement (Opp'n 10), and that the statement "I encourage you to stay here" falls outside the statute (Opp'n 9-10).  Words, even simple ones, can "urge" and "spur on."  By definition, the statement "I encourage you" encourages the listener, just as the statement "I beg you" begs, "I salute you" salutes, "I curse you" curses, and "I thank you" thanks.[3]

The government refers to cases that describe "help" as a form of encouragement (Opp'n 11), but none of them says that encouragement is *limited* to "help."  *See Lopez*, 590 F.3d at 1247, 1249 ("advise," "incite," or "spur on," in addition to "help"); *Fujii*, 301 F.3d at 540 ("helped or advised"); *United States v. He*, 245 F.3d 954, 957 (7th Cir. 2001) ("instigate, help or advise"); *id.* at 959-60 & n.4 (similar); *United States v. Oloyede*, 982 F.2d 133, 137 (4th Cir. 1992) (referring to "actions taken to convince" or "reassure" the alien, but not expressly excluding speech);

---

[3] The government argues that the statement "I encourage you to obtain child pornography," which the Supreme Court deemed protected speech in *Williams*, 553 U.S. at 300, is "advocacy" rather than "encouragement." (Opp'n 10 n.3).  But the Supreme Court made no such distinction, and as explained above, advocacy is a form of encouragement.

4

*United States v. Tracy*, 456 F. App'x 267, 272 (4th Cir. 2011) (failing to define "encourage" but acknowledging that it covers "speech"). The government seeks to equate "encouragement" with something like "providing material support," *see* 18 U.S.C. § 2339A, but Congress did not use that term. Regardless, just as one can "provide material support . . . in the form of speech," *Holder v. Humanitarian Law Project*, 561 U.S. 1, 28 (2010), one can "help[]" a person through speech in the form of "[t]raining" or "advice," *id.* at 38. One can easily help undocumented immigrants "reside in the United states," 8 U.S.C. § 1324(a)(1)(A)(iv), by advising them on where to find food, medical attention, legal advice, spiritual support, or public education (to which their children are constitutionally entitled). (Dkt. 233 at 2 & n.2). This speech is constitutionally protected, but it is a federal felony—even if the speaker is merely "reckless" about the possibility that the listener is undocumented. 8 U.S.C. § 1324(a)(1)(A)(iv).

    2.    The government insists that the term "induce" is limited to action and unprotected speech. (Opp'n 7-9). Even if this were correct (which it is not), it would be irrelevant. The statute is not limited to "inducing"; it covers "encouraging" as well, which defines the breadth of the statute even if "inducing" is narrower. *See Stevens*, 559 U.S. at 474-75 (list of prohibited depictions of animal cruelty had "alarming breadth" because even though certain categories on the list were limited, others "d[id] not suggest any such limitation").

Regardless, the government misunderstands the term "induce." It is *not* materially "different than to 'persuade' or to 'convince'" (Opp'n 8), as is clearly demonstrated by the only case the government cites to define "induce." An "attempt to gain influence over the reason or judgment of [a] person," Opp'n 8 (quoting *United States v. Krikheli*, 461 F. App'x 7, 11 (2d Cir. 2012)), is by no means limited to "the action of overcoming the will or judgment of another," Opp'n 8 (quoting nothing). It self-evidently includes speech designed to persuade or convince.

5

*See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 760 (2011) ("The term 'induce' means '[t]o lead on; to influence; to prevail on; to move by persuasion or influence.'") (quoting Webster's New International Dictionary 1269 (2d ed. 1945)); *United States v. Rashkovski*, 301 F.3d 1133, 1136 (9th Cir. 2002) ("induce" is "to move by persuasion or influence").[4]  For that reason, courts have struck down prohibitions on "inducing." *See Nat'l Org. for Women v. Operation Rescue*, 37 F.3d 646, 656-57 (D.C. Cir. 1994) (injunction against "'inducing' and 'encouraging' others to engage in trespassing or blockading clinics" clearly "reache[d] appellants' speech" and "create[d] an impermissible potential for overinclusiveness"); *In re Berry*, 68 Cal. 2d 137, 154, 157 (1968) (order that forbade "inducing others to participate" in union demonstrations was "unconstitutionally overbroad," as it could cover "the distribution of literature, the circulation of petitions, [and] the publication of articles").

The government argues that the "inducing" prohibited by Subsection (iv) is *unprotected* speech because it seeks a "criminal violation." (Opp'n 8-9, 12 n.5).  This is wrong for several reasons.  *First*, as the government acknowledges elsewhere, Subsection (iv) forbids inducing civil immigration violations as well as criminal ones. (Opp'n 13).  Inducing an alien to remain does not solicit any crime because generally "it is not a crime for a removable alien to remain present in the United States." *Arizona v. United States*, 567 U.S. 387, 407 (2012).  This is protected speech, as *Sineneng* recognized in rejecting the government's argument. *See* 910 F.3d at 480-82 (distinguishing *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490 (1949), and "speech that aids and abets crim[es]"). *Second*, speech that induces an immigration crime, such as illegal reentry, does not necessarily lose First Amendment protection.  Advocacy is designed

---

[4] The statutes cited by the government (Opp'n 8 n.2) are in accord, as they situate "induce" among other, overlapping terms that cover speech.  18 U.S.C. § 373(a) ("solicits, commands, induces, or otherwise endeavors to persuade"); *id.* § 2251(a) ("persuades, induces, entices").

6

to induce action, but unlike specific "proposal[s] to engage in illegal activity," the "abstract advocacy of illegality" is constitutionally protected. *Williams*, 553 U.S. at 298-300.

       3.      Since the plain meaning of "encourages or induces" covers protected speech, the government urges the Court to distort Subsection (iv) to cover only "conduct that causes someone to do something that they otherwise might not do." (Opp'n 12-13). But the case it quotes, *DelRio-Mocci v. Connolly Props. Inc.*, 672 F.3d 241, 248-49 (3d Cir. 2012), is unpersuasive. *First*, "*DelRio[ ]* added an act requirement, a substantiality requirement, and a causation requirement to the text of Subsection (iv)," without any statutory basis for doing so. *Sineneng*, 910 F.3d at 477. As explained above, Subsection (iv) covers speech, and *DelRio* did not address our analysis or anything like it. *Second*, the sole authority on which *DelRio* relied to define "encourage" states very clearly that the term encompasses speech. *See Lopez*, 590 F.3d at 1260 (Barkett, J., dissenting) (it includes "tout[ing]" and "urg[ing]" and requires "sp[eaking] to or otherwise communicat[ing] with" someone). *Third*, *DelRio* construed Subsection (iv) to avoid "rendering the remaining subsections . . . superfluous." 672 F.3d at 249. The court refused to "define 'encourage' merely as 'to help'" (as the government seeks to do here) because that would "subsume[]" the smuggling and harboring crimes in subsections (i)-(iii). *Id.* But construing Subsection (iv) to cover speech (which it clearly does) allows the other provisions to have independent effect. Subsection (iv) is the speech provision, and it is unconstitutional.

       4.      Because subsections (i)-(iii) of § 1324 criminalize conduct, the government argues that Subsection (iv) must primarily cover conduct as well. (Opp'n 13). This makes no sense. *First*, the Court cannot distort Subsection (iv)'s text based on the "broader structure" of § 1324 and the government's desire to import limitations from other subsections. *See CSX Transp., Inc. v. Ala. Dep't of Revenue*, 562 U.S. 277, 296 (2011) (noting that Congress "drafted

7

§ 11501(b)(4) more broadly" than §§ 11501(b)(1)-(3), and that a party's "preference for symmetry cannot trump an asymmetrical statute"); *Padilla v. Rumsfeld*, 352 F.3d 695, 721 (2d Cir. 2003) ("[n]o accepted canon of statutory interpretation permits 'placement' to trump text"), *rev'd on other grounds*, 542 U.S. 426 (2004). *Second*, as explained above, an artificial "conduct only" interpretation of Subsection (iv) is difficult to reconcile with the rest of the statutory scheme. The conduct it supposedly prohibits (Opp'n 13-14) is covered by other provisions. *See Sineneng*, 910 F.3d at 475 (rejecting government's "unpersuasive examples" because "Subsection (iv) . . . does not appear necessary to prosecute any of these actions").[5]

"Under no reasonable reading are the words 'encourage' and 'induce' limited to conduct." *Sineneng*, 910 F.3d at 479. Distorting the statute's text in order to narrow it would "constitute a serious invasion of the legislative domain and sharply diminish Congress's incentive to draft a narrowly tailored law in the first place." *Stevens*, 559 U.S. at 481 (citation and quotations marks omitted). Subsection (iv) is just as broad as it purports to be.

    **B.**     **The Ninth Circuit Correctly Rejected The Government's Arguments Regarding The Financial-Gain Enhancement**

The government argues that the financial-gain enhancement in § 1324(a)(1)(B)(i) "likely eliminates[] the possibility that the statute encompasses protected speech," and that the Ninth Circuit "failed to recognize th[is] limiting effect." (Opp'n 14-16). The government is wrong.

---

[5] In the government's cases, the schemes were or could have been prosecuted as smuggling or fraud. *See United States v. Ndiaye*, 434 F.3d 1270, 1277 (11th Cir. 2006) (convictions for "identification documentation fraud and Social Security fraud" under 18 U.S.C. § 1028 and 42 U.S.C. § 408); *Fujii*, 301 F.3d at 536, 539-40 (smuggling convictions under 8 U.S.C. § 1324(a)(2)); *Oloyede*, 982 F.2d at 135 ("falsifying documents for citizenship applications"); *United States v. Rabbani*, No. 08-CR-118A, 2009 WL 1272276, at *1 (W.D.N.Y. May 7, 2009) (convictions for smuggling under 8 U.S.C. § 1324(a)(2), aiding and abetting false statements under 18 U.S.C. § 1001, and "misuse of [a] passport" under 18 U.S.C. § 1544); *United States v. Calhelha*, 456 F. Supp. 2d 350, 355 (D. Conn. 2006) (charges for smuggling, transportation, harboring, and hiring crimes, identification document fraud, and related conspiracy and aiding-and-abetting); *see also* 8 U.S.C. § 1324c; 18 U.S.C. §§ 1543, 1546 (document-fraud statutes).

8

*First*, the "enhancement is irrelevant" because Subsection (iv) "is the predicate criminal act," and its "chilling effect . . . extends to anyone who engages in behavior covered by it, whether for financial gain or not." *Sineneng*, 910 F.3d at 471 n.5. Subsection (iv) must be "invalidated as overbroad." *Stevens*, 559 U.S. 473. Thus, no person can be prosecuted under Subsection (iv) or subjected to any penalty enhancement predicated on a Subsection (iv) conviction. *See, e.g.*, *Ex parte Siebold*, 100 U.S. 371, 376-77 (1879) ("An unconstitutional law is void, and is as no law. An offence created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment."). Because the defendant in *Sineneng* won her facial challenge to Subsection (iv), her conviction was invalid, even though she had acted for financial gain. *See* 910 F.3d at 467-68, 485.[6]

*Second*, even if the enhancement could be construed as limiting Subsection (iv), it would not cure the overbreadth. The First Amendment protects speech uttered for financial gain. *See Stevens*, 559 U.S. at 464-65 (striking down prohibition on depictions of animal cruelty created "for commercial gain" even though it exempted artistic, religious, and educational works). Clearly, the speech of "professionals who work with immigrants," including for payment, would

---

[6] *Apprendi* requires that the financial-gain enhancement be charged and proved to a jury (Opp'n 15), but that does not make it a *separate* crime that can exist once Subsection (iv) is invalidated. Section 1324(a)(1) defines crimes in subparagraph (A) and states that violators "shall be punished as provided in subparagraph (B)," a collection of penalty provisions in which the financial-gain enhancement is buried. (B)(i) imposes a ten-year maximum for smuggling and conspiracy, as well as for transportation, harboring, and encouraging/inducing committed for "financial gain." (B)(i) does not define a crime; it imposes a penalty on several crimes, without which it would have no effect. *See also* Omnibus Consolidated Appropriations Act, 1997, Pub. L. No. 104-208, 110 Stat. 3009, § 203 (amending § 1324 to increase penalties for "financial gain," and *separately* creating "Additional Offenses" for aiding and abetting, conspiracy, and hiring); *United States v. George*, 779 F.3d 113, 116 (2d Cir. 2015) (referring to "private-gain penalty enhancement"); *United States v. Kim*, 435 F.3d 182, 185 (2d Cir. 2006) (financial gain "heighten[s]" the "severity of criminal liability" for a subparagraph (A) "offense"). Indeed, Act 5-A charges both Subsection (iv) and the financial-gain enhancement, not the enhancement alone, which shows that the enhancement is not a standalone offense. (Dkt. ¶ 24).

9

be "chilled on account of Subsection (iv)'s breadth." *Sineneng*, 910 F.3d at 484. An "attorney who tells her client that she should remain in the country while contesting removal" or applying for DACA, or a doctor who advises an undocumented patient not to travel abroad for health reasons, would violate Subsection (iv), in many cases for financial gain. *Id.* at 484-85; *see also Henderson*, 857 F. Supp. 2d at 203-04. Even "loving grandmothers," activists, and politicians (Opp'n 16; Dkt. 233 at 1-2) receive economic benefits from encouraging unlawful presence in the United States (such as the wages and services of undocumented family members, donations, or campaign contributions). Thus, even with the enhancement, Subsection (iv) criminalizes and chills an unacceptable amount of protected speech. *See City of Houston v. Hill*, 482 U.S. 451, 467 (1987) (statute "susceptible of regular application to protected expression" is "overbroad").

## II.  COUNT ONE MUST BE DISMISSED BECAUSE SUBSECTION (IV) IS UNCONSTITUTIONALLY DISCRIMINATORY AND VAGUE

Subsection (iv) is also discriminatory and vague. (Dkt. 233 at 2; Dkt. 257 at 8-9). The government's only response is that it does not proscribe much speech (Opp'n 16), but we refute that above. Subsection (iv)'s viewpoint discrimination is "presumptively unconstitutional," decisively tilting the scales toward invalidation. *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2226 (2015). Vagueness is another reason to strike it down. Individuals who interact with immigrants run the risk that the government will deem their speech "encouraging" and could even discern a financial motive behind the speech. Many will "steer far wide[] of the unlawful zone" at the cost of their First Amendment rights. *Baggett v. Bullitt*, 377 U.S. 360, 372 (1964). Subsection (iv)'s wide net also sweeps in so many individuals that it "invites arbitrary enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015). Congress must be sent back to the drawing board.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Counts One.

10

Dated:       March 4, 2019
                New York, New York       Respectfully submitted,

                                                          /s/ Alexandra A.E. Shapiro

Mark J. Geragos                           Alexandra A.E. Shapiro
Geragos & Geragos, APC              Fabien M. Thayamballi
644 S. Figueroa St.                       Shapiro Arato LLP
Los Angeles, CA 90017              500 Fifth Avenue, 40th Floor
(213) 625-3900                          New York, New York 10110
                                                      (212) 257-4880

Susan Necheles
Kathleen E. Cassidy
Hafetz & Necheles LLP
10 East 40th Street, 48th Floor
New York, New York 10016
(212) 997-7400

                                                       *Attorneys for Defendant Clare Bronfman*