UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

\-   v.  -

KEITH RANIERE, CLARE BRONFMAN,
ALLISON MACK, KATHY RUSSELL, and
LAUREN SALZMAN,

Defendants.

No. 18-cr-204 (NGG) (VMS)

**Date of service:  March 21, 2019**

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT CLARE BRONFMAN'S MOTION TO SEVER

Mark J. Geragos
Geragos & Geragos, APC
644 S. Figueroa St.
Los Angeles, CA 90017
(213) 625-3900

Tina Glandian
Geragos & Geragos, APC
256 5th Avenue
New York, New York 10001
(213) 625-3900

Alexandra A.E. Shapiro
Fabien M. Thayamballi
Shapiro Arato Bach LLP
500 Fifth Avenue, 40th Floor
New York, New York 10110
(212) 257-4880

Kathleen E. Cassidy
Caroline M. Grosshans
Hafetz & Necheles LLP
10 East 40th Street, 48th Floor
New York, New York 10016
(212) 997-7400

*Attorneys for Defendant Clare Bronfman*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ..................................................................................... 1

LEGAL STANDARD ...................................................................................................... 1

ARGUMENT .................................................................................................................... 2

I.   BRONFMAN'S TRIAL MUST BE SEVERED FROM THE TRIAL OF RANIERE,
     MACK, AND LAUREN SALZMAN ................................................................... 2

CONCLUSION ................................................................................................................ 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Krulewitch v. United States*,
   336 U.S. 440 (1949)..............................................................................5

*State v. O'Neal*,
   432 A.2d 1278 (Me. 1981)....................................................................3

*United States v. Cardascia*,
   951 F.2d 474 (2d Cir. 1991) .................................................................2

*United States v. Colombo*,
   909 F.2d 711 (2d Cir. 1990) .................................................................5

*United States v. Cunningham*,
   694 F.3d 372 (3d Cir. 2012) .................................................................4

*United States v. Curtin*,
   489 F.3d 935 (9th Cir. 2007) ................................................................3

*United States v. Gallo*,
   668 F. Supp. 736 (E.D.N.Y. 1987) ......................................................5

*United States v. Gray*,
   78 F. Supp. 2d 524 (E.D. Va. 1999) .....................................................4

*United States v. Guillen-Rivas*,
   950 F. Supp. 2d 446 (E.D.N.Y. 2013) .................................................2

*United States v. Ham*,
   998 F.2d 1247 (4th Cir. 1993) ...........................................................3, 5

*United States v. Harvey*,
   991 F.2d 981 (2d Cir. 1993) .................................................................3

*United States v. Loughry*,
   660 F.3d 965 (7th Cir. 2011) ................................................................4

*United States v. Prunick*,
   273 F. App'x 807 (11th Cir. 2008) .......................................................4

*United States v. Sturm*,
   No. CRIM 06-CR-00342-LTB, 2007 WL 601976 (D. Colo. Feb. 22, 2007)...........................4

*United States v. Wellman*,
   No. 1:08-CR-00043, 2009 WL 159301 (S.D.W. Va. Jan. 20, 2009)........................................... 4

*United States v. Welshans*,
   892 F.3d 566 (3d Cir. 2018) ............................................................................................... 3

*Zafiro v. United States*,
   506 U.S. 534 (1993).......................................................................................................... 1, 2

**Rules**

Fed. R. Crim. P. 14(a) ........................................................................................................... 1

## PRELIMINARY STATEMENT

If the Court does not dismiss the S-2 Indictment against Clare Bronfman—which it should, as we will explain in the motion to dismiss we will file tomorrow—it must sever her trial from the trial of Keith Raniere, Allison Mack, and Lauren Salzman.  Even under the prior indictment, a joint trial would have been horrendously unfair.  Raniere, Mack, and Lauren Salzman were accused of sex trafficking, forced labor, and other practices, such as branding women with a cauterizing iron, that Bronfman undisputedly did not know about or participate in. Now, the situation is immeasurably worse.  In addition to the earlier charges, Raniere is charged with sexually exploiting a child and possessing child pornography.  If incendiary allegations of this sort did not require a severance, Rule 14 would be meaningless and unconstitutional.

Even the government recognizes this.  At the most recent conference before Judge Scanlon, the government argued that Bronfman's counsel "shouldn't get to" prioritize trial preparation over other discovery matters because, in light of her contemplated severance motion, "*she may not be going to trial in three weeks, and that is the truth.*"  (Mar. 14, 2019 Tr. 42 (emphasis added)).  "The truth" is that due process forbids a joint trial under these circumstances.  Bronfman must be severed, and she cannot be tried with Raniere, Mack, or Lauren Salzman.[1]

## LEGAL STANDARD

The standard for severance is straightforward.  (Dkt. 276 at 16; Dkt. 311 at 2).  The Court may sever defendants' trials where a "[joint] trial appears to prejudice a defendant."  Fed. R. Crim. P. 14(a).  It *should* exercise this discretion where there is a "serious risk that a joint trial would . . . prevent the jury from making a reliable judgment."  *Zafiro v. United States*, 506 U.S.

---

[1] Bronfman does not object to being tried together with Kathy Russell.

534, 539 (1993).  If the prejudice is "so great as to deny [the defendant] a fair trial," the Court

*must* order a severance.  *United States v. Cardascia*, 951 F.2d 474, 482 (2d Cir. 1991).  Among

other factors, courts consider "disparities in the amount or type of proof offered against the

defendants," "disparities in the degrees of involvement by defendants in the overall scheme," and

"prejudice from evidence admitted only against co-defendants."  *United States v. Guillen-Rivas*,

950 F. Supp. 2d 446, 457 (E.D.N.Y. 2013).

## ARGUMENT

## I.   BRONFMAN'S TRIAL MUST BE SEVERED FROM THE TRIAL OF RANIERE, MACK, AND LAUREN SALZMAN

Under the S-1 Indictment, Bronfman was already entitled to severance from Raniere,

Mack, and Lauren Salzman.  We explained why in detail, and the government failed to rebut our

arguments.  (Dkt. 276 ("Mot."); Dkt. 311 ("Reply"); Dkt. 368 at 25).  They remain fully

applicable to the S-2 Indictment, and we incorporate them by reference here, as requested by the

Court.  However, the S-2 Indictment exacerbates the dangers of a joint trial and confirms that it

would be a miscarriage of justice.

The S-2 Indictment deepens the divide between the Defendants who are charged with

extraordinarily inflammatory offenses and those, like Bronfman, who are not.  As before,

Raniere, Mack, and Lauren Salzman are charged with operating DOS, an alleged sex-trafficking

and forced-labor ring in which young women were allegedly enslaved, branded with a

cauterizing iron, and coerced into sex.  (Mot. 8-12; *see* Dkt. 430 ("S-2") ¶¶ 34, 36-39, 44-48).

As before, Raniere and Lauren Salzman are also accused of confining a young woman in a room

for two years, which the government has described as "psychological torture" and charged as

labor trafficking and document servitude.  (Mot. 12-14; *see* S-2 ¶¶ 31-33).  The primary

difference from the prior indictment is that Raniere is *also* charged with sexually exploiting a

2

child and possessing child pornography, potentially exposing him to a mandatory minimum sentence of thirty years' imprisonment.  (S-2 ¶¶ 21-23, 41-43; Dkt. 423 at 1; Dkt. 436 at 1-2).  These charges relate to Raniere's alleged sexual relationship with a fifteen-year-old girl when he was in his late forties.  (Dkt. 437 at 1).  Inevitably, the government will present the alleged child pornography to the jury.  And inevitably, the government will seek to introduce the purported evidence it has described at length concerning Raniere's alleged history of "sexual assault and other abuse of girls and women," including a twelve-year-old with whom he allegedly had "regular sexual intercourse" under the guise of tutoring her.  (Mot. 14-15).

Evidence of deviant sexual behavior, even when it is legal and consensual, can "create disgust and antagonism" toward the defendant and "result[] in overwhelming prejudice." *United States v. Harvey*, 991 F.2d 981, 996 (2d Cir. 1993); *accord United States v. Curtin*, 489 F.3d 935, 964 (9th Cir. 2007) (Kleinfeld, J., concurring) ("Even normal biological functions induce disgust when exposed to public view.  Perverse sexual fantasies generate even more intense disgust.").  It is also obvious that mere "implications of" the "abuse of women" can "unfairly prejudice a defendant." *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993); *see also id.* at 1253 (court should have excluded "highly inflammatory statement[s] concerning the treatment of women").  Sex crimes—especially those involving minors—are even more devastating.  (Mot. 19-20 & n.8; Reply 5 n.3, 8; Dkt. 323 at 3).  "Indeed, no evidence could be more inflammatory or more prejudicial than allegations of child molestation." *Ham*, 998 F.2d at 1252.  As one judge warned prosecutors seeking to admit such evidence:  "You put this into the case and you've hung this guy." *State v. O'Neal*, 432 A.2d 1278, 1282 (Me. 1981).

Child pornography, too, "elicits little more than a visceral response of disgust and anger." *United States v. Welshans*, 892 F.3d 566, 576 (3d Cir. 2018).  It involves "the kind of highly

3

reprehensible and offensive content that might lead a jury to convict because it thinks that the defendant is a bad person and deserves punishment, regardless of whether the defendant committed the charged crime." *United States v. Loughry*, 660 F.3d 965, 972 (7th Cir. 2011); *see also id.* at 974 (collecting cases). For that reason, courts regularly sever child pornography charges to be tried separately. *See United States v. Prunick*, 273 F. App'x 807, 808 (11th Cir. 2008) (affirming grant of new trial because child pornography charges involved "disturbing" and "highly inflammatory" evidence and should have been severed); *United States v. Sturm*, No. CRIM 06-CR-00342-LTB, 2007 WL 601976, at *4 (D. Colo. Feb. 22, 2007) (severing child pornography charges because "child pornography possession [is] particularly detestable and inflammatory conduct, [which] creates a real danger . . . that the jury might decide to convict [the defendant] . . . based upon a perceived criminal disposition"); *United States v. Wellman*, No. 1:08-CR-00043, 2009 WL 159301, at *7 (S.D.W. Va. Jan. 20, 2009) (same); *United States v. Gray*, 78 F. Supp. 2d 524, 532 (E.D. Va. 1999) (same). Such evidence has a profound emotional impact on the jury—an impact that can easily be overlooked when considering the evidence in the abstract. "The hackneyed expression, 'one picture is worth a thousand words' fails to convey adequately the comparison between the impact of the . . . portrayal of actual events upon the viewer of the [pornographic evidence] and that of the spoken or written word upon the listener or reader." *United States v. Cunningham*, 694 F.3d 372, 387 (3d Cir. 2012).

Bronfman is not accused of any similar crimes. She continues to be charged with plain-vanilla conduct relating to identity theft and immigration offenses. (S-2 ¶¶ 24-25, 27, 30, 35, 40, 49). But she held high-level positions in Raniere's organization, NXIVM. She is charged in the same overarching RICO conspiracy as Raniere. She was his close friend and, according to the government, was involved in an intimate relationship with him. (Dkt. 414 at 28-29). The "jurors

[will be] ready to believe that birds of a feather are flocked together," *Krulewitch v. United States*, 336 U.S. 440, 454 (1949) (Jackson, J. concurring), and could easily find Bronfman "guilt[y] by association," *United States v. Gallo*, 668 F. Supp. 736, 750 (E.D.N.Y. 1987), even though she "is not charged with" her co-defendant's sex crimes, *United States v. Colombo*, 909 F.2d 711, 714 (2d Cir. 1990).

In *United States v. Ham*, for example, defendants Swami and Sheldon were, respectively, the ruler and a high-level member of a Hare Krishna community. 998 F.2d at 1249-51. Both were charged with RICO conspiracy and various frauds; Swami was also charged with substantive RICO violations, and Sheldon with murder conspiracy. *Id.* at 1251. At trial, the government presented evidence that Swami "compar[ed] women to dogs," "condon[ed] lightly slapping one's wife for disciplinary reasons," and "ignored" allegations that authority figures "in the community's school had sexually molested some of the children." *Id.* at 1252. The Fourth Circuit found that the "implications of child molestation . . . and abuse of women unfairly prejudice[d]" both defendants, who were members of an "unpopular" group, and potentially led to convictions "based on the jurors' disdain or their belief that the defendant's prior bad acts make guilt more likely." *Id.* at 1252-53. Significantly, the Court conceded that "Swami and Sheldon were not directly implicated in all the conduct," but it found that "[a]ny evidence that prejudiced" their community would "likewise prejudice [them] as . . . leader[s] in that community," especially because "the evidence [wa]s highly inflammatory." *Id.* at 1253. Again, this was a RICO conspiracy case, and the Court found that the evidence had some relevance. *Id.* Nevertheless, the Court held that the unfair prejudice "could [not] be cured with limiting or cautionary instructions," and it "vacat[ed] the[] convictions on all counts." *Id.* at 1254.

5

Here, too, the jury at a joint trial may well convict Bronfman because it is sickened by the allegations made against her co-defendants. As we have previously explained, the press has already conflated the issues and painted Bronfman with the same brush as her co-defendants:

> [A]rticle after article focuses on the new alleged child pornography charges and link[s] Ms. Bronfman to sex crimes that she is not alleged to have anything to do with. For instance, one article inaccurately reports: "Several women, including former *Smallville* star Allison Mack and Seagram liquor heir Clare Bronfman, allegedly helped run the operation and are awaiting trial on sex trafficking charges." *See* https://www.buzzfeednews.com/article/briannasacks/nxivm-group-founder-child-porn-charges.

> In this blatantly inaccurate reporting, Ms. Bronfman has been falsely accused of having actual knowledge of alleged relationships between Raniere and underage girls. *See, e.g.,* https://www.usatoday.com/story/news/nation/2019/03/14/ keith-raniere-nxivm-founder-child-porn-charge-alleged-cult-case/3165006002/ ["The prosecutors also said they have dated images of the victim that were created and possessed by Raniere and evidence showing his co-defendants, including actress Allison Mack and Seagram's liquor fortune heiress Clare Bronfman, knew of two relationships he had with underage girls."] . . . .

(Dkt. 437 at 3; *see also* Mot. 20-21 (collecting articles referring to NXIVM as a sex cult)); *see also* https://jezebel.com/clare-bronfman-heir-to-seagram-liquor-fortune-arreste-1827837709

("Clare Bronfman, Heir to Seagram Liquor Fortune, Arrested in NXIVM Sex Cult Case").

The government will inevitably contend that, like the DOS offenses, Raniere's alleged child exploitation and child pornography offenses are part of the RICO conspiracy, and therefore a severance would make no difference. (*Cf.* Dkt. 299 at 9-10). We have already debunked this argument. To summarize:

- The government would not be allowed to introduce evidence of Raniere's alleged child exploitation or pornography at Bronfman's separate trial. It is so explosively prejudicial that Rule 403 would require its exclusion. Admitting it would be reversible error.

- Even in far less egregious circumstances, courts have severed defendants charged in the same RICO conspiracy to avoid unfair prejudice. None of the cases cited by the government even remotely approaches the situation before the Court here.

6

- The child exploitation and pornography evidence would also be excluded as irrelevant. The government has never been able to articulate a coherent theory for why DOS is relevant to the charges against Bronfman, and the new evidence is even further afield.

- Even if the evidence were admissible—which it very clearly is not—there would be far less of it and far less emphasis on it at a separate trial.

(Mot. 17-23; Reply 3-9; Dkt. 368 at 25).

The government will also repeat its mantra that joint trials are more efficient. (*Cf.* Dkt. 299 at 18-19). But in this case, separate trials will promote efficiency. (Reply 9-10). And now that Nancy Salzman has pled guilty, a trial of only the Non-DOS Defendants, Bronfman and Russell, will be even shorter and more streamlined. (Dkt. 437 at 4). Regardless, efficiency cannot trump Bronfman's right to a fair trial. Due process requires a severance.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should sever Bronfman from Raniere, Mack, and Lauren Salzman and try them separately.

Dated:          March 21, 2019
                New York, New York                    Respectfully submitted,


                                                      /s/ Alexandra A.E. Shapiro
Mark J. Geragos                                       Alexandra A.E. Shapiro
Geragos & Geragos, APC                                Fabien M. Thayamballi
644 S. Figueroa St.                                   Shapiro Arato Bach LLP
Los Angeles, CA 90017                                 500 Fifth Avenue, 40th Floor
(213) 625-3900                                        New York, New York 10110
                                                      (212) 257-4880
Tina Glandian
Geragos & Geragos, APC                                Kathleen E. Cassidy
256 5th Avenue                                        Caroline M. Grosshans
New York, New York 10001                              Hafetz & Necheles LLP
(213) 625-3900                                        10 East 40th Street, 48th Floor
                                                      New York, New York 10016
                                                      (212) 997-7400


                                                      *Attorneys for Defendant Clare Bronfman*