LAW OFFICES OF
**DONNA R. NEWMAN**
ATTORNEY AT LAW
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
TEL. 212-229-1516
FAX 212-676-7497
DONNANEWMANLAW@AOL.COM
MEMBER: N.Y. & N.J. BAR

March 28, 2019

Via Email (Under Seal)
The Honorable Nicholas G. Garaufis
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Clare Bronfman*
    18 cr 204(S-2)(NGG)(VMS)

Dear Judge Garaufis:

     I write to respond to several of the questions posed by the Court during yesterday's *Curcio* hearing. First, I have been able to obtain additional information regarding Michael Avenatti's representation of Ms. Bronfman. Mr. Avenatti briefly – for a matter of days – represented Ms. Bronfman as a consultant in connection with this matter and in a civil matter pending in the Western District of New York, although the exact terms of what his role might be in the civil matter were not formalized and were not settled, to Ms. Bronfman's knowledge. Mr. Geragos brought Mr. Avenatti into this case for a limited purpose and that related to the discussion described in the government's letter of March 26, 2019, and any follow-up that might have ensued. Ms. Bronfman was aware that Mr. Avenatti was going to represent her for this purpose, although the exact nature of his representation was not formalized or documented.  To Ms. Bronfman's knowledge, it was not contemplated that Mr. Avenatti would represent Ms. Bronfman before the Court in any proceedings in the Eastern District of New York.  His services on her behalf in connection with any action have been terminated. Thus, a *Curcio* hearing as to his representation of Ms. Bronfman is unnecessary.

1

Second, I write concerning another issue the Court raised yesterday's *Curcio* hearing. Your Honor implied that Ms. Bronfman at the March 19th *Curcio* hearing was not forthright with the Court by failing to advise the Court that Mr. Avenatti was one of her counsel. At the March 19th *Curcio* hearing, based on her preparation with me for that hearing and our review of the proposed *Curcio* questions suggested by the Government, Ms. Bronfman understood Your Honor's questions to be directed to the potential conflict raised by the relationship between her attorney Mr. Geragos and attorneys at the firm that represents Mr. Raniere, including Mr. Geragos' daughter. I have reviewed the transcript of the March 19th *Curcio* hearing which I attach for the Court's convenience. At no time during that hearing did the Court ask Ms. Bronfman a question which would have suggested Your Honor was asking her to tell the Court the names of all the attorneys with whom she has or is consulting with about this case or the names of the attorneys whom have communicated with the Government on her behalf whether or not that attorney had filed a notice of appearance. There is thus no basis to suggest that Ms. Bronfman failed to disclose Mr. Avenatti's representation to the Court in response to a question that called for that information.

Moreover, the Government was aware of Mr. Avenatti's representation of Ms. Bronfman prior to the March 19th hearing. The meeting referenced by the Government in their March 26th letter occurred earlier on the same day as the *Curcio* hearing, and had been scheduled the day before by Assistant United States Attorney Mark Lesko and Mr. Geragos. It is my understanding that the Government understood the general nature of the basis that Mr. Geragos sought a meeting with the Government and went ahead and scheduled it for March 19th. Yet, the Government did not bring this to the attention of the Court nor to *Curcio* counsel. The only reasonable conclusion to draw from the absence of the communication of this information is that the Government did not understand Mr. Avenatti's representation on behalf of Ms. Bronfman at their meeting raised conflict concerns. The Government did not suggest there was anything improper about the meeting.

To the extent that the Court is now inquiring about who represents Ms. Bronfman in connection with this matter but has not filed a notice of appearance, there are additional attorneys who Ms. Bronfman has consulted with in connection with this matter. Attorney John Sandweg and his firm Frontier Solutions have been representing Ms. Bronfman and

2

advising her on legal matters for several years, including in connection with this matter. Ms. Bronfman's counsel of record have consulted with Mr. Sandweg and his firm for their expertise on immigration matters. In addition, Ms. Bronfman's counsel of record have retained the services of Linda Moreno, who is Of Counsel to Mr. Geragos' firm, as a jury consultant in this matter. As these attorneys have no role in representing Ms. Bronfman before the tribunal and any potential conflict could not lead to an issue on appeal or on a collateral challenge to a conviction, I do not believe that there would be any basis for a *Curcio* inquiry as to these attorneys' representation.  See Stevens v. Lee, 2012 U.S. Dist. LEXIS 98627, at *3 (S.D.N.Y. July 16, 2012) ("there is simply no authority for the proposition that a conviction can be vacated because a defendant, who is represented by [a competent] attorney in a criminal proceeding, chooses to consult with another counsel who gives him poor advice"); Elfgeeh v. United States, 681 F.3d 89, 94 (2d Cir. 2012) ("A court cannot -- and, where a decision is one for the client to make, should not -- ensure that a defendant accepts advice only from his attorney of record. Indeed, many defendants may well take advice from friends or family, including persons claiming legal knowledge, when deciding to accept or reject a plea agreement, to testify at trial, etc. These decisions are for the defendant to make, *see Purdy v. United States*, 208 F.3d 41, 44-45 (2d Cir. 2000), after receiving the informed advice of licensed counsel. That advice may be defective, even non-existent, but the Strickland two-prong test is fully adequate to protect defendants in such cases.").

Finally, I respectfully request that the Court narrowly tailor its questions at the continued *Curcio* hearing to the issue of whether the conflict presented by Mr. Geragos' continued representation of Ms. Bronfman is a conflict that is waivable by her, and if so, whether she knowingly and voluntarily waives that conflict. I will object to any questions that call for Ms. Bronfman to reveal contents of her discussions with her attorneys. In addition, I object to the following questions:

Question 6 - "Based on your review of that letter, do you understand that Mr. Geragos may believe himself to have criminal exposure in connection with the matters under investigation by the SDNY and FBI?" Ms. Bronfman should not be called upon to speculate as to Mr. Geragos' beliefs.

Question 8 & 9- I respectfully request the question be reframed to indicate that her knowledge of the events that took place at the March 19th meeting is based on her review of the Government's March 26th letter. As written the question can be understood to be seeking information she obtained through her conversations with her counsel and that would implicate the attorney/client privilege.

Question 11 - "Do you understand that this meeting may be considered relevant to the prosecution of Mr. Avenatti in the Southern District of New York and any related investigation involving Mr. Geragos?" This question calls for a legal conclusion of which Ms. Bronfman is not qualified to provide an opinion.

Respectfully,

/s/

Donna R. Newman

cc: Counsel of Record for Clare Bronfman and Keith Raniere (via email)
    Avraham Moskowitz, *Curcio* counsel for Keith Raniere (via email)