UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

UNITED STATES OF AMERICA,

-against-

KEITH RANIERE, also known as Vanguard,
CLARE BRONFMAN, ALLISON MACK,
KATHY RUSSELL, LAUREN SALZMAN,
and NANCY SALZMAN, also known as Prefect,

                        Defendants.

------------------------------------------------------------ x

TO BE FILED UNDER SEAL[1]

ORDER

18 Crim. 204 (NGG) (VMS)

**VERA M. SCANLON, United States Magistrate Judge:**

      In the Court's Order dated April 6, 2019, ECF No. 505, the Court found that it did not have sufficient information to make a privilege determination as to one of the disputed emails, Index No. 190 (DOJ_Bronfman_Priv_00002654). The subject email was sent by an attorney retained by ███████████████████, and the recipients were ███████ ████████████████████████████████████████████████████████████ ███████████. As described in Defendant Bronfman's privilege motion, ███████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████████. The Court concluded that it did not have sufficient information to assess the impact that ███████ inclusion on an otherwise intra-corporate email had on the claimed privilege, and invited

---

[1] Only the Court, Defendant Bronfman and her counsel, and the privilege review team may have access to this Order. A redacted public copy will be filed on the docket.

Defendant Bronfman to submit additional evidence. Defendant Bronfman made a supplemental submission on April 10, 2019. ECF No. 520.

The Court has reviewed the supplemental information submitted by Defendant Bronfman and concludes that ▮▮▮▮ inclusion on the subject email did not destroy privilege. Defendant Bronfman submitted documentation of the administrative work that ▮▮▮▮ performed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Based on the information provided, ▮▮▮▮ inclusion on the subject communication was consistent with the tasks she performed ▮▮▮. See, e.g., U.S. ex rel. Miller v. Bill Harbert Int'l Constr., Inc., No. 95 Civ. 1231 (RCL), 2007 WL 915235, at *2-3 (D.D.C. March 27, 2007) (presence of client's assistant did not waive privilege when assistant's job was to witness documents and ensure a record of their creation).

Accordingly, the Court finds that the email at Index No. 190 is privileged and shall not be released any further.

Dated: April 12, 2019
Brooklyn, New York

_____
*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge