UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

UNITED STATES OF AMERICA,

-against-

KEITH RANIERE, also known as Vanguard,
CLARE BRONFMAN, ALLISON MACK,
KATHY RUSSELL, LAUREN SALZMAN,
and NANCY SALZMAN, also known as Prefect,

                Defendants.

TO BE FILED UNDER SEAL[1]

ORDER

18 Crim. 204 (NGG) (VMS)

------------------------------------------------------------ x

**VERA M. SCANLON, United States Magistrate Judge:**

The Court ordered that the Government and Defendant Bronfman submit proposed redactions to the privilege Orders filed at ECF Nos. 505 and 507. Counsel have conferred as to whether they can agree to redactions that should be made before the Court's April 6 and April 8 privilege Orders are posted publicly. See ECF No. 505 & 507. Counsel largely agree and propose several redactions, which the Court accepts. Defendant Bronfman also proposes certain additional redactions concerning ███████████████████████████████████ ███████████████████████████████████████████████████████. See ECF No. 520, Exs. D, E.

First, as to ███████████████████████████, the Court finds that Defendant Bronfman's additional redactions should be adopted for the reasons stated in the previously filed Order concerning redactions, ECF No. 530, namely, that the communications are covered by the attorney-client privilege ███████████████████████████████

---

[1] The Court, the privilege review team and Defendant Bronfman and her attorneys only may access this Order. The Court will file a public redacted copy of this Order.

1

such that they should not be disclosed. See, e.g., ECF No. 505 at 10, 20. Second, as to documents and discussions of such documents that are communications between and among attorneys and clients, they are protected by the attorney-client privilege and are work product. See, e.g., ECF No. 505 at 9, 12, 13, 14, 16, 17, 18; ECF No. 507 at 2, 3, 4.

Third, it was the privilege holders' burden to assert their various privileges and provide the Court with a basis upon which to review the in camera submission of documents for which privileges were asserted, but which the trial team has not seen. See In re Bonanno, 344 F.2d 830, 833 (2d Cir. 1965) ("[Defendant] concedes, as he must, United States v. Kovel, 296 F.2d 918 (2 Cir. 1961), that the burden of establishing the existence of the relationship rests on the claimant of the privilege against disclosure. That burden is not, of course, discharged by mere conclusory or ipse dixit assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed."). Given the Court's limited information about evidence contained in the vast number of documents seized, searched, produced and reviewed in this case, in order for Defendant Bronfman to satisfy that burden, it was necessary for her to provide some contextual information about the documents so the Court could evaluate the assertions of privilege. In its analysis in the two Orders, the Court quoted from and cited to brief portions of Defendant Bronfman's supporting contextual statements, ▮ ▮ . The Government now argues that the portions of the Orders that discuss the contextual material which was provided in camera, under seal, and without giving the trial team access, should be released publicly.

The Court finds that Defendant Bronfman's additional redactions should also be accepted. Numerous documents were submitted to the Court for in camera review. See United States v. Niagara Cty., N.Y., No. 13 Civ. 503S (HKS), 2014 WL 5500658, at *5 (W.D.N.Y. Oct.

2

30, 2014) (ordering defendant to supply the court, in camera, with a copy of the privilege log and the documents it believes are responsive to the request, but protected by the attorney-client privilege or constitutes material prepared in anticipation of litigation); United States v. Constr. Prods. Research, Inc., No. 3:94 MC 112 (AHN), 1996 WL 684418, at *2 (D. Conn. Oct. 11, 1996) ("The court feels strongly that alleged privileged documents, particularly those alleged to be protected by the attorney-client privilege, should not be disclosed without being reviewed by a judicial officer. Without the benefit of an in camera review which specifically addresses the privilege claims asserted, the court is reluctant to order the disclosure of such documents."); In re Pfizer Inc. Sec. Litig., No. 90 Civ. 1260 (SS), 1993 WL 561125, at *2 (S.D.N.Y. Dec. 23, 1993) (determining issue of privilege based on in camera review of a sample of documents and the parties' letter submissions). Defendant Bronfman provided information that was necessary to assert the privilege. See, e.g., ECF No. 505 at 13, 24 (citing Def. Motion). The privilege review team was allowed to review that material so that it could fully brief the privilege issues. Access to the materials was limited to Defendant Bronfman and her counsel, the privilege review team and the Court so that there could be a full and fair consideration of the assertion of privilege while maintaining the privilege. The Government's proposal to limit the redactions would undermine the painstaking process of review which the counsel and the Court undertook with a goal of maintaining any applicable privileges. See, e.g., Restis v. Am. Coalition Against Nuclear Iran, Inc., No. 13 Civ. 5032 (ER), 2015 WL 1344479, at *3 (S.D.N.Y. Mar. 23, 2015) (describing ex parte process by which court considered state secrets privilege). It would prejudice the privilege holders for presenting a robust defense of the privileges they were entitled to assert, and which in large part, the Court agreed should be sustained. It would be unfair to permit the Government to turn the assertion of a privilege into evidence against a defendant.

Cf. Simmons v. United States, 390 U.S. 377, 394, 88 S. Ct. 967 (1968) (holding that "when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection").

For these reasons, all of the redactions proposed by Defendant Bronfman as to ECF Nos. 505 and 507 are accepted by the Court. Defendant Bronfman is to submit to chambers an electronic copy of the Orders with the full set of redactions, and the Court will file the Order.

Dated: April 12, 2019
   Brooklyn, New York

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge