```
                        UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF NEW YORK


------------------------------------X
                                    :
UNITED STATES OF AMERICA,           :
                                    :    18-CR-00204 (NGG)
                                    :
            v.                      :
                                    :    225 Cadman Plaza East
KEITH RANIERE, et al.,              :    Brooklyn, New York
                                    :
                        Defendants. :    April 22, 2019
------------------------------------X

         TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
               BEFORE THE HONORABLE VERA M. SCANLON
                    UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:         MOIRA PENZA, ESQ.
                            United States Attorneys Office
                            Eastern District of New York
                            271 Cadman Plaza East
                            Brooklyn, New York 11201


For the Privileged          PHILIP PILMER, ESQ.
  Review Team:              ALICIA WASHINGTON, ESQ.



For Clare Bronfman:         KATHLEEN ELIZABETH CASSIDY, ESQ
                            CAROLINE GROSSHANS, ESQ.
                            Hafetz & Necheles, LLP
                            10 East 40th Street, 48th Floor
                            New York, New York 10016




For Nancy Salzman:          ROBERT SOLOWAY, ESQ.
                            Rothman, Schneider, Soloway & Stern
                            100 Lafayette Street
                            New York, New York 10013


(Appearances continue on next page.)


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

```
 1                                                                    2
 2
 3   APPEARANCES CONTINUE:
 4
     For NXIVM:                MICHAEL SULLIVAN, ESQ.
 5
 6
     Court Transcriber:        SHARI RIEMER
 7                             TypeWrite Word Processing Service
                               211 N. Milton Road
 8                             Saratoga Springs, New York 12866
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

3

1  (Proceedings began at 10:39 a.m.)
2          THE CLERK:  Criminal Cause for a Status Conference,
3  Case No. 18-CR-204, United States v. Keith Raniere, et al.
4          Counsel, can you state your name for the record?
5  Good morning, Your Honor.
6          MR. PILMER:  Philip Pilmer and Alicia Washington for
7  the Privileged Review Team.
8          THE COURT:  Good morning.
9          MS. CASSIDY:  Good morning, Your Honor.  Kate
10 Cassidy and Caroline Grosshans on behalf of Ms. Bronfman who
11 waives her appearance.
12         MR. SOLOWAY:  Good morning, Your Honor.  Robert
13 Soloway for Nancy Salzman who likewise waives her appearance
14 today.
15         THE COURT:  So we don't have the other attorneys
16 here, some of who may be otherwise occupied with, at least for
17 Raniere, jury selection.
18         So it seems like there's the practical questions of
19 what, if anything, do the latest events -- I mean literally
20 you have to -- this is like -- it's like you have to stay on
21 top of the Twitter-sphere.  It's like -- I talked to Judge
22 Garaufis and then I looked at the paper.  I'm like what -- I'm
23 making the paper gesture but you know what I mean.  On screen.
24 I'm like wait, oh wow.
25         So really this was to see about these -- where you

4

are with these various privileges and we split it and two, from -- this is from the letter from April 17th it asks just the status.

So there's eight Hale documents and we had Mr. Sullivan on behalf of NXIVM and then we have Ms. Salzman with five documents and then Ms. Brafman's counsel looking -- considering approximately 305 documents but that was just your preliminary list. And -- so the NXIVM piece we've separated -- and I'm still talking to Judge Garaufis about it although it's not conversation that happened before the plea, so I don't know, which is -- there's -- the issue of the status of NXIVM was addressed in one of the motions and so that's on appeal to him.

It seems to me the argument is if NXIVM does not exist then this privilege analysis goes a different way for what's identified here in this letter but a little bit it depends on if [inaudible] has anything to say about that.

So if you haven't scheduled something really I think you need to check in with Judge Garaufis about how this is going to get split or how -- what the timing will be like. And then obviously there's the other piece of it that you're here for today.

So any thoughts on the most efficient way to deal with this and where you all are with privilege?

MR. PILMER: I'm happy to address that, Your Honor.

5

1  So in terms of the five documents from Ms. Salzman --
2              THE COURT:  I'm looking for air conditioning.  Wait.
3  Because we didn't have this on our calendar so they didn't
4  turn on the air conditioner.
5              MR. PILMER:  With respect to the five documents from
6  Ms. Salzman, the Government does not object to the assertion
7  by Ms. Salzman's counsel.  So I think we can move that off the
8  table and there's no need for any review there.
9              THE COURT:  Anything you want to say?
10             MR. SOLOWAY:  I'm just going to sit here.  In light
11 of that we'll ask Your Honor.
12             THE COURT:  Okay.  So then when we get to talk about
13 Brafman's documents I don't know if you should be here.
14             MR. SOLOWAY:  Yes, that would be --
15             THE COURT:  You relax and leave if we --
16             MR. SOLOWAY:  I was hoping that we could do my issue
17 first and then I can be excused, Your Honor.
18             THE COURT:  Okay.  So do you want to say anything
19 else about that besides that you're relaxing?
20             MR. SOLOWAY:  No, no, no.
21             THE COURT:  You're good?
22             MR. SOLOWAY:  We haven't -- I think it would have
23 been prudent of me to reach out to the Government and sort of
24 confirm that because I was wondering why I was here but you
25 ordered me to be here.  I'm here.

6

1           THE COURT:  Okay.
2           MR. SOLOWAY:  And really I couldn't -- I had a
3  feeling that there was consent on this but I think there was a
4  little bit of miscommunication that results in my being here.
5           THE COURT:  Okay.
6           MR. SOLOWAY:  So with that, Your Honor --
7           THE COURT:  From my perspective you can be excused.
8  Anybody think we need -- nice to see you again.
9           MR. SOLOWAY:  Thank you, Your Honor.  Likewise.
10 Have a nice day.
11          THE COURT:  All right.  Thanks.
12          MR. PILMER:  With respect to Ms. Brafman's
13 documents, the initial list was 305 and we received an updated
14 list on Friday afternoon at 2:36 of documents out of
15 approximately 5,000.  However, given the latest developments
16 in the case if Ms. Brafman's counsel consents I think the
17 privilege review team believes it would be prudent that the
18 Court does not need to review those documents for the time
19 being for privilege determinations and we can take more time
20 to engage in dialogue with Ms. Brafman's counsel to determine
21 which ones we would challenge or would not challenge in the
22 future given the plea in this case.
23          THE COURT:  Okay.  So should we seal -- I want to
24 ask you trial ready questions since we're talking about
25 privilege.  Do you want this sealed or do you want it on an

1  open record?  I still have the practical question.  If you
2  agree with the privilege there's not an issue but if you don't
3  agree and we need to resolve it then obviously the Raniere
4  part of this is speeding along.  So -- but I don't -- again,
5  we're on the record and it's not sealed.  So if you are going
6  to speak about this --
7              MR. PILMER:  I won't speak about the substance.
8              THE COURT:  That's fine.
9              MR. PILMER:  I don't believe the privilege review
10 team is saying that we agree that these 236 documents are
11 sealed -- are privileged.  Just that we don't believe there is
12 the same rush that there was before requiring the Court's
13 intervention given the plea.  Many of these documents might
14 have nothing to do with the upcoming trial and given that we
15 got these Friday afternoon and it was Easter and Passover and
16 over the weekend I think we can take the time to engage in a
17 dialogue with Ms. Brafman's counsel to determine whether --
18 not whether we agree with her privilege determination but what
19 actually would require the Court's intervention so that the
20 Court does not need to go document by document through these
21 236 that might have zero relevance any more given the plea in
22 this case.
23             THE COURT:  So what I really would not have a handle
24 on here, is there anything that if it were not privileged
25 would be of interest to Mr. Raniere's counsel?  I don't know

8

1  what these documents are about.  That's the time pressure.  I
2  know you all are not the lawyers.  I can have them come here
3  because it's the dispute.
4              MS. CASSIDY:  It's our understanding that Raniere's
5  lawyer is not asserting privilege over any of these documents.
6              THE COURT:  But do they want them?  I understand
7  they're not saying they're -- well, I don't -- I understood it
8  was not his privilege that we were talking about but if they
9  are not privileged and they can be shared theoretically they
10 could constitute material that he would want to work with.
11             MR. PILMER:  May I have one moment to consult with
12 Ms. Washington?
13             THE COURT:  Yes.
14                       [Off the record.]
15             THE COURT:  So you've had a chance to consult?
16             MS. CASSIDY:  Yes, thanks for the opportunity to
17 confer.  So that -- we had not -- I don't think either side
18 had thought about the documents from that perspective to this
19 point.  I think to the extent that Raniere's counsel would be
20 interested in these documents and receiving these documents
21 they would be the NXIVM privileged documents.  We can confer
22 with Raniere's counsel to see if there are areas that are
23 topics that would be of interested -- interest to his counsel.
24             THE COURT:  About the Bronfman's documents or the
25 NXIVM documents?

9

1           MS. CASSIDY:  The NXIVM documents.
2           THE COURT:  So this is just --
3           MS. CASSIDY:  I don't believe there's anything in
4  the --
5           THE COURT:  Nothing -- you think there's nothing in
6  the Bronfman's documents that are of interest, or how do we
7  deal with this?
8           MS. CASSIDY:  To be honest, we just haven't looked
9  at the documents with that thought in mind.  I doubt it.  I
10 don't think these documents have much to do with the case
11 against Mr. Raniere or his defense but we will go back and
12 take a look from that perspective and consult with his
13 counsel.
14          THE COURT:  So we're going to include that in the
15 order just so you know.  Let me just confirm with Judge
16 Garaufis' clerk that the voir dire is going on -- it might go
17 into the late morning or early afternoon.
18          So that would be -- that's with Bronfman.  And then
19 the NXIVM documents, you want to comment on it or through the
20 hearing for Ms. Sullivan about this?
21          MS. CASSIDY:  I think -- we have not reviewed those
22 and we -- or at least nor the vast majority of them.  Only if
23 they related to our client.  So I can't really comment on the
24 documents that Mr. Sullivan has asserted privilege on.
25          THE COURT:  So I'm not asking you to comment.  I'm

1  making observation for the record that there's kind of two
2  issues.  One that I flagged earlier that the existence of
3  NXIVM such that it can assert privilege is ongoing but on
4  appeal as to a different motion.
5          So I'm not sure what happened here but the other is
6  the obvious part of some of the other motions -- Ms. Bronfman
7  being the person exercising the privilege on behalf of NXIVM
8  saying that because she was either the or one of the key
9  people in NXIVM that she was authorized to express that view
10 and then that the materials are privileged as to NXIVM.
11         So it raises the question about where are we at with
12 regard to her and NXIVM which is a conversation I guess
13 ultimately might get conveyed by NXIVM but given her
14 circumstances of literally changed in the last week since I
15 last heard about this issue it's a question mark here as to
16 what happens with NXIVM both as to that appeal and -- even if
17 Judge Garaufis were to say yes, I agree given what was said
18 about NXIVM was enough on those motions before it still raises
19 the question of what to do about -- what is NXIVM doing now.
20         There were the submissions by Mr. Sullivan as to the
21 various companies and his statements there and on the record
22 that -- here that he would have to confer with the various
23 people who were behind NXIVM.
24         So do you have a sense of a time line of any of the
25 conversations?  So you're talking about conferring with Mr. --

11

1  are you going to confer with Mr. Sullivan about this?
2             MS. CASSIDY:  Yes, we're happy to confer with Mr.
3  Sullivan about this.  One question I have for the Government
4  is I don't believe Judge Garaufis set a date for us to respond
5  to the privilege appeal.  Is that correct?
6             MS. PENZA:  That is correct.  There's no response
7  that we've seen.
8             MS. CASSIDY:  So perhaps we can -- I think because
9  of how recently this occurred none of us have had time to
10 think through how the -- Ms. Bronfman's plea affects these
11 discussions and the privilege, the outstanding privilege
12 assertions.  Perhaps we could have time to confer with
13 relevant parties and -- including our client and get back to
14 the court later this week.
15            THE COURT:  the other thing that Judge Garaufis'
16 clerk let us know is that there was a recently filed --
17 another motion to suppress from -- I didn't have a chance to
18 look at it.  I have no idea what it's about but from Mr.
19 Raniere and he asked -- Judge Garaufis asked during the
20 conference what the Government's time line would be with
21 regard to that.  Although that would be a different team it
22 still is something that's ongoing.
23            So do you think it's realistic for everybody to give
24 me a status by say noon on Wednesday and then if you all --
25 obviously just trying to run this in tandem with Judge

1  Garaufis' schedule.  So since we're both occupied on different
2  pieces of this he may need an answer.  He may set that
3  schedule.  Do you -- and the trial team may come to some other
4  decision.  I don't know.
5       The problem is obviously the trial date because
6  [inaudible] all this down if we were dealing with this under a
7  different kind of schedule but because we're not if there
8  needs to be decisions made then they need to be made.
9       MS. CASSIDY:  I think to some degree we defer to the
10 Government on what is still a live issue from their
11 perspective.
12      THE COURT:  Yes, I agree.  That sounds right because
13 -- right.  If you're not pushing to release the documents --
14 it sort of all fades into the background because you're going
15 to resolve Ms. Bronfman's situation differently than -- it
16 doesn't really --
17      MS. CASSIDY:  I think we're not --
18      THE COURT:  I think but I don't know.  [Inaudible]
19 always you and then there's the trial team which is just --
20      MR. PILMER:  Right.  I think we're not pushing to
21 release these 236 documents that Ms. Bronfman continues to
22 assert privilege on by the start of the trial.  But we will
23 look more closely and confer with Ms. Bronfman's counsel to
24 see if maybe there are a few that are of relevance or that we
25 believe are of relevance because we don't really know exactly

13

1  what's relevant and if that requires the Court's intervention
2  -- but I don't believe we need the Court to decide these 236
3  documents before the trial starts.
4           THE COURT:  Okay.  So that's like Part 1 --
5           MR. PILMER:  Right.
6           THE COURT:  -- of this which is to know -- just to
7  confirm does anything need to be done with Ms. Bronfman's
8  personal privilege and the documents to which they apply and
9  that seems to involve -- I'm talking to Mr. Ingnifilo [Ph.] --
10 talking to the trial team.  Either both sides here --
11 obviously without revealing the substance of the documents and
12 then part two is the NXIVM piece of this which I'll put on the
13 docket that we spoke about it briefly and Mr. Sullivan can
14 order this transcript.  I don't think we're talking about the
15 merits here.  We're just talking about the timing.
16          So is it realistic to talk to him and --
17          MR. PILMER:  The privilege review team would ask the
18 Court to request that Mr. Sullivan for NXIVM give explanations
19 to the privilege review team.  It doesn't have to be for the
20 Court's review yet.  Just for the privilege review team as to
21 why he believes these documents he has asserted privilege on
22 are privileged so that we have a roadmap --
23          THE COURT:  Have you talked to him about this at
24 all?
25          MR. PILMER:  We have not since we received the

14

1  documents, Your Honor, but we can --
2             THE COURT:  It would seem like a conversation might
3  be the faster way to deal with it.
4             MR. PILMER:  Okay.  We'll do that.
5             THE COURT:  If you need it confirmed in writing but
6  to create a whole privilege log at this point probably would
7  be -- I'm as ignorant as to the content of this as anyone else
8  here.  So I don't know but to have him engage in that exercise
9  now rather than just talk to you about it at least in the
10 categories -- maybe he gives you a very simple email that's --
11 whatever.  You know, one to 100 or this and next is this.
12            MR. PILMER:  That's what we were thinking but we
13 will have a conversation first and we'll write to the Court if
14 we need further relief.
15            THE COURT:  Then if I have an update from how Judge
16 Garaufis and I will coordinate the NXIVM question meaning --
17 as I said at the beginning, if it doesn't exist or isn't
18 ongoing that -- as it relates to that appeal then obviously
19 the analysis is different but I think that question has raised
20 a [inaudible] by Ms. Bronfman's plea potentially.
21            Okay.  So you think Wednesday afternoon for just an
22 update?
23            MR. PILMER:  That's fine from the privilege review
24 team.
25            MS. CASSIDY:  That's fine.

```
                                                                  15
 1              THE COURT:  Anything else?
 2              MS. CASSIDY:  No.
 3              MR. PILMER:  Not from us, Your Honor.
 4              THE COURT:  Thanks for coming on short notice.
 5              MS. PENZA:  Thank you.  And sorry we didn't have
 6  quite enough time to -- between the end of the day Friday and
 7  today to put this off or confer further.
 8              THE COURT:  That's all right.  This is rapidly
 9  changing.
10              MS. PENZA:  Rapidly changing.  Thank you, Your
11  Honor.
12              THE COURT:  Thanks.
13  (Proceedings concluded at 11:01 p.m.)
14                            * * * * *
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                     16
 1        I certify that the foregoing is a court transcript from
 2   an electronic sound recording of the proceedings in the above-
 3   entitled matter.
 4
 5
 6                                    Shari Riemer, CET-805
 7   Dated:  April 23, 2019
```