# HAFETZ & NECHELES LLP
ATTORNEYS AT LAW

10 EAST 40TH STREET, 48TH FLOOR
NEW YORK, N.Y. 10016
TELEPHONE: (212) 997-7400
TELECOPIER. (212) 997-7646

April 25, 2019

**VIA ECF (with redactions) and email (without redactions)**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *United States v. Raniere, et al.*, 18-cr-204 (NGG) (VMS)

Dear Judge Garaufis:

    Defendant Clare Bronfman respectfully writes in response to the privilege review team's ("PRT") objections to the privilege orders. (ECF No. 552). Bronfman defers to and incorporates NXIVM's submission of today regarding the company's status, which unequivocally establishes that NXIVM is not a defunct corporation and that NXIVM can continue to maintain its attorney-client privilege.

    As NXIVM's counsel recites, Bronfman is a member of NXIVM's executive board. In proceedings before Judge Scanlon to this point, Bronfman, in consultation with NXIVM's current counsel Mr. Sullivan, had asserted privilege over communications she had with various prior counsel for NXIVM that were seized by the government in the search of her email account. Throughout the proceedings regarding privilege before Judge Scanlon, the government PRT and the trial team had accepted the premise that Bronfman's communications with NXIVM counsel could be privileged, and this premise formed the basis of the parties' extensive negotiations and briefing over the privilege issues. Only now that several defendants (including most recently Bronfman[1]) have entered guilty pleas before Your Honor, has the PRT taken the position that NXIVM has no privilege to assert. ████████████████████████████████████████ ████████████████████████████████████████ It is hornbook law that the privilege is the corporation's alone to waive or assert. As such, neither Bronfman nor any other member of the executive board can unilaterally waive that privilege. *In re O.P.M. Leasing Servs., Inc.*, 13 B.R.

---

[1] The Government's Objections to the Privilege Orders were filed before Bronfman entered a plea of guilty to a Superseding Information on April 19, 2019, but after guilty pleas were entered by Nancy Salzman and Lauren Salzman.

HAFETZ & NECHELES LLP

64, 68 (S.D.N.Y. 1981) (noting that "it is the corporation and not any individual who is entitled to the attorney-client privilege with power to waive or assert it). *See also Arfa v. Zionist Org. of Am.*, No. 13-2942, 2014 U.S. Dist. LEXIS 26970, at *22 n.6 (C.D. Cal. Mar. 3, 2014) (finding that "as the Board is the holder of these privileges, an individual member of the Board does not have the right to waive the privileges on the Board's behalf.") As explained in Mr. Sullivan's affidavit, the authority to assert or waive NXIVM's privilege was validly delegated to him as counsel for NXIVM and he continues to fulfill that obligation on behalf of the company.

Even if the government were to accept that NXIVM is an active corporation, it still contests that the Dr. Park Dietz documents are protected by the work product privilege. *See* Government Objections, at 6. The record and Judge Scanlon's Opinion are clear that Dr. Dietz's work as a forensic psychiatrist retained by NXIVM's counsel falls within work product protections.

As outlined in Bronfman's February 21, 2019 letter brief (ECF No. 448-10)[2], Attorney Bob Crockett represented NXIVM for many years ███████████████████████ ███████████████████████████████████████████████████████████ █████████████████████████, Crockett hired Dr. Park Dietz to assist him in his representation of NXIVM. ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████████████ *See, e.g., United States Postal Serv. v. Phelps Dodge Ref. Corp.*, 852 F. Supp. 156, 161 (E.D.N.Y. 1994) (indicating that "the attorney-client privilege can attach to reports of third parties made at the request of the attorney or the client where the purpose of the report was to put in usable form information obtained from the client"). The record before Judge Scanlon established that NXIVM's retention of Dietz was a *Kovel*-type arrangement whereby Dietz was retained by Crockett on behalf of his client, NXIVM, for purposes of rendering legal advice to NXIVM. *United States v. Kovel*, 296 F.2d 918, 919 (2d Cir. 1961) (critical inquiry is whether "the communication [was] made in confidence for the purpose of obtaining legal advice from the lawyer").

Communications ███████████████████████████████████████████  *See* Judge Scanlon April 4, 2019 Opinion, ECF No. 502, at 9.

As Judge Scanlon explains, "[m]aterials need not be prepared solely for a litigation purpose in

---

[2] Defendant respectfully refers the Court to the more complete discussion of the Park Dietz documents in her brief to Judge Scanlon at ECF No. 448.

HAFETZ & NECHELES LLP

order to merit protection under the work-product privilege." See Scanlon Opinion, at 9. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ See Misek-Falkoff v. Int'l Bus. Machs. Corp. 144 F.R.D. 48, 50-51 (S.D.N.Y. 1992) (finding an expert psychiatrist who was hired for purposes of litigation to render an opinion could "testify at trial based on the examination to the extent necessary," without waiving privilege with respect to all communications). The emails themselves reflect ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Judge Scanlon provided ample case law support for her finding that "disclosure of the Dietz report to the media does not vitiate the work-product privilege protecting the communications underlying the report." Scanlon Opinion, at 13.

      For the foregoing reasons, Your Honor should affirm Judge Scanlon's previous findings regarding the attorney-client privilege. The record is clear that NXIVM is a viable corporation and that Dr. Dietz was acting at the direction of Attorney Crockett under a valid *Kovel* agreement. There has been no clear error of law in Judge Scanlon's findings and her orders should be affirmed in their entirety.

                                         Respectfully submitted,

                                         /s/

                                         Kathleen E. Cassidy
                                         Caroline Grosshans

cc:    Privilege Review Team (without redactions) (via email)
        Michael Sullivan, Esq. (without redactions) (via email)