1

```
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   ------------------------------x
                                       18-CR-204(NGG)
 3   UNITED STATES OF AMERICA,
                                       United States Courthouse
 4            Plaintiff,               Brooklyn, New York

 5            -against-                April 19, 2019
                                       4:00 p.m.
 6   CLARE BRONFMAN,

 7            Defendant.
     ------------------------------x
 8
                 TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
 9            BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
                  UNITED STATES SENIOR DISTRICT JUDGE
10

11   APPEARANCES

12   For the Government:      UNITED STATES ATTORNEY'S OFFICE
                              Eastern District of New York
13                            271 Cadman Plaza East
                              Brooklyn, New York 11201
14                            BY:  MOIRA KIM PENZA
                                   TANYA HAJJAR
15                                 MARK LESKO
                              Assistant United States Attorneys
16
     For the Defendant:       GERAGOS & GERAGOS
17                            Historic Engine Company No. 28
                              644 South Figueroa Street
18                            Los Angeles, California 90071
                              BY:  MARK J. GERAGOS, ESQ.
19                                      - and -
                              HAFETZ & NECHELES LLP
20                            60 East 42nd Street
                              36th Floor
21                            New York, New York 100
                              BY:  KATHLEEN E. CASSIDY, ESQ.
22
     Court Reporter:          LINDA D. DANELCZYK, RPR, CSR, CCR
23                            Phone:  718-613-2330
                              Fax:    718-804-2712
24                            Email:  LindaDan226@gmail.com

25   Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
```

PROCEEDINGS                           2

1              (In open court.)

2              THE COURT:  Please be seated.

3              Be seated in the back.

4              THE COURTROOM DEPUTY:  Criminal cause for a plea.

5              Counsel, please step up.

6              MR. PENZA:  Moira Kim Penza, Tanya Hajjar, and Mark

7    Lesko for the United States.  Good afternoon, Your Honor.

8              THE COURT:  Good afternoon.

9              MR. GERAGOS:  Good afternoon, Your Honor.  Mark

10   Geragos, G-E-R-A-G-O-S, with Kate Cassidy.  And present is

11   Clare Bronfman.

12             THE COURT:  Good afternoon.

13             THE DEFENDANT:  Good afternoon.

14             THE COURT:  All right.

15             Mr. Geragos, I understand that your client wishes to

16   plead guilty to a superseding information subject to a plea

17   agreement.

18             MR. GERAGOS:  That's correct, Your Honor.

19             THE COURT:  Ms. Bronfman, your attorney advises me

20   that you wish to plead guilty to a superseding information

21   pursuant to a plea agreement, and I have certain information

22   that I have to provide you in advance of taking your plea, and

23   I have to ask you some questions.

24             I want your answers to be under oath.  The deputy

25   clerk will swear you in.

PROCEEDINGS                    3

1          THE COURTROOM DEPUTY:  Raise your right hand,

2    please.

3          (Whereupon, the defendant was sworn/affirmed.)

4          THE DEFENDANT:  I do.

5          THE COURTROOM DEPUTY:  Thank you.

6          THE COURT:  Okay.  Please state your full name.

7          THE DEFENDANT:  Clare Webb Bronfman.

8          THE COURT:  Middle name is?

9          THE WITNESS:  Webb, W-E-B-B.

10          THE COURT:  And how old are you?

11          THE DEFENDANT:  I'm 40 years old.

12          THE COURT:  Okay.  And how far did you go in school?

13          THE DEFENDANT:  I went to the 11th grade, halfway

14    through 11th grade, high school.

15          THE COURT:  Okay.  And are you currently employed?

16          THE DEFENDANT:  No, Your Honor.

17          THE COURT:  Okay.

18          Is English your primary language?

19          THE DEFENDANT:  Yes, Your Honor, it is.

20          THE COURT:  Now, have you recently or are you

21    currently or recently been under the care of a physician or

22    psychiatrist, or been hospitalized or treated for any

23    narcotics addiction?

24          THE DEFENDANT:  No, Your Honor, I haven't.

25          THE COURT:  Okay.  Have you taken any drugs,

PROCEEDINGS                          4

1   medicine, or pills or drunk any alcoholic beverages in the

2   last 24 hours?

3            THE DEFENDANT:  No, Your Honor, I haven't.

4            THE COURT:  Okay.

5            Who is attorney?

6            THE DEFENDANT:  Mr. Geragos and Miss Cassidy.

7            THE COURT:  All right.  Very good.

8            And have you been furnished with the charges in the

9   superseding information?

10           THE DEFENDANT:  Yes, Your Honor, I have.

11           THE COURT:  Have you had an opportunity to discuss

12  those charges with your counsel?

13           THE DEFENDANT:  Yes.  Thank you, Your Honor.

14           THE COURT:  Now, the superseding information charges

15  you with two counts.

16           The first count is conspiracy to conceal and harbor

17  illegal aliens for financial gain.

18           Have you discussed that charge with your attorneys?

19           THE DEFENDANT:  Yes, Your Honor, I have.

20           THE COURT:  All right.  And the second count is

21  fraudulent use of identification.

22           Have you discussed that charge with your attorneys?

23           THE DEFENDANT:  Yes, I have, Your Honor.

24           THE COURT:  Okay.  And, Mr. Geragos, in your view,

25  does your client understand these charges that have been

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*

PROCEEDINGS                        5

1   brought against your client in the superseding information?

2              MR. GERAGOS:  Yes, Your Honor, we discussed it.

3   Outside counsel discussed it.  Expert counsel discussed it.

4   It's been a very thorough -- and we've discussed it with the

5   government.  It's been a very thorough back and forth.

6              THE COURT:  Okay, thank you.

7              So I'm going to discuss certain rights that you

8   have, Miss Bronfman.  Please listen carefully to your rights.

9              If at any time you wish to stop and discuss anything

10  with your attorneys, just let me know.  We're in no hurry

11  here.  And I want to make sure that you understand everything

12  that I'm saying to you.

13             THE DEFENDANT:  Thank you.

14             THE COURT:  You have the constitutional right to be

15  charged by an indictment of a grand jury, but you can waive

16  that right and consent to being charged by information of the

17  U.S. Attorney.

18             Do you know what it means to waive a right?

19             THE DEFENDANT:  Yes, I do.

20             THE COURT:  What does it mean?

21             THE DEFENDANT:  It means I no longer have that right

22  applicable to me.

23             THE COURT:  Right.  You given it up.

24             THE DEFENDANT:  Correct.

25             THE COURT:  Okay.  Same idea.

PROCEEDINGS                        6

1          Instead of an indictment, these felony charges

2   against have you been brought by the U.S. Attorney by the

3   filing of an information.  Unless you waive indictment, you

4   may not be charged with a felony unless a grand jury finds by

5   return of an indictment that there is probable cause to

6   believe that a crime has been committed and that you committed

7   it.

8          If you do not waive indictment, the government may

9   present a case to the grand jury and ask it to indict you.

10         A grand jury is composed of at least 16, and not

11  more than 23 persons, and at least 12 grand jurors must find

12  that there is probable cause to believe you committed the

13  crime with which you are charged before you may be indicted.

14         The grand jury might or might not indict you.  If

15  you waive indictment by the grand jury, the case will be

16  proceed against you on the U.S. Attorney's information just as

17  though you had been indicted.

18         So let me ask you these specific questions.

19         Miss Bronfman, have you discussed waiving your right

20  to indictment by the grand jury with your attorneys?

21         THE DEFENDANT:  Yes, I have, Your Honor.

22         THE COURT:  Do you understand your right to an

23  indictment by a grand jury?

24         THE DEFENDANT:  I do, Your Honor.

25         THE COURT:  Have any threats or promises been made

PROCEEDINGS                                7

 1   to induce you to waive indictment?

 2           THE DEFENDANT:  No, Your Honor.

 3           THE COURT:  And do you wish to waive your right to

 4   indictment by the grand jury?

 5           THE DEFENDANT:  Yes, Your Honor.

 6           THE COURT:  I have in front of me a waiver of

 7   indictment in United States of America versus Clare Bronfman.

 8   The case number needs to be placed on the waiver.  We'll do

 9   that in a minute.

10           It's dated today, April 19th, 2019.  I'm going to

11   hand the waiver of indictment to the defendant and her

12   attorneys.

13           MR. GERAGOS:  Thank you.

14           THE COURT:  Okay.  Miss Bronfman, have you read this

15   document?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  Have you discussed it with your

18   attorneys?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  It's a waiver of indictment.  And is

21   that your signature?

22           THE DEFENDANT:  Yes, it is, Your Honor.

23           THE COURT:  And did you execute it today?

24           THE DEFENDANT:  I did, Your Honor.

25           THE COURT:  And, Mr. Geragos, did you also execute

1    the waiver of indictment?

2              MR. GERAGOS:  I did.

3              THE COURT:  Okay.  Please return the waiver of

4    indictment.

5              All right.  I find that the defendant has

6    intentionally, knowingly and voluntarily waived indictment by

7    the grand jury.

8              Okay.  Miss Bronfman, your attorney advises me that

9    you wish to plead guilty to Counts One and Two of the

10   superseding indictment in which you are charged.

11             This is a serious decision and I must be certain

12   that you make it with a full understanding of your rights and

13   the consequences of your plea.  I'm going to explain certain

14   rights to you, and I'm going to ask you questions.  You have

15   been previously placed under oath.

16             You understand that having been sworn to tell the

17   truth, you must do so.  If you were to deliberately lie in

18   response to any question I ask you, you can face further

19   criminal charges for perjury.

20             Do you understand that?

21             THE DEFENDANT:  Yes, Your Honor, I do.

22             THE COURT:  If I say anything that you do not

23   understand or if you need me to repeat anything, just ask.  It

24   is important that you understand everything that goes on in

25   these proceedings.

PROCEEDINGS                                        9

1              Is that clear?

2              MS. HAJJAR:  Yes.  Thank you, Your Honor.

3              THE COURT:  Miss Bronfman, how old are you?

4              THE DEFENDANT:  I'm 40 years old.

5              THE COURT:  How far did you go in school?

6              THE DEFENDANT:  Halfway through 11th grade, high

7    school.

8              THE COURT:  Where did you go to school?

9              THE DEFENDANT:  Predominately in England, and then I

10   went one year and a half in America.

11             THE COURT:  Where?

12             THE DEFENDANT:  One year and a half in America at

13   Taft, and then in Charlottesville, Virginia.

14             THE COURT:  I see.

15             And what country are you a citizen?

16             THE DEFENDANT:  Of this country, United States.

17             THE COURT:  Okay.  And is English your primary

18   language?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  Counsel, have you had any difficulty

21   communicating with your client in any way?

22             MR. GERAGOS:  No, none whatsoever.

23             MS. CASSIDY:  No, Your Honor.

24             THE COURT:  Okay, thank you.

25             Now, Miss Bronfman, I must be certain that whatever

PROCEEDINGS                    10

1      decision you make today, you make with a clear head, so I'm

2      going to ask you some questions about your health.

3              Are you currently or have you recently been under

4      the care of a doctor or psychiatrist for any reason?

5              THE DEFENDANT:  No, Your Honor.

6              THE COURT:  In the past 24 hours, have you taken any

7      pills or drugs or medicine of any kind?

8              THE DEFENDANT:  No, Your Honor.

9              THE COURT:  In the past 24 hours, have you drunk any

10     alcoholic beverages?

11             THE DEFENDANT:  No, Your Honor.

12             THE COURT:  Have you ever been hospitalized or

13     treated for any drug-related problem?

14             THE DEFENDANT:  No, Your Honor.

15             THE COURT:  Is your mind clear as you stand here

16     today?

17             THE DEFENDANT:  Yes, it is.

18             THE COURT:  You understand everything being said to

19     you?

20             THE DEFENDANT:  Yes, I do.

21             THE COURT:  Mr. Geragos, have you discussed the

22     question of a guilty plea with your client?

23             MR. GERAGOS:  Yes.

24             THE COURT:  In your view, does she understand the

25     rights she will be waiving by pleading guilty?

PROCEEDINGS                                11

1              MR. GERAGOS:  Absolutely.

2              THE COURT:  Do you have any question as to your

3    client's competence to proceed today?

4              MR. GERAGOS:  None whatsoever.

5              THE COURT:  Miss Bronfman, you have a right to be

6    represented by counsel at trial and at every other stage of

7    the proceedings in this case.

8              Do you understand?

9              THE DEFENDANT:  Yes, I do.

10             THE COURT:  If at any time in the future it becomes

11   necessary to do so, the Court will appoint counsel for you.

12             Do you understand that?

13             THE DEFENDANT:  Yes, I do.

14             THE COURT:  Miss Bronfman, are you satisfied with

15   the assistance your attorneys have given you thus far in this

16   matter?

17             THE DEFENDANT:  I am extremely.

18             THE COURT:  Do you feel you need any more time to

19   discuss with them the question of a guilty plea?

20             THE DEFENDANT:  No, Your Honor.

21             THE COURT:  I'm going to go over the charges with

22   you.

23             Charge One of the superseding information is for

24   conspiracy to conceal and harbor illegal aliens for financial

25   gain, and it reads as follows:

PROCEEDINGS                              12

1              In or about and between October 2015 and

2      January 2018, both dates being approximate and inclusive,

3      within the Eastern District of New York and elsewhere, the

4      defendant, Clare Bronfman, together with others, knowingly and

5      in reckless disregard of the fact that one or more aliens had

6      come to enter and remained in the United States through

7      violation of law, did knowingly and intentionally conspire to

8      conceal, harbor and shield from detection such aliens in one

9      or more places, including buildings and means of

10     transportation, contrary to Title 8, United States Code,

11     Section 1324(a)(1)(A)(iii), which offense was done for the

12     purpose of commercial advantage and private financial gain,

13     end quote.

14             Do you understand the charge in Count One of the

15     superseding information?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  I'm going to ask the government to set

18     forth the elements of the crime that the government would have

19     to prove to a jury unanimously and beyond a reasonable doubt

20     in order to convict you of Count One if you decided to go to

21     trial.

22             MR. PENZA:  Thank you, Your Honor.

23             For Count One of the third superseding information,

24     conspiracy to conceal and harbor illegal aliens for financial

25     gain, which is based on the same core conduct as Racketeering

PROCEEDINGS                           13

1    Act Eleven of Count Two in the second superseding indictment,

2    the government would prove that:

3           In or about and between October 2015 and

4    January 2018, in the Eastern District of New York and

5    elsewhere:

6           First, as to the conspiracy portion, that there was

7    an agreement between Clare Bronfman and others to conceal or

8    harbor an illegal alien for financial gain, and that Clare

9    Bronfman knowingly and intentionally became a member of the

10   conspiracy.

11          Second, that an alien was in the United States in

12   violation of law.

13          Here the government would prove that Jane Doe 12, an

14   individual who is known to the government and the defendant,

15   was in the United States in violation of law because she was

16   in the United States on a work visa that had been procured

17   through false statements by Clare Bronfman.

18          Third, that the defendant knew or acted in reckless

19   disregard of the facts that the person was an alien who had

20   come to, entered or remained in the United States in violation

21   of the law.

22          Here the government would prove that Clare Bronfman

23   knew that Jane Doe 12 was in the United States in violation of

24   the law, because she was in the United States -- because

25   Bronfman knew that the work visa had been procured on the

PROCEEDINGS                                    14

1    basis of false statements by herself.

2              Fourth, that the defendant's actions in harboring an

3    alien substantially facilitated the alien's ability to remain

4    in the United States.

5              Here the government would prove that Bronfman's

6    housing of Jane Doe 12 substantially facilitated Jane Doe 12's

7    ability to remain in the United States.

8              And fifth, that the defendant acted for the purpose

9    of commercial advantage or private financial gain.

10             Here the government would prove that Bronfman's

11   harboring of Jane Doe 12 was to obtain Jane Doe 12's labor and

12   services for Bronfman, and for one of the NXIVM organizations

13   in which Bronfman held a financial interest without paying

14   Jane Doe 12.

15             And we would also prove that the venue was proper in

16   the Eastern District of New York, because Jane Doe 12 flew

17   into the Eastern District of New York to reach the Northern

18   District of New York where she was harbored by Clare Bronfman.

19             As to Count Two --

20             THE COURT:  Wait.  We're not at Count Two.

21             MR. PENZA:  I'm sorry, Your Honor.

22             THE COURT:  One count at a time.

23             MR. PENZA:  Yes, Your Honor.

24             THE COURT:  Miss Bronfman, do you understand the

25   elements of the crime that the government would have to prove

PROCEEDINGS                    15

1   to a jury beyond a reasonable doubt, and unanimously in order

2   to convict you of the crime charged in Count One of the

3   superseding information?

4          THE DEFENDANT:  I do, Your Honor.

5          THE COURT:  Okay.  Let's move on to Count Two.

6          Count Two alleges fraudulent use of identification,

7   and it reads as follows, quote:

8          In or about and between November 2016 and

9   March 2018, both dates being approximate and inclusive, within

10  the Northern District of New York and elsewhere, the

11  defendant, Clare Bronfman, together with others, did knowingly

12  and intentionally transfer, possess and use without lawful

13  authority, in and affecting interstate and foreign commerce

14  one or more means of identification of another person to wit:

15  Jane Doe 7, an individual whose identity is known to the

16  United States Attorney, with the intent to commit and aid and

17  abet and in connection with unlawful activity that constituted

18  one or more violations of federal law, to wit:  Attempted tax

19  evasion in violation of Title 26, United States Code,

20  Section 7201, resulting in the obtaining of things of value

21  aggregating $1,000 or more during a one-year period, end

22  quote.

23         So do you understand the charge that has been

24  brought against you in Count Two?

25         THE DEFENDANT:  I do, Your Honor.

PROCEEDINGS                           16

1          THE COURT:  And as to Count Two, it's in the

2    Northern District of New York.

3          MR. PENZA:  That is correct, Your Honor.

4          THE COURT:  And do I need a waiver of venue for

5    that?

6          MR. PENZA:  Yes, Your Honor.

7          THE COURT:  Is the defense waiving venue as to

8    Count Two?

9          MR. GERAGOS:  Correct, we are.

10         THE COURT:  Okay.  Very well.  All right.

11         In order to convict you of Count Two, the government

12   will have to prove certain elements of the crime to a jury

13   beyond a reasonable doubt and unanimously.

14         I'm going to ask the government to set forth the

15   elements of the crime that would be required in order to

16   convict you.

17         MR. PENZA:  For Count Two of the third superseding

18   information, fraudulent use of identification, which is based

19   on the same core conduct as Racketeering Act Fourteen of

20   Count Two in the second superseding indictment, the government

21   would prove that in or about and between November 2016 and

22   March 2018, in the Northern District of New York and

23   elsewhere:

24         First, that the defendant knowingly caused the use

25   of a means of identification of another person.

PROCEEDINGS                          17

1          Here the government would prove that Clare Bronfman

2   knowingly caused the use of the name and credit card number

3   belonging to Jane Doe 7, an individual known to the government

4   and the defendant, by facilitating Keith Raniere's use of Jane

5   Doe 7's credit card after Jane Doe 7 died.

6          Second, that the defendant did so without lawful

7   authority.

8          Here the government would prove that Jane Doe 7 was

9   deceased, and that no one had lawful authority to use her

10  credit card.

11         Third, that the defendant aided or abetted tax

12  evasion.

13         Here the government would prove that by facilitating

14  Keith Raniere's use of Jane Doe 7's credit card, Bronfman

15  aided and abetted tax evasion by Keith Raniere as part of a

16  scheme to allow him to falsely portray himself as a renunciate

17  and to not pay taxes on his income and assets.

18         Fourth, that use of the means of identification of

19  another person was in or affected commerce between one state

20  and another, or between a state of the United States and

21  another country.

22         Here the government would prove that Jane Doe 7's

23  name and credit card number were used to make purchases of

24  items from out of New York State that were then shipped to New

25  York State.

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*

PROCEEDINGS                    18

1           Finally, that the use of the means of identification

2    resulted in the obtaining of things of value aggregating

3    $1,000 or more during a one-year period.

4           Here the government would prove that significantly

5    over $1,000 worth of purchases were made on Jane Doe 7's

6    credit card within a one-year period.

7           THE COURT:  So, Miss Bronfman, do you understand the

8    elements of the crime that the government would have to prove

9    to a jury unanimously and beyond a reasonable doubt in order

10   to convict you if you went to trial on Count Two, fraudulent

11   use of identification?

12          THE DEFENDANT:  I do, Your Honor.

13          THE COURT:  All right.  I'm going to go over certain

14   rights that you have.  Please listen carefully to your rights.

15          You have the right to plead not guilty to these

16   charges.  No one can be forced to plead guilty.

17          Do you understand that?

18          THE DEFENDANT:  I do, Your Honor.

19          THE COURT:  If you plead not guilty to these

20   charges, you have the right under the constitution and laws of

21   the United States to a speedy and public trial before a jury

22   with the assistance of your attorney.

23          Do you understand that?

24          THE DEFENDANT:  Yes, Your Honor, I do.

25          THE COURT:  At any trial, you would be presumed to

PROCEEDINGS                    19

1   be innocent.  You would not have to prove that you were

2   innocent.  This is because under our system of law, it is the

3   government that must come forward with proof that establishes

4   beyond a reasonable doubt that are you guilty of the crimes

5   charged.  If the government failed to meet this burden of

6   proof, the jury would have the duty to find you not guilty.

7           Do you understand that?

8           THE DEFENDANT:  Yes, Your Honor.

9           THE COURT:  In the course of the trial, witnesses

10  for the government would have to come here to court and

11  testify in your presence.  Your attorneys would have the right

12  to cross-examine these witnesses.  They could raise legal

13  objections to evidence the government sought to offer against

14  you.  They could offer evidence on your behalf and compel

15  witnesses to come to court and testify if you or your

16  attorneys thought there was evidence that might help you in

17  this case.

18          Do you understand that?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  At a trial, you would have the right to

21  testify in your own behalf, if you wished to do so.  On the

22  other hand, you could not be forced to be a witness at your

23  trial.  This is because under the constitution and laws of the

24  United States, no person can be compelled to be a witness

25  against herself.  If you wish to go to trial and chose not to

1   testify, I would instruct the jury that they could not hold

2   that against you.

3           Do you understand that?

4           THE DEFENDANT:  I do, Your Honor.

5           THE COURT:  Instead of going to trial you plead

6   guilty to the crimes charged, and if I accept your pleas of

7   guilty, you will be giving up your right to a trial and all

8   the other rights I have just discussed.  There will be no

9   trial in this case, as far as you are concerned.  There will

10  be no appeal on the question of whether you did or did not

11  commit these crimes.  The only reason that you could appeal

12  would be if you thought I did not properly follow the law in

13  sentencing you; otherwise, I will simply enter a judgment of

14  guilty based upon your pleas of guilty.

15          Do you understand that?

16          THE DEFENDANT:  I do, Your Honor.

17          THE COURT:  If you do plead guilty, I will have to

18  ask you certain questions about what you did in order to

19  satisfy myself that you are guilty of these charges.  You'll

20  have to answer my questions and acknowledge your guilt.  If

21  you do this, you will be giving up your right not to

22  incriminate yourself.

23          Do you understand that?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Miss Bronfman, are you willing to give

PROCEEDINGS                           21

1    up your right to a trial and all the other rights I have just

2    discussed with you?

3              THE DEFENDANT:  I am, Your Honor.

4              (Court Exhibit 1, was received in evidence.)

5              THE COURT:  I have in front of me a plea agreement

6    in United States of America against Clare Bronfman,

7    18-CR-204-S3.  It's marked as Court's Exhibit Number 1.  It's

8    dated today, April 19th, 2019, and it consists of 11 pages.

9    And I'm going to hand it to the defendant and her attorneys

10   and ask some questions.

11             Miss Bronfman, have you read this document?

12             THE DEFENDANT:  I have, Your Honor.

13             THE COURT:  And have you discussed it with your

14   attorneys?

15             THE DEFENDANT:  I have, Your Honor.

16             THE COURT:  Have your attorneys answered any and all

17   questions that you had about it?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  And do you understand your rights and

20   your obligations under this agreement?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Mr. Geragos, are you satisfied that your

23   client understands her rights and obligations under this

24   agreement?

25             MR. GERAGOS:  I am.

PROCEEDINGS                                    22

1          THE COURT:  On page 11 of the agreement,

2   Miss Bronfman, is that your signature by your name?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Did you sign it today?

5          THE DEFENDANT:  I did.

6          THE COURT:  And your counsel also signed it today;

7   is that correct?

8          MR. GERAGOS:  That's correct.  Both Miss Cassidy and

9   I signed it this afternoon.

10         THE COURT:  And the government has executed the

11  agreement as well?

12         MR. PENZA:  Yes, Your Honor.

13         THE COURT:  Okay, please return the agreement.

14         Now, I have an important question for you,

15  Miss Bronfman.

16         Is there any other promise that's been made to get

17  you to plead guilty that is not found in this agreement?

18         THE DEFENDANT:  No, Your Honor.

19         THE COURT:  Okay.

20         Now, I'm going to go over the statutory penalties

21  associated with pleading guilty to these crimes.  The

22  statutory penalties are set forth in paragraph 1 of the plea

23  agreement.

24         As to Count One, conspiracy to conceal and harbor

25  aliens for financial gain, the maximum term of imprisonment is

PROCEEDINGS                        23

1    ten years.  The minimum term of imprisonment, there is no

2    minimum term of imprisonment.

3            The maximum supervised release term is three years,

4    which would follow any term of imprisonment.

5            If a condition of release is violated, you could be

6    sentenced to up to two years in jail without credit for the

7    time you previously served in jail, or the time you previously

8    served on supervised release.

9            There's a maximum fine of $250,000.

10           Restitution.  With regard to restitution, the

11   parties agree that restitution in the amount of $96,605.25

12   payable to John Doe -- I'm sorry, Jane Doe 12, an individual

13   whose identity is known to the defendant, should be ordered by

14   the Court.

15           There's a $100 special assessment.

16           And the defendant is subject to criminal forfeiture

17   as set forth elsewhere in the agreement.

18           Do you understand the statutory penalties associated

19   with pleading guilty to Count One?

20           THE DEFENDANT:  I do, Your Honor.

21           THE COURT:  With regard to Count Two, fraudulent use

22   of identification, the maximum term of imprisonment is 15

23   years.  There's no minimum term of imprisonment.

24           The maximum supervised release term is three years,

25   which would follow any term of imprisonment.

PROCEEDINGS                 24

1          If a condition of release is violated, you could be

2     sentenced up to two years in jail without credit for the time

3     you previously served in jail, or the time you previously

4     served on supervised release.

5          The maximum fine is the greater of $250,000, or

6     twice the gross gain, or twice the gross loss.

7          Restitution is mandatory in the full amount of each

8     victim's losses as determined by the Court.

9          There's a $100 special assessment, which is

10    mandatory.

11         In addition, you're subject to criminal forfeiture

12    as set forth elsewhere in the plea agreement.

13         Sentence is imposed -- well, sentence is imposed on

14    the two counts can run consecutively or concurrently.

15         You understand the statutory penalties associated

16    with pleading guilty to Count Two of the superseding

17    information?

18         THE DEFENDANT:  I do, Your Honor.

19         THE COURT:  At this point I'm going to discuss the

20    sentencing process with you, Miss Bronfman.

21         Mr. Geragos, have you discussed sentencing with your

22    client?

23         MR. GERAGOS:  I have, Your Honor.

24         THE COURT:  And in your view, does Miss Bronfman

25    have a basic understanding about how sentencing would work in

PROCEEDINGS                          25

1    her case?

2              MR. GERAGOS:  More than basic.

3              THE COURT:  Okay.

4              Miss Bronfman, have your attorneys answered all your

5    questions about the sentencing process?

6              MR. GERAGOS:  They have, Your Honor.

7              THE COURT:  And do you believe you have a basic

8    understanding, at least a basic understanding about how

9    sentencing would work in your case?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  Well, I'm going to discuss it with you

12   as well.

13             THE DEFENDANT:  Thank you.

14             THE COURT:  And if at any point you wish to consult

15   with your attorneys, just let me know, we'll stop, and you can

16   have a conversation with your attorneys.  We're in no hurry.

17             THE DEFENDANT:  Thank you.  I appreciate it.

18             THE COURT:  Miss Bronfman, in sentencing you, I'm

19   required to take into consideration a number of things about

20   you and about the crimes to which you are pleading guilty.

21   When I do that, I will be directed to a guideline that will

22   provide a sentencing range.  I'm not required to sentence you

23   within the range provided by the guideline, but I am required

24   to carefully consider the guideline recommendation, among

25   other things, in deciding what would constitute a reasonable

1    sentence in your case.

2            It's my experience that a sentence within the

3    guideline range is often reasonable and appropriate, but this

4    is not always the case.

5            In determining an appropriate sentence for your

6    case, I will consider possible departures from that range

7    under the sentencing guidelines, as well as other statutory

8    sentencing guidelines.

9            I may ultimately decide to impose a sentence that is

10   more lenient or more severe than the one recommended by the

11   guidelines.  If I do so, I will explain the reasons for the

12   sentence that I have selected.

13           Do you understand that?

14           THE DEFENDANT:  I do, Your Honor.

15           THE COURT:  It's important to understand that no one

16   knows today what your exact guideline range will be.  Any

17   calculations contained in your plea agreement are estimates,

18   and I am not bound by them.

19           Do you understand that?

20           THE DEFENDANT:  I do, Your Honor.

21           THE COURT:  Before I impose sentence, I will receive

22   a report prepared by the Probation Department, which will

23   calculate a particular guideline range.  You and your

24   attorneys will have the opportunity to see that report.

25           If you think it is mistaken or incomplete in any

PROCEEDINGS                    27

1    way, you will have the opportunity to bring that to my

2    attention.

3              You must understand that no one can make any promise

4    to you as to the sentence I will impose.  Your attorneys or

5    the prosecutors may have made predictions to you, and they

6    make recommendations to the Court concerning the sentence I

7    should impose, and I will listen carefully to whatever they

8    say.  But you must clearly understand that the final

9    responsibility for sentencing you is mine alone.

10             While I may view this case identically to the

11   attorneys, I may also view the case differently; if so, I may

12   not impose the sentence that they have predicted or

13   recommended.  Even if I sentence you differently from what the

14   attorneys or anyone else has estimated or predicted, you would

15   still be bound by your guilty plea and you will not be allowed

16   to withdraw it.

17             Now, the government has made a prediction as to the

18   calculation of your guideline.

19             Let me understand this, Ms. Penza.

20             Assuming the defendant pleads guilty today and

21   accepts responsibility, the government is predicting that the

22   defendant will have an adjusted offense level of 16, and

23   assuming she is in Criminal History Category I, that her

24   guideline would be 21 to 27 months in the custody of the

25   Attorney General.

PROCEEDINGS                                    28

1             Is that your current prediction?

2             MR. PENZA:  Yes, it is, Your Honor.

3             THE COURT:  You understand the government's current

4    prediction?

5             THE DEFENDANT:  I do, Your Honor.

6             THE COURT:  Now, in this plea agreement letter

7    that's dated today, April 19th, 2019, you have just told me

8    that you have discussed with your attorneys and which you

9    signed today, there is an agreement regarding your right to

10   appeal your sentence.

11            The agreement letter says, and I want to make sure

12   you understand this, that by signing this agreement, you agree

13   not to appeal, or in any other way challenge the sentence I

14   impose upon you if it is 27 months or less.  If I were to

15   sentence to you more than 27 months in jail, and you believe

16   there was a legal or other error in my doing that, you would

17   then have the right to appeal your sentence to the United

18   States Court of Appeals for the Second Circuit.

19            Do you understand that?

20            THE DEFENDANT:  I do, Your Honor.

21            THE COURT:  Do you understand that you have the

22   right to appeal only if I sentence you to more than 27 months?

23            THE DEFENDANT:  Yes.

24            THE COURT:  Do you understand that even if the

25   sentence I give is you more severe than what you may be

PROCEEDINGS                                    29

1      thinking or hoping you will receive, you are still going to be

2      bound by your guilty pleas and not permitted to withdraw them,

3      and you will not be able to challenge or appeal that sentence

4      as long as it is 27 months or less, as we have discussed?

5                  THE DEFENDANT:  I do, Your Honor.

6                  THE COURT:  Okay.  Miss Bronfman, do you have any

7      questions you would like to ask me about the charges, your

8      rights, or anything else related to this matter that may not

9      be clear?

10                 THE DEFENDANT:  No, Your Honor.  Thank you.

11                 THE COURT:  Mr. Geragos, is there anything you would

12     like me to discuss with your client in further detail before I

13     proceed to formal allocution?

14                 MR. GERAGOS:  No, Your Honor.

15                 THE COURT:  Do you know of any reason why your

16     client should not enter pleas of guilty to these charges?

17                 MR. GERAGOS:  None.

18                 THE COURT:  Are you aware of any viable legal

19     defenses to these charges?

20                 MR. GERAGOS:  Well, depends on your definition of

21     viability.  But, no, I think this is clearly --

22                 THE COURT:  Do you want to talk about definitions of

23     viability?

24                 MR. GERAGOS:  No, I don't.

25                 THE COURT:  I'll get my dictionary.

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*

PROCEEDINGS                            30

1              MR. GERAGOS:  She falls squarely within the two

2      counts.  The activity falls squarely within the two counts.

3              THE COURT:  All right.  Very well.

4              Anything else before I proceed to the allocution and

5      taking the plea?

6              MR. PENZA:  Your Honor, if we could just ask to

7      putting on the record the forfeiture judgment, and that it

8      will be paid within 60 days of today, in paragraph 6?

9              THE COURT:  I was going to do that later, but...

10             In the plea agreement -- let me just go over that

11     then.

12             MR. PENZA:  Yes, Your Honor.  Thank you.

13             THE COURT:  I'm aware of whether or not there will

14     be regard to that.

15             MR. GERAGOS:  The only concern --

16             THE COURT:  I understand.

17             MR. GERAGOS:  Okay.  Got it.  That's why I shut up

18     quickly.

19             THE COURT:  No, no.

20             And counsel is right on the case right there.  Okay.

21             Now, in paragraph 6 of the plea agreement,

22     Miss Bronfman consents to the entry of a forfeiture money

23     judgment in the amount of $6 million.

24             And this is in lieu -- is this in lieu of the

25     forfeiture of actual property?

PROCEEDINGS                                    31

1          MR. PENZA:  Yes, that's correct.

2          THE COURT:  I'm sorry, real property?

3          MR. PENZA:  That's correct, Your Honor.

4          THE COURT:  I see.

5          So the $6 million is in lieu of the forfeiture of

6   items of real property.

7          MR. PENZA:  Correct.

8          THE COURT:  Pieces of real property.

9          MR. PENZA:  Yes, Your Honor.

10          THE COURT:  Is that correct?

11          MR. GERAGOS:  That is correct.

12          THE COURT:  And you understand that, Miss Bronfman?

13          THE DEFENDANT:  I do, Your Honor.

14          THE COURT:  And do you accept that?

15          THE DEFENDANT:  I do, Your Honor.

16          MR. PENZA:  Thank you, Your Honor.

17          THE COURT:  And the sum, the forfeiture sum must be

18   paid within 60 days?

19          MR. PENZA:  Yes.  After today?

20          THE COURT:  After the day of pleading, which is

21   today.

22          Do you agree to that?

23          THE DEFENDANT:  Yes, Your Honor.

24          MR. GERAGOS:  Yes.

25          THE COURT:  Okay.

PROCEEDINGS                                    32

1            MR. PENZA:  Thank you, Your Honor.

2            THE COURT:  Okay, that's fine.

3            So let me ask you again:  Are you ready to plead at

4   this time?

5            THE DEFENDANT:  Yes, Your Honor.

6            THE COURT:  Okay.

7            How do you plead to the charge contained in Count

8   One of the superseding information charging you with

9   conspiracy to conceal and harbor illegal aliens for financial

10  gain?

11           THE DEFENDANT:  I plead guilty, Your Honor.

12           THE COURT:  How do you plead to the charge contained

13  as Count Two of the superseding information charging you with

14  fraudulent use of identification, guilty or not guilty?

15           THE DEFENDANT:  Guilty, Your Honor.

16           THE COURT:  Are you making these pleas of guilty

17  voluntarily and of your own free will?

18           THE DEFENDANT:  I am, Your Honor.

19           THE COURT:  Has anybody threatened or forced you to

20  plead guilty?

21           THE DEFENDANT:  No, Your Honor.

22           THE COURT:  Other than the plea agreement, has

23  anyone made you any agreement that caused you to plead guilty?

24           THE DEFENDANT:  No, Your Honor.

25           THE COURT:  Has anyone made you any promise about

PROCEEDINGS                                    33

1     the sentences you will receive for these two crimes?

2                THE DEFENDANT:  No, Your Honor.

3                THE COURT:  All right.

4                So at this point I'd like you to tell the Court,

5     briefly in your own words, what you did to commit --

6                Are we going to do them separately or together?

7                MR. GERAGOS:  Together.

8                THE COURT:  Together.

9                -- these two crimes.

10               So what I'd like you to do, you have a prepared

11    allocution, which I take it you have discussed with your

12    attorneys?

13               THE DEFENDANT:  I have, Your Honor.

14               THE COURT:  Okay.  So what I'd like you to do is

15    slowly read your allocution.  All right.

16               And you've gone over these with your attorneys?

17               THE DEFENDANT:  I have, yes.

18               THE COURT:  But it is your statement.

19               THE DEFENDANT:  Correct.

20               THE COURT:  Okay.  Please go ahead.

21               THE DEFENDANT:  Thank you.

22               Your Honor, I was afforded a great gift by my

23    grandfather and my father.  With the gift comes immense

24    privilege, and more importantly, tremendous responsibility.

25    It does not come with the ability to break the law, it comes

PROCEEDINGS                                    34

1   with a great responsibility to uphold the law.  I failed to

2   uphold the following laws set forth by this country, and for

3   that I'm truly remorseful.

4           Between approximately October 2015 and January 2018,

5   along with others, I did harbor an individual who I knew had

6   remained in the United States in violation of the law.  I

7   substantially facilitated her to live and work in our country

8   in a way that would be undetected, and I was wrong.  She did

9   work for me and businesses I was affiliated with, so her work

10  was a financial benefit to me.

11          Additionally, I was wrong to facilitate the use of

12  someone's credit card who had passed away.

13          Between approximately November 2016 and March 2018,

14  I knowingly facilitated the use by another person of a

15  deceased person's credit card, and the use of that person's

16  bank account to the pay the bills for the credit card which

17  were more than a thousand dollars.

18          My office and I handled the logistics of payment of

19  the credit card bill from the bank account, and the person

20  using the credit card did not intend to pay taxes on the

21  income received in the form of payment for goods purchased on

22  the credit card.

23          I meant no harm in either case, however, that does

24  not justify my actions nor their affects, and for this I am

25  truly sorry.

PROCEEDINGS                                     35

1             I endeavored to do good in the world and to help

2      people, however, I have made mistakes.  This experience has

3      taught me the gravity of my responsibility, and I will take

4      these lessons forward in every future decision.  Thank you.

5             THE COURT:  Are there any other questions that you

6      would like me to ask the defendant?

7             MR. PENZA:  Yes, Your Honor.

8             The government would ask that the defendant

9      stipulate as to Count Two that the more than a thousand

10     dollars was within a one-year period.

11            MR. GERAGOS:  So stipulated.

12            MR. PENZA:  I believe the defendant needs to

13     stipulate.

14            THE COURT:  Yes, she has to.

15            Do you stipulate to the fact that the more than the

16     thousand dollar was within a one-year period?

17            THE DEFENDANT:  I do, Your Honor.

18            MR. PENZA:  And, Your Honor, we would ask that the

19     defendant stipulate that the use of the identification that it

20     did affect interstate commerce.

21            THE COURT:  Do you stipulate that the use of the

22     identification did involve interstate commerce?

23            THE DEFENDANT:  I do, Your Honor.  I stipulate to

24     that.

25            THE COURT:  And?

PROCEEDINGS                                    36

1        MR. PENZA:  And, Your Honor, I know the defendant

2   did waive venue, but I don't believe she allocuted as to

3   venue.  So if she could stipulate that as to the Count One,

4   that it happened within the Eastern District of New York and

5   elsewhere, and as to Count Two, the Northern District of New

6   York and elsewhere.

7        THE COURT:  So with regard to Count One, did the

8   offense take place within the Eastern District of New York and

9   elsewhere?

10        THE DEFENDANT:  Yes, Your Honor.

11        THE COURT:  And as to Count Two, did that crime take

12   place within the Northern District of New York and elsewhere?

13        THE DEFENDANT:  Yes, Your Honor.

14        THE COURT:  Anything further?

15        MR. PENZA:  No, Your Honor.  Thank you.

16        THE COURT:  Anything further?

17        MR. GERAGOS:  No, Your Honor.  Thank you.

18        MS. CASSIDY:  No, thank you.

19        THE COURT:  Very well.

20        Based on the information that you've given me,

21   Miss Bronfman, I find that you were acting voluntarily, that

22   you fully understand the charges, your rights, and the

23   consequences of your pleas; there is, moreover, a factual

24   basis for each of your pleas, I therefore accept your pleas of

25   guilty to Counts One and Two of the superseding information.

PROCEEDINGS                                37

1              I'm going to set a sentencing date of Wednesday,

2     July 31st, 2019.

3              MR. GERAGOS:  I have that case in Utah which starts

4     on the 29th of July.  Is there any way to do it either the

5     week before?

6              THE COURT:  Sure.

7              Is the Government available the week before?

8              MR. PENZA:  Yes, Your Honor.

9              THE COURT:  Wednesday, July 24th.

10             MR. GERAGOS:  Thank you.

11             THE COURT:  How long is that trial going to take

12    you?

13             MR. GERAGOS:  Eight to ten weeks.

14             THE COURT:  Let's make it Thursday, July 25th, at

15    2:30 p.m.

16             MR. PENZA:  Thank you, Your Honor.

17             MR. GERAGOS:  Thank you, Your Honor.

18             THE COURT:  All right, Thursday, July 25th,

19    2:30 p.m.

20             Miss Bronfman, you're going to be contacted by a

21    probation officer for a presentence interview.  Your attorneys

22    will want to be present for the interview.  Please cooperate

23    with the probation officer, who will ask you questions about

24    your background and your education and your health and so

25    forth.

PROCEEDINGS                     38

1          The probation officer will write a presentence

2    investigation report.  That will be provided to you and your

3    attorneys to review, and to the government and to the Court.

4          If there's anything that's erroneous in the report,

5    or if you want me to know something about you that hasn't been

6    covered in the report, please discuss that with your attorneys

7    and they will provide a letter to the probation officer

8    identifying those items that need to be dealt with.

9          And then I will have read everything that's in the

10   report and any letters and other materials that are provided

11   to me by your lawyers and by the government prior to the

12   sentencing.  So when you come to court and on the day of

13   sentencing, I will be prepared to sentence you.

14         Should you think of anything at the last minute and

15   want to mention it in your statement at sentencing, please

16   discuss that with your attorneys in advance before saying

17   anything to me.

18         THE DEFENDANT:  Yes.  Thank you, Your Honor.

19         THE COURT:  All right?

20         Okay.  I'm going to return the plea agreement to the

21   government and request a photostatic copy for the Court's

22   file.

23         MR. PENZA:  Thank you.

24         THE COURT:  And is there anything else from the

25   government?

PROCEEDINGS                                39

1              MR. PENZA:  No, Your Honor.

2              THE COURT:  Bail remains in place.

3              MR. PENZA:  Yes, Your Honor.

4              MR. GERAGOS:  Thank you very much.

5              THE COURT:  All right.  Thank you very much.

6              Have a nice day.

7

8              (Whereupon, the matter was concluded.)

9

10                      *     *     *     *     *

11

12  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.

13

14  s/ Linda D. Danelczyk                April 20, 2019

15

16    LINDA D. DANELCZYK                      DATE

17

18

19

20

21

22

23

24

25