USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

RECEIVED U.S. MARSHALS EDNY  2019 AUG -7 AM 11:13

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| United States | 18-CR-204 (S-3) |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Clare Bronfman | Order of Forfeiture |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
United States Marshals Service
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
225 Cadman Plaza East Street, Brooklyn, New York 11201

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

RICHARD P. DONOGHUE, United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
Attn:

Number of process to be served with this Form 285:
Number of parties to be served in this case:
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service*):

Please execute the Order of Forfeiture and deposit the Chase Cashier's Check No. 9802858885 ($6,000,000.00) into the SADF.

CAT ID # 19-FBI-005518

Signature of Attorney other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT
*Karin Orenstein by EV*
TELEPHONE NUMBER: (718) 254-6188
DATE: 8/7/19

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted)
Total Process:
District of Origin No. 53
District to Serve No. 53
Signature of Authorized USMS Deputy or Clerk
Date: 8/7/19

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (*See remarks below*)

Name and title of individual served (if not shown above):
☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address (complete only different than shown above):
Date: AUG 08 2019
Time: ☐ am ☐ pm
Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| $65 | — | | $65 | — | $0.00 |

REMARKS: $6,000,000.00 deposited into the SADF on 8/8/19

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/80

RECEIVED
US MARSHALS EDNY
2019 AUG -7 AM 11: 13

BDM:KKO
F. #2017R01840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | CONSENT ORDER OF FORFEITURE |
| - against - | 18-CR-204 (S-3) (NGG) |
| CLARE BRONFMAN, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - X

WHEREAS, on or about April 19, 2019, CLARE BRONFMAN, (the "defendant"), entered a plea of guilty to the offenses charged in Count One and Count Two of the above-captioned Superseding Information, charging violations of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18 U.S.C. § 1028(a)(7), 1028(b)(1)(D) and 1028(c)(3)(A); and

WHEREAS, the defendant has consented to the entry of a forfeiture money judgment in the amount of six million dollars and zero cents ($6,000,000.00) (the "Forfeiture Money Judgment"), as: (a) any property constituting, or derived from, proceeds obtained directly or indirectly as a result of a violation of 18 U.S.C. § 1028, and thus is forfeitable to the United States pursuant to 18 U.S.C. § 982(a)(2)(B); (b) a substitute *res* for the following real properties (the "Properties"):

    a.
    b.
    c.
    d.
    e.
    f.  1475 U.S. 9, Clifton Park, New York,

which Properties represent: (i) any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of a violation of 8 U.S.C. § 1324, and thus is forfeitable to the United States pursuant to 18 U.S.C. § 982(a)(6); and (ii) the gross proceeds of a violation of 8 U.S.C. § 1324, and any property traceable to any such gross proceeds, and thus is forfeitable to the United States pursuant to 18 U.S.C. § 982(b)(6) and 8 U.S.C. § 1324(b); and/or (c) substitute assets, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 8 U.S.C. § 1324(b), 18 U.S.C. §§ 982(a)(2)(B) 982(a)(6), 982(b)(6), 1028(b)(5), and 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or a certified or official bank check, payable to "United States Marshals Service" with the criminal docket number noted on the face of the instrument. The defendant shall cause said instrument(s) to be delivered by overnight mail to Assistant United States Attorney Karin Orenstein, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full by June 18, 2019 (the "Due Date").

3. Upon entry of this Order of Forfeiture ("Order"), the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title

---

*United States v. Clare Bronfman*, 18-CR-204 (S-3) (NGG)
Order of Forfeiture

Page 2

to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

4. The defendant shall not file or interpose, or assist others to file or interpose, any claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to enforce the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. If the Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any other property of hers up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1). The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

5. The defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives her right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

6. The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due, and shall survive bankruptcy.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment of conviction. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties paid toward the Forfeiture Money Judgment shall be forfeited to the United States for disposition in accordance with the law.

8. Upon the payment in full of the Forfeiture Money Judgment by the Due Date, the United States agrees not to seek any further forfeiture of property owned by the defendant, by the defendant and one or more immediate family members, or by any entity wholly owned by the defendant or by the defendant and one or more immediate family members, as a result of any crimes charged in the above-captioned Superseding Information or in the First and Second Superseding Indictments in *United States v. Bronfman, et al.*, 18-CR-204 (S-1 and S-2). To the extent that such property is partially owned by unrelated third parties, the United States may seek forfeiture of the unrelated third parties' interests in such property. The defendant disclaims any interest in and agrees not file or interpose, or assist others to file or interpose, any claim or petition seeking remission or contesting the forfeiture of following properties: the real property located at 455, 457 and/or 449 New Karner Road, Albany, NY 12205, together with such property's respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, and all proceeds traceable thereto. Nothing in this order shall prevent the United States from pursuing any property to satisfy the defendant's restitution obligations or any criminal fine imposed by the Court.

9. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10. This Order shall be final and binding only upon the Court's "so ordering" of the Order.

11. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern



District of New York, Attn: Elizabeth Valeriane, FSA Law Clerk, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
_____June 14_____, 2019

RICHARD P. DONOGHUE
United States Attorney
Eastern District Of New York
271-A Cadman Plaza East
Brooklyn, New York 11201

By: _____
Karin Orenstein
Assistant U.S. Attorney
(718) 254-6188

_____
Mark J. Geragos, Esq.
Kathleen Cassidy, Esq.
Attorneys for Clare Bronfman

Geragos & Geragos
644 South Figueroa Street
Los Angeles, CA 90017

Hafetz & Necheles
10 E. 40th Street, 48th Floor
New York, NY 10016
(212) 997-7400

_____
Clare Bronfman
Defendant

SO ORDERED:

_____ 6/19/19
HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE

A TRUE COPY ATTEST 6/21/20 19
DOUGLAS C. PALMER CLERK
BY: _____ DEPUTY CLERK

United States v. Clare Bronfman, 18-CR-204 (S-3) (NGG)
Order of Forfeiture