# HAFETZ & NECHELES LLP
ATTORNEYS AT LAW

10 East 40th Street, 48th Floor
NEW YORK, N.Y. 10016
TELEPHONE: (212) 997-7400
TELECOPIER. (212) 997-7646

December 11, 2019

**VIA ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Raniere, et al.*, 18-cr-204 (NGG)

Dear Judge Scanlon:

On behalf of our client Clare Bronfman, we write in response to the government's letter motion dated November 22, 2019 (ECF No. 814).

The government seeks reconsideration of Judge Garaufis's 4/26/19 ruling affirming the Orders of this Court dated 4/4/2019. The government asserts that reconsideration of those decisions is appropriate under the local civil rule addressing such motions because of information the Court "overlooked." ECF No. 814 at 2.

Notwithstanding the label the government has affixed to its motion, the government is not alerting the Court to matters that either this Court or the District Court overlooked. Rather, it is alerting the Court to what it believes are changed circumstances related to NXIVM corporate entities since the dates of the decisions earlier this year – decisions that were correct and well-founded. As the government has not cited a proper basis for reconsideration, we ask the Court to deny the government's motion on that basis alone.

If the Court decides to entertain the government's motion, Ms. Bronfman opposes the reopening of the privilege litigation as it relates to the documents seized from her email account. We note that since the date of her guilty plea, Ms. Bronfman has resigned from the board of NXIVM. She has no ability to assert or waive a privilege on behalf of the corporation, which power remains with NXIVM's counsel. Garaufis Mem. at 6 (holding that NXIVM's counsel had the power to assert or waive the privilege on behalf of NXIVM, and that Bronfman could not unilaterally waive privilege over communications she had with NXIVM's counsel). We defer to

NXIVM's counsel as to all matters related to NXIVM's privilege and its corporate status.[1] As explained below, however, Ms. Bronfman objects to the reopening of the extensive privilege litigation which was conducted before this Court earlier this year.

To begin with, it is not clear what relief the government is seeking through its motion for "reconsideration" of NXIVM's privilege or what the implications of such a reconsideration would be at this stage of the proceedings. The government appears to be seeking access to more than the limited set of documents as to which privilege issues were fully litigated and were addressed in Judge Garaufis's 4/26 Order. *See* Gov. Letter at 4.

If the government is seeking access to documents that were addressed in Orders by this Court which were not appealed to the District Court, the government has waived its right to review of those decisions by failing to timely object to them pursuant to Rule 59. *See* Fed. R. Crim. P. 59; *United States v. Ballares*, 317 F. App'x 36 (2d Cir. 2008).

Moreover, if the government is seeking access to NXIVM documents which were never addressed by the previous privilege litigation and this Court's orders, as its letter seems to suggest, this would require reopening the time-consuming process that the parties engaged in before this Court over several months in 2018-19 before Ms. Bronfman pled guilty.

As the Court may recall, from the documents seized from Ms. Bronfman's email account alone, there were approximately 24,000 documents that were segregated and withheld from Prosecution Team review because they were potentially privileged.[2] The government's Privilege Review Team ("PRT") and Bronfman's counsel engaged in a process in which the PRT identified selected batches of documents that it did not believe were privileged from the approximately 24,000 potentially privileged documents. The PRT addressed approximately 2,300 documents in in this fashion. Bronfman's counsel then determined whether we agreed with the PRT's assessment of the documents as not privileged (which we did in many cases), or whether we believed a valid privilege applied, and the parties met and conferred. Only a small number of documents, 249, remained in dispute after this meet-and-confer process and were litigated. *See* Bronfman's Motion, ECF No. 363; Privilege Review Team's Opposition, ECF No. 448.

---

[1] With respect to the issue of whether NXIVM still has the ability to assert a privilege, we note that the issue is not as straightforward as the government would have the Court believe. We attach as Exhibit A a transcript of proceedings in the District of New Jersey from October 2, 2019 in NXIVM Corp. v. Ross Institute, et al, 06-cv-01051.

[2] We only address those aspects of the government's motion that bear on the potentially privileged documents seized from Ms. Bronfman's email account. Counting documents that the government had obtained from other defendants or sources, we believe the number is closer to 40,000. *See* January 18, 2019 Privilege Review Team's Letter to Judge Scanlon, ECF No. 290.

**HAFETZ & NECHELES LLP**

The vast majority of the potentially privileged documents have *not* been reviewed by either the PRT or Bronfman's counsel, and are not easily segregated into "NXIVM privilege" and personal privilege categories.  Many of the attorneys with whom Ms. Bronfman communicated by email represented both NXIVM corporate entities and Ms. Bronfman individually in the same or other legal matters; accordingly, sorting out which emails were only subject to a corporate privilege would be time-consuming and require review by both parties.  Many emails will raise questions of joint defense privileges and would need to be reviewed by counsel for other individuals.  Furthermore, there are numerous corporate entities involved and it may not be easy to sort emails by which corporate entity's privilege is implicated.

Before undertaking this burdensome process, the Court and the parties are entitled to understand what exactly the government is seeking, the reason why it is seeking these documents at this stage of the proceedings, and the impact any litigation will have on the timeline for the remainder of this case.

Ms. Bronfman has an interest in finality and in protecting her own personal privileges.  She needs a fair opportunity to protect any lawful privileges that belong to her, but is entitled to know whether this process, regarding documents seized from her email account pursuant to search warrants executed in March and October 2018, will delay her sentencing, particularly as she has been restricted to home detention since her arrest in July 2018.

We thus respectfully object to the reopening of the privilege litigation, and ask the Court to deny the government's motion, or in the alternative require the government to provide further information about what documents it is seeking in its motion, and what process it envisions for resolving any disputed privilege issues in those documents.

Respectfully submitted,

/s/

Kathleen E. Cassidy

cc: All parties (by ECF)