# HAFETZ & NECHELES LLP
ATTORNEYS AT LAW

10 East 40th Street, 48th Floor
NEW YORK, N.Y. 10016
TELEPHONE: (212) 997-7400
TELECOPIER. (212) 997-7646

December 18, 2019

**VIA ECF**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Raniere, et al.*, 18-cr-204 (NGG)

Dear Judge Garaufis:

We write to address Your Honor's Scheduling Order entered yesterday, and to respectfully request an adjournment of the dates announced therein. This is defendant's first request for an adjournment of the sentencing date.

We received the Presentence Investigation Report for Ms. Bronfman ("PSR") on the afternoon of Friday, December 13, 2019. Her sentencing is currently scheduled for January 8, 2020. Under Federal Rule of Criminal Procedure 32(e)(2), the minimum required notice to the defendant and the defendant's attorney is 35 days before sentencing, which means the earliest possible sentencing date, assuming no more than the minimum required notice period is granted, would be January 17, 2020.

Defendant respectfully seeks an adjournment of the sentencing date until a date after the minimum required notice period of 35 days in order to allow the defendant sufficient time to object to the new information contained in the PSR, to allow the Probation Department adequate time to address the defense's objections to material information and sentencing guidelines ranges contained in the report, and to effectively represent our client at sentencing, particularly given the notice we received yesterday that the Court is contemplating an above Guidelines sentence.

The PSR we received on December 13, 2019, less than 26 days before the scheduled sentencing, is 75 pages long and raises numerous alleged instances of wrongdoing and other factual issues apart from the offenses to which Ms. Bronfman pled guilty. It includes several new factual allegations that have not been raised by the government previously, or that differ in

significant ways from the government's previous factual assertions about Ms. Bronfman. (*See*, e.g., PSR ¶¶ 26, 27, 33, 61). Furthermore, the Probation Department has, we believe erroneously, calculated a higher Guidelines range applicable to Ms. Bronfman's offenses of conviction than the parties had calculated in the plea agreement.

It also contains 25 pages of victim impact statements that defendant received for the first time in the PSR. I spoke to AUSA Karin Orenstein about two weeks ago, who informed me that there were victim impact statements relevant to Clare Bronfman that would be included in the PSR that had not yet been provided to the defense. I asked that those statements be disclosed to the defense. AUSA Orenstein agreed that they would be provided, and we discussed at that time that an appropriate protective order would be worked out between the government and defense counsel to allow for disclosure of the complete victim statements and victim identities to defense counsel, but ensuring protection of the victims' identities in any public filings. We did not receive the victim statements until we received the partial victim statements contained in the PSR. I confirmed yesterday with AUSA Hajjar that it is still the government's intention to provide the complete statements to the defense; however, until a protective order is in place and the full statements are provided, defense counsel cannot adequately respond to the victim impact statements included in the PSR or make any appropriate objections to their inclusion in the PSR.

This new information contained in the PSR consists of "material information" and "sentencing guidelines ranges" to which defense counsel is entitled to file written objections. Fed. R. Crim. P. 32 (f)(1) (parties must state in writing any objections, including to "material information" and "sentencing guidelines ranges" contained in the report, within 14 days). Defendant is also entitled to have the Probation Department carefully consider our objections, both factual and legal, and address those objections, prior to making its final Guidelines calculation and recommendation to this Court. *See* Fed. R. Crim. P. 32 (f) and (g).

However, under the Court's announced schedule, defendant's sentencing submission would be due to the Court only one business day after the statutorily prescribed time period in which defendant may file objections to the PSR, and *before* Probation has an opportunity to consider and investigate those objections, and to issue any appropriate addenda. Already, the defendant has alerted the government and the Probation Department to one significant and material error in the PSR – the incorrect statement that Ms. Bronfman had not yet paid her criminal forfeiture obligation. In fact, she did pay the full amount of the forfeiture due under the plea agreement at the time provided in the plea agreement. The government agrees that this was an incorrect statement, and U.S. Probation Officer Deniz informed me this week that she

HAFETZ & NECHELES LLP

anticipates filing an addendum correcting this error after the New Year[1], which under the Court's just-announced schedule would be after the parties' submissions are due.

Thus, defendant respectfully requests the below adjournments to allow counsel sufficient time to investigate, respond, and object to the new information and allegations in the PSR, and to be able to provide the Court with full information in anticipation of sentencing given the Court's notice issued yesterday that it is contemplating an above Guidelines sentence.

- We request until January 9 to file written objections to the PSR[2], provided that we receive the complete victim impact statements seven days prior to that;

- We request until January 27 to file defendant's sentencing submission, provided that Probation has issued any addenda to the PSR by seven days before that;

- We request an adjournment of defendant's sentencing date from January 8, 2020 until a date convenient for the Court after the parties' submissions have been filed, noting that from January 27 through March 6, Mr. Geragos anticipates being on trial in Utah and thus requests a Friday date when the Utah court is not sitting if the sentencing is scheduled in that time frame.

Finally, in view of the Court's notice that it is contemplating a sentence above the Guidelines, we respectfully request that the Court order Probation to provide the parties with a copy of the Probation Office's recommendation to the Court on the sentence. Moreover, if there are specific grounds upon which the Court is contemplating an above Guidelines sentence, we respectfully ask for notice of those grounds so that we may address the Court's concerns specifically in our submission. *Cf. United States v. Cavera*, 550 F.3d 180, 194 (2d Cir. 2008) (although Fed. R. Crim. P. 32(h) does not require notice as a matter of due process post-*Booker*, "'[s]ound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing, and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues.' [*quoting Irizarry v. United States, 550 F.3d 180, 194, 128 S. Ct. 2202,*] 2203. …Judge Sifton followed this sound practice. He did so by informing the parties that he was considering an above-Guidelines sentence because the crime involved trafficking guns to New York City, by referring the parties to relevant articles

---

[1] I informed Officer Deniz that we would be seeking the Court's permission for additional time in which to address any objections to the PSR, and she said she had no objection, and had anticipated the possibility of multiple addenda to this report given its length.

[2] In addition to all the reasons already discussed, the Probation Department's delay in issuing the PSR until this close to sentencing means that the time in which defense counsel must object to the PSR falls over the Christmas holidays.

**HAFETZ & NECHELES LLP**

on the subject, and by adjourning the proceedings so that the parties could prepare submissions and make arguments on the question of whether local variation was justified.").

                    Respectfully submitted,

                            /s/

                    Kathleen E. Cassidy

cc:     AUSAs Tanya Hajjar and Karin Orenstein (via ECF)
          U.S. Probation Officer Angelica Deniz (via email)