# HAFETZ & NECHELES LLP
ATTORNEYS AT LAW


IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 07 2020 ★
BROOKLYN OFFICE

10 EAST 40TH STREET, 48TH FLOOR
NEW YORK, N.Y. 10016
TELEPHONE: (212) 997-7400
TELECOPIER. (212) 997-7646

January 6, 2020

**By ECF**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *United States v. Raniere,* 18-cr-204 (NGG)

Dear Judge Garaufis:

    We write to seek additional time to file defendant Bronfman's objections to the PSR, which are currently due on January 9, 2020. The reason for the request is that defendant has not yet been provided with the complete "Victim Impact Statements," which are included in part in the PSR. While the government has agreed to share the Victim Impact Statements in full with the defense, it has not done so yet because the government's request (to which defendant Bronfman consents) for a protective order covering these victim statements is still pending. *See* ECF No. 820. Once the statements are provided, defendant will need sufficient time to investigate and address the allegations in the statements, including finding and providing any evidence necessary to correct any incorrect statements to Probation. Thus, for the reasons described below, we respectfully request that our objections to the PSR be due fourteen days after the Victim Impact Statements are provided in full to the defense.

    The PSR recites certain "additional crimes" that are not part of the counts of conviction, and states that Victim Impact Statements were solicited from "additional Jane and John Does who were impacted by the defendant's criminal conduct" but who are not victims of the counts of conviction. PSR ¶ 116. Based on only the selected portions of victim statements included in the PSR, defendant cannot discern what the alleged crimes are that the victims are purportedly addressing, or in some cases the victims' identities. Defendant needs this information in order to make any appropriate legal or factual objections to the inclusion of these statements and allegations in the PSR. In particular, defendant must correct any material misstatements in the Victim Impact Statements so that the Court has complete and accurate information at sentencing.

# HAFETZ & NECHELES LLP

*See United States v. Alexander*, 860 F.2d 508, 511-12 (2d Cir. 1988) ("Due process requires that the defendant not be sentenced on the basis of materially false information, and he is thus entitled to an effective opportunity to respond to the sentencing position advanced by the government, including an opportunity to review and comment upon the presentence report prepared by the probation office of the court, *see* Fed. R. Crim. P. 32.") (internal citations omitted). In order to do so, defense counsel needs access to the complete victim statements and their identities and sufficient time to respond to the allegations therein. Defendant requests fourteen days in which to respond because addressing the allegations, many of which are new allegations not raised previously in the course of this litigation, will require defense counsel to search the extensive discovery materials for correspondence with the authors of the victim statements or other relevant information in order to identify any contradictory evidence that should be provided to Probation related to the allegations. Without knowing who the victims are or the full scope of their allegations, defendant is unable to do so before obtaining the statements.

As noted above, the government does not dispute the defendant's right to see the complete Victim Impact Statements including the identity of the victims, and will provide them once the Court rules on the proposed restrictions articulated in the government's letter dated 12/21/2019, to which defendant consents. (ECF No. 820).

For the foregoing reasons, defendant respectfully requests that the date for filing her objections to the PSR be adjourned until 14 days after defendant is provided with the complete Victim Impact Statements.

Respectfully submitted,

/s/

Kathleen E. Cassidy

cc: AUSAs Tanya Hajjar and Karin Orenstein (by ECF)
USPO Angelica Deniz (by email)

**Application granted.
So Ordered.**
S/Nicholas G. Garaufis
**Hon. Nicholas G. Garaufis
Date:** 1/7/20