# HAFETZ & NECHELES LLP
ATTORNEYS AT LAW

10 East 40th Street, 48th Floor
NEW YORK, N.Y. 10016
TELEPHONE: (212) 997-7400
TELECOPIER. (212) 997-7646

January 24, 2020

**By ECF**
Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Raniere,* 18-cr-204 (NGG)

Dear Judge Garaufis:

      We write to respectfully seek an adjournment of Clare Bronfman's sentencing date and a corresponding adjustment of the date for submission of defendant's sentencing memorandum.

      Pursuant to the December 19, 2019 Scheduling Order set by Your Honor, Ms. Bronfman's sentencing is currently scheduled for February 14, with her sentencing memorandum due on January 27. Since those dates were set, Your Honor allowed Ms. Bronfman two weeks from the date she receives complete victim statements to file her objections to the initial PSR. (ECF No. 832). We received the victim statements from the Government this week, on January 22, and received additional victim statements today, January 24, meaning that our objections to the PSR are due on February 7. The victim statements we received total 198 pages. We intend to file our objections to the PSR with Probation and the Government, as scheduled, no later than February 7.

      However, as set forth in greater detail below, defendant seeks an adjournment of the remaining sentencing dates in the Dec. 19 Scheduling Order because the dates set therein for the sentencing hearing (2/14) and defendant's sentencing submission (1/27) do not allow for sufficient time for the process set forth in Rule 32 to occur, or for defendant to address the allegations in the voluminous victim statements in her sentencing memorandum. Allowing additional time for the parties and Probation to address the factual issues in the PSR will likely result in a more streamlined sentencing process with fewer factual disputes for the Court to resolve.

HAFETZ & NECHELES LLP

As we have noted previously, the PSR contains numerous and complex factual issues material to sentencing that will be addressed in defendant's objections to the PSR on February 7. The Government and Probation will no doubt need time to review our submission and to respond to these objections. As set forth in Fed. R. Crim. P. 32, Probation will need to determine whether to amend the PSR in light of additional factual information provided by defendant and the Government. *See* Fed. R. Crim. P. 32(f)(3) ("*Action on Objections.* After receiving objections, the probation officer may meet with the parties to discuss the objections. The probation officer may then investigate further and revise the presentence report as appropriate.") The Probation Office has previously informed us that they anticipate issuing multiple addenda to the PSR in this case. We anticipate that this process will limit the number of issues and objections that need to be raised with the Court in defendant's sentencing memo, and, significantly, will affect whether (or how many) disputed portions of the Presentence Report or other controverted matters the Court must rule on at sentencing. *See* Fed. R. Crim. P. 32(i)(2-3).

Further, Ms. Bronfman's lead counsel, Mr. Geragos, is beginning jury selection in a trial in Salt Lake City on Monday, January 27, and the trial is anticipated to last at least eight weeks.[1] In order for Mr. Geragos to be able to participate in and prepare for Ms. Bronfman's sentencing, we request that the Court schedule a sentencing date that is after Mr. Geragos's trial concludes.

Thus, we respectfully seek an adjournment of Ms. Bronfman's sentencing date to March 30 or later, with defendant's sentencing memorandum due sufficiently in advance of that date to allow the Court to review it. In the alternative, we request that the Court adjourn Ms. Bronfman's sentencing *sine die*, as it has with the other defendants whose Presentence Reports are not yet completed, and order Probation or the Government to inform the Court when Probation has completed its process of reviewing objections and determining what action to take in response.

Respectfully submitted,

/s/

Kathleen E. Cassidy

cc: AUSAs Tanya Hajjar and Karin Orenstein (by ECF)
USPO Angelica Deniz (by email)

---

[1] Defendant had initially sought to schedule a sentencing date that would occur before Mr. Geragos's trial began. That became impossible due to the length of time Probation needed to complete the PSR in this case.

2