# RONALD SULLIVAN LAW, PLLC

## Ronald S. Sullivan Jr.

August 13, 2020

**VIA ECF**

Hon. Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York

                                  Re:      *U.S. v. Bronfman, 18-Cr.-204 (NGG)*

Dear Judge Garaufis:

       We are the incoming counsel for Clare Bronfman.

       We write to respectfully request a Fatico hearing to clarify for the Court which facts the court properly should rely on in fashioning a sentence for Ms. Bronfman. Unfortunately, the Presentence Report ("PSR") contains a series of demonstrably false and outrageous claims that invites the Court to sentence Ms. Bronfman on the basis of unfounded innuendo and ungrounded inference. Significantly, and to name but one example, the PSR makes the remarkable claim that Ms. Bronfman "used her wealth to support . . . [enumerated] crimes." This, in effect, invites the Court to consider various and sundry crimes for which Ms. Bronfman has not been tried and and to consider evidence adduced in another's criminal trial to draw adverse inferences against Ms. Bronfman. Undersigned cousel conferenced with the Government, and it declined to join in this request.

       The PSR relies on purported "facts" and invites inferences that, put simply, are not supported by competent evidence. One of the more outrageous and unsubstantiated claims in the PSR is that Ms. Bronfman "participated in efforts to secure and recruit immigration status for non-citizens so they could . . . become sexual partners for Raniere." This is plainly false and misleading. A Fatico will show that:

1. DOS was a secret society.

2. DOS and NXIVM are independent entities, each with members not involved in the other.

3. Clare Bronfman had no knowledge of DOS until it was later exposed in the public press, and even then had no knowledge of any of the sexual allegations, or details until they were disclosed in the course of Mr. Raniere's trial or in pretrial discovery.

4. Clare Bronfman did not fund any "sex cult."

5. Clare Bronfman did not fund or provide any financial support to DOS or its operation whatsoever.

(202) 935-4347
rsullivan@ronaldsullivanlaw.com

1300 I Street NW
Suite 400 E
Washington, DC 20005

6. Clare Bronfman did not violate immigration law to recruit or procure anyone to come to the United States for the purposes of forced labor, sexual assault, or for human trafficking.

7. Clare Bronfman did not violate immigration law by harboring five additional aliens.

8. Clare Bronfman knew nothing about any sex trafficking.

9. Clare Bronfman did not facilitate any sex trafficking.

10. Clare Bronfman did not provide any financial support or facilitate sex trafficking whatsoever.

11. Clare Bronfman had no knowledge of Mr. Raniere or any other NXVIM member having sex with underage children.

12. Clare Bronfman did not provide any financial support or facilitate anyone having sex with underage children whatsoever.

13. Clare Bronfman did not fund general NXIVM operations.

14. NXIVM made tens of millions of dollars by providing an executive coaching product that more than 17,000 thousand individuals purchased over the years.

15. NXIVM was self-sufficient and not reliant on Clare Bronfman's financial support in order to continue its operations.

16. Clare Bronfman did not fund the subsistence or lifestyle of Keith Raniere.

To be clear, we are not seeking any undue or unwarranted delay. On the contrary, having now spent more than two years under house arrest in confinement awaiting her sentencing date before this Court, virtually entirely for reasons out of her control, Clare Bronfman wants nothing more than the chance before Your Honor to explain why she got involved in NXIVM and what happened from her perspective. However, having reviewed the entire record, we are concerned that Your Honor will be presented with purported facts unsupported by objective reality. The PSR makes sweeping, unsupported, and unsupportable claims that Ms. Bronman "'funded" crimes for which she was not charged and for which she did not enter a plea. Even more, in a telephonic conversation with the Government, it explained that one ground for seeking an upward departure from the Guidelines is Ms. Bronfman's "conduct around the edges." Such opaque claims contribute to undersigned counsel's concern that the Court will be exposed to a host of claims not properly vetted and contextualized by a Fatico.

Clare Bronfman has taken full responsibility for what she has done wrong, pleaded guilty and agreed to forfeiture and restitution. She did what she pleaded guilty to, and she expects to be punished for that. But having pleaded guilty prior to Keith Raniere's trial, she, of course, had no advocate at Mr. Raniere's trial to challenge claims made about her. Ms. Bronfman's role was discussed in the third person, at times leaving the impression that her role was something far worse than it was. (See e.g., Reuven Fenton and Emily Saul, Seagram's Heiress Clare Bronfman pays feds $6M over role in Nxivm, N.Y. POST (Aug. 14, 2019), available at https://nypost.com/2019/

08/14/seagrams-heiress-clare-bronfman-pays-feds-6m-over-role-in-nxivm/.). We have real concerns, based on the PSR and informal conversations with the government, that what has come to light thus far and what the government may seek to argue at sentencing does not adequately explain Clare's role and leaves behind an unfortunate number of material misimpressions as well as outright inaccuracies and unsupported allegations of fact.

All we ask is that Clare Bronfman be sentenced for what she actually did, and not based on what she did not do, notwithstanding uncorroborated allegations and innuendo to the contrary. We submit under seal our objections to the PSR for the Court's review and respectfully seek leave to present evidence on the factual inaccuracies in the PSR.

Respectfully submitted,

_____
Ronald S. Sullivan Jr.
Counsel for Ms. Bronfman


/S/ Duncan Levin
_____
Duncan Levin
230 Park Avenue, Suite 440
New York, New York 10169
(212) 330-7626