<mark>Case 1:18-cr-00204-NGG   Document 913   Filed 08/14/20   Page 1 of 2 PageID #: 15247</mark>



U.S. Department of Justice

United States Attorney
Eastern District of New York

NS:TH
F. #2017R01840

271 Cadman Plaza East
Brooklyn, New York 11201

August 14, 2020

By ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Clare Bronfman, et al.
               Criminal Docket No. 18-204 (S-2) (NGG) (VMS)

Dear Judge Garaufis:

      The government respectfully submits this letter in response to the defendant Clare Bronfman's letter filed earlier this morning. The letter filed by Bronfman's counsel appears to misapprehend the purpose of a Fatico hearing, which is to resolve specific disputed statements of fact in the Presentence Investigation Report prepared on December 13, 2019 ("PSR"). [1] The bulleted statements set forth in counsel's letter are arguments that they may attempt to make on behalf of their client at sentencing (e.g., "Clare Bronfman did not provide any financial support or facilitate sex trafficking whatsoever") but are not factual disputes requiring resolution by a Fatico hearing. Tellingly, Bronfman does not appear to dispute any of the specific conduct attributed to her in relation to DOS (see, e.g., PSR ¶¶ 97-100 (detailing, among other things, Bronfman's public statements in connection with DOS and her efforts to hire a public relations firm to "rebrand" DOS)).

      The Court has extensive knowledge of the facts in this case, having presided over the trial of Bronfman's co-defendant Keith Raniere. Even if Bronfman were to specifically identify factual disputes with the PSR relating to DOS or her financial support of Raniere, which she has not done, the government respectfully submits that the Court has already afforded Bronfman an opportunity to be heard through "affidavits, letters or other

---

      [1]   Bronfman's prior counsel had previously indicated to the government her view that such a hearing was likely unnecessary.

writings, argument and comment" and need not hold a "full blown evidentiary hearing." <u>United States v. Prescott</u>, 920 F.2d 139, 143 (2d Cir. 1990).

                                                Respectfully submitted,

                                                SETH D. DuCHARME
                                                Acting United States Attorney

                            By:    /s/ Tanya Hajjar
                                                Tanya Hajjar
                                                Assistant U.S. Attorney
                                                (718) 254-6109

cc:        Counsel of Record (by ECF)
            United States Probation Officer Angelica Deniz (by email)