

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NS:TH
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 24, 2020

By ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

            Re:    United States v. Clare Bronfman, et al.
                     Criminal Docket No. 18-204 (S-3) (NGG) (VMS)

Dear Judge Garaufis:

        The government respectfully submits this letter in response to the defendant Clare Bronfman's renewed request for a Fatico hearing in her sentencing submission filed September 22, 2020.  Although Bronfman repeatedly asserts that the government is seeking to advance "incorrect and unproven allegations," see Def. Mem at 6, she does not specifically dispute any of the underlying facts recited by the government or the Probation Department, and does not deny the authenticity of any of the communications or documents appended to the government's sentencing memorandum.[1]

        Bronfman's request to "show at a Fatico hearing the wrongfulness of the government's sweeping allegations against her," Def. Mem. at 1, reflects a fundamental misunderstanding of the purpose of a Fatico hearing, which is to resolve specific disputed statements of fact in the Presentence Investigation Report ("PSR").  Bronfman has not identified any factual dispute that warrants resolution at a hearing.  What Bronfman characterizes as "government innuendo and falsehood" requiring a Fatico hearing are not themselves facts but arguments based on facts.  See, e.g., Def. Mem. at 6-7.

---

      [1]      With respect to Bronfman's continued support of Raniere through the KAR 2018 Trust, the government clarifies that it was the KAR 2018 Trust—funded solely by Bronfman in the amount of $500,000—which has continued to send wire transfers to Marianna and her son after Raniere's conviction, not Bronfman herself.

Bronfman also ignores that facts alleged in the PSR need not be the subject of a <u>Fatico</u> hearing in order for the Court to find them proven for purposes of sentencing.  <u>See, e.g.</u>, <u>United States v. Brown</u>, 52 F.3d 415, 425 (2d Cir. 1995) (noting that Fed. R. Evid. 1101(d)(3) "provides that the rules of evidence do not apply to sentencing proceedings," "18 U.S.C. § 3661 provides that no limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," and U.S.S.G. § 6A1.3 provides "that in resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy") (internal quotation marks and brackets omitted).

Bronfman does not appear to dispute that she used a variety of Nxivm-affiliated organizations to sponsor individuals in order to obtain visas.  She does not appear to dispute that she provided false or fraudulent statements in connection with those visas.  She does not appear to dispute that she wrote and received the email communications that appear in Exhibits A, B, and C.  Instead, Bronfman devotes a large portion of her submission arguing against claims which do not appear in the PSR.  <u>See, e.g.</u>, Def. Mem. at 12 ("The government has not produced—and cannot produce—one witness who says Clare recruited her to DOS.").[2]  The government therefore respectfully submits that Bronfman has not identified any facts that would necessitate a <u>Fatico</u> hearing in advance of sentencing.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney

By:   /s/ Tanya Hajjar
Tanya Hajjar
Assistant U.S. Attorney
(718) 254-6109

cc:        Counsel of Record (by ECF)
           United States Probation Officer Angelica Deniz (by email)

---

[2]        The defendant's claim that the government "in full sophistic prose, invites the reader of its submission to believe that the DOS 'slaves' defied their 'masters' in just this one instance to secretly tell [the defendant] of its existence and solicit her financial support," Def. Mem. at 13, is baffling.  The government has not argued that DOS victims disclosed their membership in DOS to the defendant except to request the return or destruction of their collateral, requests which she ignored.