# RONALD SULLIVAN LAW, PLLC

## Ronald S. Sullivan Jr.

September 24, 2020

**By ECF**

The Honorable Nicholas G. Garaufis
Senior United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

                Re: U.S. v. Clare Bronfman, 18-cr204 (NGG)

Dear Judge Garaufis:

Undersigned counsel respectfully submits this letter in response to the government's letter of September 24, 2020.[1]

The government asserts that Clare Bronfman's Response to the Government's Sentencing Memorandum ("Response Memorandum") "does not specifically dispute any of the underlying facts recited by the government or the Probation Department." See Docket Entry 928, dated September 24, at 1. In truth, the bulk of the Response Memorandum, as well as our Sentencing Memorandum, challenges specific disputed statements of facts in the Probation Department's Presentence Report, as well as factual errors in the government's sentencing submission.

Indeed, the government's position on this issue is fatally undermined by the very letter it just sent to the Court. Remarkably, the government argues that the Response Memorandum does not present disputed facts, yet, at the same time, the government buries in footnote 1 of its letter that the government is correcting a disputed fact. While the government purports to be "clarify[ing]" its position on the KAR 2018 Trust, there is nothing – absolutely nothing – unclear about what the government wrote. The government stated, "even after Raniere's conviction, *Bronfman has continued to wire funds to the 'KAR 2018 Trust'*..." (See Gov't. Sentencing Memo at 57) (emphasis supplied). That statement is both crystal clear and flatly wrong. The need for the government to correct, not clarify, its averment underscores the need for a Fatico hearing.

---

[1] The government misleads the Court by framing Clare's Response to the Government's Sentencing Memorandum as a "renewed request" for a Fatico hearing. This, as the Court knows, it not a "renewed" request. At the most recent status hearing on this matter held via video conference on August 18, the Court ordered undersigned counsel to include the specific objections to the PSR in Ms. Bronfman's sentencing submissions. We complied. To characterize this compliance as "renewing" a request is both unfair and contrary to the Court's instructions on this matter.

(202) 935-4347
rsullivan@ronaldsullivanlaw.com

1300 I Street NW
Suite 400 E
Washington, DC 20005

Many other statements of purported fact by the government need resolution, as well. Counsel even underlined, and sometimes bolded, such disputed statements of facts in the Response Memorandum for expository ease. Here are two, by way of example, but the Response Memorandum speaks for itself in regard to disputed facts that require a <u>Fatico</u> hearing to resolve. The PSR falsely claims that Clare "Bronfman used her wealth to support the below-noted crimes," PSR at Para. 16, and that she "participated in efforts to recruit and secure immigration status for non-citizens so that they could . . . become sexual partners for Raniere," <u>Id.</u> at Para. 21. We address these two false statements of fact in our Memoranda, and will not re-argue the points here.

The government has made and continues to make false statements of fact with respect to Clare's involvement in DOS and related activities that have been adjudged criminal. That the government refuses even to concede that it has no evidence that Clare provided as a much as a penny to support DOS is deeply disturbing. Instead it remains silent and relies on semantic sleight-of-hand to invite conclusions unsupported by facts and, instead, **buries, in yet another footnote, the startling admission that the government "has not argued that DOS victims disclosed their membership in DOS" to Clare**. <u>See</u> Docket Entry 928, dated September 24, at 2. With this admission, the government should strike all language in its sentencing submissions that states, suggests, or implies that Clare had anything to do with the recruitment or solicitation of any women to enter or remain in DOS. The government and the PSR's repeated mention of branding, for example, is inapplicable to Clare, as the government seems now to admit that DOS members did not "disclose[] their membership in DOS to [Clare]." <u>Id.</u> Such references should be redacted and the Court should not rely on them in sentencing Clare.

The government's letter from earlier today has further complicated the factual predicates upon which Clare should be sentenced, and supports our request for a <u>Fatico</u> hearing. Proceeding on this record without a <u>Fatico</u> hearing deprives Clare of her rights to fundamental fairness under the Due Process Clause.

Sincerely,

/s/

Ronald S. Sullivan Jr.
*Counsel for Ms. Bronfman*