UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
UNITED STATES,

           **MEMORANDUM & ORDER**
            **18-CR-204 (NGG)**

     -against-

CLARE BRONFMAN,

         Defendant.

NICHOLAS G. GARAUFIS, United States District Judge.

In advance of her sentencing hearing, Defendant Clare Bronfman, seeking to challenge certain relevant uncharged conduct set forth in her presentence investigation report ("PSR"), moves for an evidentiary hearing pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978). (*See* Aug. 13, 2020 Letter re: *Fatico* Hg. ("Def. Letter") (Dkt. 912).) The Government opposes Defendant's motion, arguing that an evidentiary hearing is not warranted. (Aug. 14, 2020 Gov't Letter re: *Fatico* Hg. ("Gov't Letter") (Dkt. 913).) For the reasons stated below, the court finds that Ms. Bronfman has not identified any factual disputes for which a *Fatico* hearing is required, and Ms. Bronfman's motion is therefore DENIED.

## I. LEGAL STANDARD

18 U.S.C. § 3553(a) instructs district courts to consider, among other things, "the history and characteristics of the defendant" when formulating an appropriate sentence. The purpose of this requirement is to "ensure[] that the punishment will suit not merely the offense, but the individual defendant." *Pepper v. United States*, 562 U.S. 476, 488 (2011).[1] The scope of this inquiry is "largely unlimited as to the kind of information [the

---

[1] When quoting case law, except as otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

district court] may consider, and it is free to consider evidence of uncharged crimes, dropped counts of an indictment, and criminal activity resulting in an acquittal in determining sentence." *United States v. Bennett*, 839 F.3d 153, 161 n.5 (2d Cir. 2016). Such uncharged conduct, or any other conduct otherwise relevant to sentencing but not encompassed by the crimes of conviction, must be proven only by a preponderance of the evidence, with the court resolving any factual disputes. *See, e.g., United States v. Juwa*, 508 F.3d 694, 701 (2d Cir. 2007) ("[T]he evidentiary standard at sentencing is more relaxed than at trial, and the burden of proof on the government is a preponderance of the evidence."). "A sentencing court is not bound by the rules of evidence that would pertain at trial and is not limited to admissible evidence in making its sentencing determination." *United States v. Chang*, 59 F. App'x 361, 363 (2d Cir. 2003) (summary order).

In resolving factual disputes relevant to sentencing, courts in this circuit may, in appropriate circumstances, conduct a *Fatico* hearing, at which the prosecution and the defense introduce evidence that each contends is relevant to sentencing. *See United States v. Lohan*, 945 F.2d 1214, 1216 (2d Cir. 1991) (citing *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979)). The decision as to whether to hold a *Fatico* hearing is committed to the discretion of the district court, which is "not required, either by the Due Process clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes." *United States v. Litwok*, 611 F. App'x 12, 16 (2d Cir. 2015) (summary order). Instead, the district court need only "afford the defendant some opportunity to rebut the Government's allegations." *Id.*

2

## II.  DISCUSSION

Ms. Bronfman argues that a *Fatico* hearing is necessary because the PSR makes various "sweeping, unsupported, and unsupportable claims" regarding her knowledge about, and role in, the illegal activities of her co-defendants, including Keith Raniere, who was convicted following a six-week jury trial of racketeering, racketeering conspiracy, wire fraud conspiracy, forced labor conspiracy, sex trafficking conspiracy, and two counts of sex trafficking. (*See* Def. Letter at 1-3; *see also id.* at 1 (arguing a *Fatico* hearing is needed to prevent the court from sentencing the Defendant "on the basis of unfounded innuendo and ungrounded inference"). Accordingly, Ms. Bronfman asserts that an evidentiary hearing is necessary to demonstrate her lack of knowledge about, involvement in, and funding of Raniere's illegal activities. (*Id.* at 1-3.)

Having reviewed the parties' submissions, however, the court finds that Ms. Bronfman has not put forward a compelling reason for the court to hold a *Fatico* hearing. (*See* Def. Sentencing Mem. (Dkt. 915); Gov't Sentencing Mem. (Dkt. 922); Def. Reply to Gov't Sentencing Mem. (Dkt. 927); Gov't Reply Letter re: *Fatico* Hg. (Dkt. 928).) "No defendant is entitled, as of right, to a *Fatico* hearing to resolve disputed sentencing issues." *United States v. Faibish*, No. 12-cr-265 (ENV), 2015 WL 4637013, at *1 (E.D.N.Y. Aug. 3, 2015). The court has already provided Ms. Bronfman an opportunity to comment on the PSR in her sentencing submissions, *see* Fed. R. Crim. Pro. 32(i)(1)(C), and Ms. Bronfman's counsel will be given the opportunity to make further arguments orally at the sentencing hearing. Nothing in Ms. Bronfman's letter or sentencing submissions suggests that an evidentiary hearing will provide additional clarity as to factual disputes relevant to the court's determination of her sentence, given the opportunity already provided to her to make both written and oral arguments to the court. *See United States v. Cacace*, 796 F.3d 176, 191 (2d

Cir. 2015) ("a district court need not hold an evidentiary hearing to resolve sentencing disputes, as long as the defendant is afforded some opportunity to rebut the Government's allegations"); *see also* U.S.S.G. § 6A1.3, Application Note (explaining that while "the court must ensure that the parties have an adequate opportunity to present relevant information" regarding sentencing disputes, "[w]ritten statements of counsel or affidavits of witnesses may be adequate under many circumstances"). [2]

Accordingly, the court finds that a *Fatico* hearing is unnecessary and defers judgment on the factual disputes raised in the parties' submissions, which will be decided based on those submissions and any arguments the parties make at sentencing.

---

[2] Ms. Bronfman's letter also raises the concern that, because she pleaded guilty before Raniere's trial, she "had no advocate at Mr. Raniere's trial to challenge claims made about her," and that the trial left "the impression that her role was something far worse than it was." (Def. Letter at 2.) While Ms. Bronfman is free to register her disagreement with testimony elicited at Mr. Raniere's trial, the Second Circuit has repeatedly held that a sentencing court is entitled to rely on information "gleaned from a trial in which the person to be sentenced was neither a defendant nor represented by counsel." *Cacace*, 796 F.3d at 191 (2d Cir. 2015). In addition, the fact that a defendant did not have the opportunity to cross-examine witnesses at a trial in which she was not a party is of no moment, because "the Supreme Court and [the Second Circuit] . . . have consistently held that the right to confrontation does not apply to the sentencing context." *United States v. Martinez*, 413 F.3d 239, 242 (2d Cir. 2004).

## III.  CONCLUSION

For the reasons stated above, Ms. Bronfman's (Dkt. 912) motion for a *Fatico* hearing is denied.


SO ORDERED.


Dated:      Brooklyn, New York
            September 24, 2020

                                            /s/ Nicholas G. Garaufis
                                         NICHOLAS G. GARAUFIS
                                         United States District Judge