# RONALD SULLIVAN LAW, PLLC

Ronald S. Sullivan Jr.

October 15, 2020

ELECTRONICALLY FILED

Hon. Nicholas G. Garaufis
Senior United States District Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11215

Re: U.S. v. Clare Bronfman
18-Crim.-204 (NGG)

Dear Judge Garaufis:

The undersigned represents Clare Bronfman. We respectfully write, pursuant to 18 U.S.C. § 3143(b), for bail pending her appeal to the U.S. Court of Appeals for the Second Circuit. Following her guilty pleas to two crimes, fraudulent use of identification and harboring an alien for financial gain, Clare was sentenced on September 30, 2020 to eighty-one months of imprisonment. As set forth herein, Clare poses absolutely no risk of flight and no danger to the community during release. Furthermore, her appeal raises a substantial question of law, which we respectfully submit will result in a reduced sentence. *See* 18 U.S.C. §§ 3143(b), 3145(c); *see also U.S. v. DiSomma*, 951 F.2d 494, 498 (2d Cir. 1991) (the Court may release detainees where the person poses no risk of flight and no danger to the community during release and where the appeal "raises a substantial question of law or fact likely to result in" reversal, a new trial, or a reduced sentence, and is not interposed for purposes of delay).

I. Clare Bronfman Poses No Risk of Flight and No Danger to the Community

Clare Bronfman is not a flight risk and poses zero danger to the community if she were to be released pending appeal, the first two threshold criteria under 18 U.S.C. § 3143(b). As the Court is well aware, she willingly returned to New York from Mexico to face charges and remained here even when the Court *sua sponte* sought an upward variance. She was a model pre-trial services supervisee. Clare poses no danger to "any other person or the community." She has no prior convictions and has never been accused of any sort of violence. Nor did she fund a sex cult, a fact with which this Court agreed. *See, e.g., United States v. Persico*, 376 F. App'x. 155, 157 (2d Cir. 2010) (questioning the finding of danger where the defendant had no criminal record and "the government offer[ed] no direct evidence of [the defendant] either using violence or directing others to use violence.").

Since the outset of this case, at least since the time of the arrest of Keith Raniere, Clare has known that she was under investigation and facing arrest. For example, at the bail hearing for Mr. Raniere, the prosecution said that Clare "is a person who the government does believe has acted as a co-conspirator in criminal activity" with Mr. Raniere. Tr. 6/12 at 24. Nevertheless, Clare voluntarily returned to the United States from Mexico after Mr. Raniere was arrested. Moreover, after Mr. Raniere's arrest, Clare travelled to Europe several times (after informing the U.S. Attorney's Office of

(202) 935-4347
rsullivan@ronaldsullivanlaw.com

1300 I Street NW
Suite 400 E
Washington, DC 20005

her travel plans) and then returned to the United States. *See* Docket Entry No. 68 at p. 3. In addition, Clare, understanding that she was likely to be indicted, rented an apartment in Manhattan, so that she could live in the area — close to her attorneys — while she prepared for trial. Relatedly, Clare's attorneys had asked the government, prior to her arrest, that she be given the opportunity to voluntarily surrender.

Furthermore, while Clare does have significant foreign ties, including family members in England and France and property in Fiji, there is no realistic possibility that she would manage to flee to any of these countries. As to her resources, Clare's only significant source of wealth comes from trusts of which she is the beneficiary, and the Court has already received declarations from the trust advisors that they will not "distribute funds as discretionary distributions to a fugitive from justice." *See* Docket Entry No. 68, at 5.

## II. Clare Bronfman's Appeal Is Likely to Result in a Reduced Sentence

Clare Bronfman's appeal to the Second Circuit intends to raise a substantial question of law or fact likely to result in a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. Specifically, Clare intends to demonstrate, *inter alia*, that her sentence of eighty-one months of imprisonment is (i) disparate with the sentences received by other individuals who pleaded or were found guilty of similar, non-violent crimes; and (ii) contrary to the current measures implemented by federal detention centers to reduce the spread of COVID-19 amongst the prison population. As stated by the Court in *United States, v. Nkanga*, No. 18-CR-713, 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020), "Realistically, the best — perhaps the only — way to mitigate the damage and reduce the death toll is to decrease the jail and prison population by releasing as many people as possible."

In addition to being detained in a facility that potentially has many positive diagnoses for COVID-19, Clare has provided the Court with medical records demonstrating a potentially serious liver disorder that puts her at heightened risk of contracting coronavirus. The risk to Clare's health and safety is sufficiently apparent that denying her release would amount to a cruel wager on her life. *See, e.g., United States v. McKenzie*, No. 18-CR-834, 2020 WL 1503669, at *3 (S.D.N.Y. Mar. 30, 2020) ("[T]he heightened threat posed by COVID-19 to an inmate with a documented respiratory condition in a detention facility with multiple confirmed cases presents a unique combination of circumstances." (citation omitted)); *United States v. Campagna*, No. 16-CR-78, 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020) ("Defendant's compromised immune system, taken in concert with the COVID-19 public health crisis, constitutes an extraordinary and compelling reason.").

\* \* \*

Clare Bronfman will raise substantial questions on appeal which, if resolved in her favor, will likely result in a reduction of her sentence. Furthermore, Clare poses no risk of flight and no danger

Hon. Nicholas G. Garaufis
Senior United States District Judge
October 15, 2020
Page 3

to the community. Accordingly, this Court should grant her bail pending appeal pursuant to 18 U.S.C. § 3143(b).

Respectfully submitted,

Ronald Sullivan Law, PLLC
by: Ronald S. Sullivan Jr.
*Counsel for Clare Bronfman*

cc: All parties (via ECF)