

U.S. Department of Justice

United States Attorney
Eastern District of New York

NS:KMT/TH
F. #2017R01840

271 Cadman Plaza East
Brooklyn, New York 11201

October 16, 2020

By ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Clare Bronfman
                Criminal Docket No. 18-204 (S-3) (NGG)

Dear Judge Garaufis:

      The government submits this letter in response to the defendant Clare Bronfman's motion for bond pending appeal, filed on October 15, 2020. Contrary to the defendant's assertion, she has neither established by clear and convincing evidence that she is not a flight risk nor identified a "substantial question of law or fact" on appeal, much less one that would warrant vacatur of the sentence this Court imposed on September 30, 2020. 18 U.S.C. § 3143. Accordingly, her motion should be denied.

I.    Applicable Law

      A defendant's request to be released on bail pending appeal is governed by Title 18, United States Code, Section 3143(b). The statute provides in relevant part that a defendant "who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained" unless the court finds (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)" and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in," inter alia, "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." Id. § 3143(b)(1). A "substantial question" is a "'close' question or one that very well could be decided the other way." United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985).

      Section 3143 "'establishes a presumption in favor of detention.'" United States v. Belfiore, No. 15-CR-00242 (JFB), 2020 WL 3000499, at *1 (E.D.N.Y. June 3,

2020). As the Second Circuit has explained "[o]nce guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal." United States v. Abuhamra, 389 F.3d 309, 319 (2d Cir. 2004) (internal quotation marks omitted)). Accordingly, following a defendant's conviction, "[t]he burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c) ("Pending Sentencing or Appeal").

II. Analysis

The defendant has failed to meet her burden under § 3143(b)(1) and her motion should therefore be denied. First, contrary to her assertion, she poses a substantial risk of flight. As she acknowledges, she has "significant foreign ties, including family members in England and France, and property in Fiji" (DE 951 at 2), along with access to vast wealth. See United States v. Sabhnani, 529 F. Supp. 2d 377, 381 (E.D.N.Y. 2007) (denying bail pending sentencing in light of defendant's "substantial ties to various countries throughout the world, as well as family members who reside abroad," and her "significant financial resources"). This Court recognized that she posed a significant risk of flight under the more forgiving standard set forth in 18 U.S.C. § 3142 when it granted her release on a $100 million bond, secured with $50 million in assets.

The defendant's incentive to flee has increased significantly following the Court's imposition of a term of 81 months' imprisonment. Courts in this Circuit have so held in light of comparable sentences, for defendants with substantially fewer assets and connections abroad. See, e.g., United States v. Cabrera, No. 16-CR-238 (SRU), 2020 WL 3963887, at *6 (D. Conn. July 13, 2020) (denying request for bail pending appeal and explaining that "six-and-a-half years is still a long time to serve, and it provides [the defendant] with a strong incentive to flee"); United States v. Henry, No. 13-CR-91 (RRM), 2016 WL 30665, at *3 (E.D.N.Y. Jan. 2, 2016) (denying request for bail pending appeal in light of, inter alia, his "powerful incentive to flee" due to "the prospect of more than six years in custody"); United States v. Aleynikov, No. 10-CR-096 (DLC), 2011 WL 1334850, at *1 (S.D.N.Y. Mar. 28, 2011) (finding that "sentence of roughly eight years' imprisonment substantially increases [defendant's] incentive to flee and he has not shown by clear and convincing evidence that he is not likely to do so"). On this basis alone, the defendant's motion should be denied.

Even if the defendant could establish under the circumstances that she is not a flight risk — and she cannot — her motion should be denied because she has failed to identify a "substantial question of law or fact likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B). Her assertion that she "intends to demonstrate" that the Court erred in imposing sentence in light of the sentences imposed in other cases involving "similar, non-violent crimes" borders on the frivolous. First, "the mandate to take into account nationwide disparities under § 3553(a)(6), as distinct from the need to give due weight to the Guidelines under § 3553(a)(4), is modest." United States v. Goberdhan, 499 F. App'x 63, 67 (2d Cir. 2012) (quoting United States v. Wills, 476 F.3d

103, 110 (2d Cir. 2007)). Indeed, the defendant fails to cite a single case in the Second Circuit in which the Circuit has vacated a sentence by comparing it to one or more sentences imposed by different judges, on different defendants, in different cases, and the government is unaware of any such case. Moreover, the Court considered the defendant's "disparity" argument in imposing sentence (DE 936 at 25), and "the weight to be given such [unwarranted] disparities" under § 3553(a)(6), "like the weight to be given any § 3553(a) factor, 'is a matter firmly committed to the discretion of the sentencing judge and is beyond . . . [appellate] review, so long as the sentence ultimately imposed is reasonable in light of all the circumstances presented.'" United States v. Goberdhan, 499 F. App'x 63, 67 (2d Cir. 2012) (quoting United States v. Florez, 447 F.3d 145, 158 (2d Cir. 2006)). Finally, the defendant has failed to direct the Court's attention to any case, or to the conduct of any defendant, that is factually similar to the defendant's conduct in this case. As set forth at length in the Court's sentencing memorandum, the defendant's "criminal conduct places her in an altogether different category from other defendants who are convicted of the same offenses, and therefore her circumstances defy easy comparison." (DE 936 at 25). In sum, the defendant has failed to identify an "unwarranted sentence disparit[y]" under § 3553(a)(6) that will present a "close question" on appeal, and her argument provides no support for her request for bond pending appeal.

Finally, the defendant offers no reason for the Court to revisit its conclusion that "[n]either [the defendant]'s age nor health condition . . . place her in the category of high-risk individuals, and I find that her conduct warrants a custodial sentence even during the pandemic." (DE 936 at 25). Her assertion that she is currently incarcerated in a "facility that potentially has many positive diagnoses for COVID-19" is speculative, and, in any event, refuted by data made available by the Bureau of Prisons ("BOP"). (DE 951 at 2 (emphasis added)). As of the date of this letter, the Metropolitan Detention Center in Brooklyn, New York has no active cases of COVID-19 among inmates.[1] Moreover, the BOP has "developed and has implemented a plan to mitigate the impact of COVID-19 on the federal prison population" and "the implementation of [those] actions . . . appears to have limited the spread of the virus within the institution." United States v. Gumora, 454 F. Supp. 3d 280, 294–95 (S.D.N.Y. 2020) (describing BOP's efforts to mitigate effects of COVID-19); United States v. Haney, No. 19-CR-541 (JSR), 2020 WL 1821988, at *6 (S.D.N.Y. Apr. 13, 2020) ("Still, despite rumors, there is no meaningful counter-evidence suggesting that the COVID-19 virus is rapidly spreading in the MDC, or anything of the kind."). Indeed, as the Honorable Rachel P. Kovner recently found after conducting a two-day evidentiary hearing,

> [r]ather than being indifferent to the virus, MDC officials have recognized COVID-19 as a serious threat and responded aggressively. . . . With [such aggressive] measures in place, just one MDC inmate has been hospitalized in connection with COVID-19, and none have died from the disease, even though

---

[1] See https://www.bop.gov/coronavirus/.

> the surrounding community has been at the epicenter of the
> pandemic.

Chunn v. Edge, No. 20-CV-1590 (RPK), 2020 WL 3055669, at *1 (E.D.N.Y. June 9, 2020). This argument provides no support for the defendant's motion for bond pending appeal.

\* \* \*

For the reasons set forth above, the defendant's motion for bond pending appeal should be denied.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney

By:     /s/
Tanya Hajjar
Mark J. Lesko
Kevin Trowel
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (NGG) (by ECF)
    Defense Counsel (by ECF)

4