**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

UNITED STATES OF AMERICA

                                          Case No.1:18-cr-00204(S3)(NGG)

v.

CLARE BRONFMAN,

                *Defendant*

-----------------------------------------------------------x

**MOTION FOR SENTENCE REDUCTION**
**PURSUANT TO 18 U.S.C. § 3582(C)(2)**

Clare Bronfman, an incarcerated individual at FDC Philadelphia, an administrative-security federal correctional institution in Philadelphia, Pennsylvania, by and through undersigned counsel, respectfully requests that this Court reduce her sentence pursuant to 18 U.S.C. §3582(c)(2).

On February 7, 2024, the United States Department of Probation sent the Court a Supplemental Presentence Report for Clare Bronfman. *See Exhibit A*. Undersigned Counsel received a copy of the same. The Probation Department completed an amended Guidelines analysis for Ms. Bronfman in light of the recent amendment to the Sentencing Guidelines. Specifically, The November 1, 2023 edition of the Guidelines Manual "created a [two-level] reduction in the offense level for [certain] zero-point offenders," and such reductions "have been made retroactive." *Id.* at 1, n.1. The Probation Department determined that Ms. Bronfman is eligible for this two-level reduction and, therefore, amended its original Guidelines analysis to reflect this reduction. The original Guidelines Range, recommended by the Probation Department and accepted by the Court, was 21-27 months. The Probation Department's amended Guidelines range, reflecting the two-level reduction, is 15-21 months. *Id.* at 3.

At Ms. Bronfman's sentencing hearing, the Court expressly stated that it was sentencing her to three times the higher limit of the Guideline range. With the amended Guidelines range at 15-21 months, three times the higher limit of the Guidelines range is a 63 month sentence. The dual impact of allowing Ms. Bronfman's application for a sentence reduction is that (1) the Court will realize its mandate to sentence Ms. Bronfman at three times the higher limit of the Guidelines range, and (2) the amended sentence (63 months) will remains longer than what the government requested at the sentencing hearing (60 months).

In sum, Ms. Bronfman is a zero-point offender who is eligible for a two-level reduction to her offense level. For the reasons set forth below, and pursuant to the Chapter Four guideline at §4C1.1(a) (Adjustment for Certain Zero-Point Offenders) and Part B, Subpart 1 of Amendment 821, promulgated by the United States Sentencing Commission last year, Ms. Bronfman respectfully requests a reduction to the sentence she is currently serving.

**A. Amendment 821's Adjustment for Certain Zero-Point Offenders**

The Sentencing Commission is "a bipartisan, independent agency located in the judicial branch of government[.]"[1] It "was created by Congress in 1984" and, among other things, "establishes and amends sentencing guidelines for the judicial branch[.]"[2] On April 5, 2023, the Sentencing Commission announced that it had "voted … to promulgate amendments to the federal

---

[1] "About the Commission," UNITED STATES SENTENCING COMMISSION, available at https://www.ussc.gov.
[2] *Id*.

sentencing guidelines."³ Those amendments, more commonly referred to as "Amendment 821" or the "2023 Criminal History Amendment,"⁴ were submitted to Congress on May 1, 2023.⁵

Among other things, Amendment 821 "revis[ed] guidance provided to courts regarding people facing their first federal conviction."⁶ Specifically, the Sentencing Commission sought "to reduce recommended guideline ranges for offenders with zero criminal history points under the guidelines ('zero-point offenders')…."⁷ To do so, "Subpart 1 of Part B of the amendment create[d] a new Chapter Four guideline at §4C1.1 (Adjustment for Certain Zero-Point Offenders)" that "provides a decrease of two levels from the offense level determined under Chapters Two and Three for offenders who did not receive any criminal history points under Chapter Four, Part A, and whose instant offense did not involve specified aggravating factors."⁸

The relevant amendment language states, in full, as follows:

---

³ "'Back in Business' U.S. Sentencing Commission Acts to Make Communities Safer & Stronger," *New Policies Increase First Steps Toward Second Chances, Take Targeted Action on Gun Trafficking and Fentanyl, and Expand Alternatives to Incarceration*, UNITED STATES SENTENCING COMMISSION, Apr. 5, 2023, available at https://www.ussc.gov/about/news/press-releases/april-5-2023.
⁴ "Materials Related to the 2023 Criminal History Amendment," UNITED STATES SENTENCING COMMISSION, available at https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment.
⁵ "Issue for Comment: Retroactivity," UNITED STATES SENTENCING COMMISSION, available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230405_prelim-IFC.pdf
⁶ "'Back in Business' U.S. Sentencing Commission Acts to Make Communities Safer & Stronger," *supra* note 3.
⁷ "Amendments to the Sentencing Guidelines," UNITED STATES SENTENCING COMMISSION, Apr. 27, 2023, available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf, p77.
⁸ *Id*. at p 79.

3

# CHAPTER FOUR

# CRIMINAL HISTORY
# AND CRIMINAL LIVELIHOOD

\* \* \*

## PART C – ADJUSTMENT FOR CERTAIN ZERO-POINT OFFENDERS

### §4C1.1.  Adjustment for Certain Zero-Point Offenders

(a) ADJUSTMENT. —If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a

4

     continuing criminal enterprise, as defined in 21 U.S.C. § 848;

   decrease the offense level determined under Chapters Two and Three by 2 levels.[9]

The "Application Notes" for §4C1.1 also provide, in relevant part, as follows:

10. Zero-Point Offenders.

 (A) Zero-Point Offenders in Zones A and B of the Sentencing Table.—If the defendant received an adjustment under §4C1.1 (Adjustment for Certain Zero-Point Offenders) and the defendant's applicable guideline range is in Zone A or B of the Sentencing Table, a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (c)(3), is generally appropriate. *See* 28 U.S.C. § 994(j). [10]

Put more simply, "[t]he amendment applies to offenders with no criminal history points, including (1) offenders with no prior convictions; (2) offenders who have prior convictions that are not counted because those convictions were not within the time limits set forth in subsection (d) and (e) of §4A1.2 (Definitions and Instructions for Computing Criminal History); and (3) offenders who have prior convictions that are not used in computing the criminal history category for reasons other than their 'staleness' (*e.g.*, sentences resulting from foreign or tribal court convictions, minor misdemeanor convictions, or infractions)."[11]

---

[9] Amendment 821, §4C1.1(a); *see also* "Amendments to the Sentencing Guidelines," UNITED STATES SENTENCING COMMISSION, Apr. 27, 2023, available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf, pp 87-88; 88 Fed. Reg. 28254, 28271 (May 3, 2023) (to be codified at U.S.S.G. §4C1.1(a)).

[10] Application Note 10 to Amendment 821, §4C1.1; *see also* "Amendments to the Sentencing Guidelines," UNITED STATES SENTENCING COMMISSION, Apr. 27, 2023, available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf, p 92.

[11] "Amendments to the Sentencing Guidelines," p 79, *supra* note 7.

The Sentencing Commission's decision to promulgate these changes was based on findings "that 'zero-point' offenders were less likely to be rearrested than 'one point' offenders…."[12] Nevertheless, "[w]hile determining that a reduction is appropriate for some offenders with zero criminal history points, the Commission also identified circumstances in which zero-point offenders are appropriately excluded from eligibility in light of the seriousness of the instant offense of conviction or the existence of aggravating factors in the instant offense (*e.g.*, where the offender used violence or credible threats of violence in connection with the offense or where the instant offense of conviction was a 'sex offense')."[13] Significantly, the Probation Department expressly evaluated each of these aggravating factors and found that none of them applied to Ms. Bronfman. *See Exhibit A at 2-3*.

**B. Retroactive Application of Part B, Subpart 1 of Amendment 821**

Shortly after promulgating and submitting to Congress Amendment 821, the Sentencing Commission sought "comment on whether it should list Parts A and B of the amendment, addressing … offenders with zero criminal history points at new §4C1.1, in subsection (d) of §1B1.10 as changes that may be applied retroactively to previously sentenced defendants."[14] "On August 24, 2023, the [Sentencing] Commission voted to give retroactive effect to … subpart 1 of Part B of Amendment 821."[15] Because Congress has not acted to disapprove of Amendment 821, eligible incarcerated individuals, including Ms. Bronfman, are now "able to ask courts to reduce their sentences beginning November 1, 2023…."[16]

---

[12] *Id*.
[13] *Id*. at pp 79-80.
[14] "Issue for Comment: Retroactivity," *supra* note 5.
[15] "Materials Related to the 2023 Criminal History Amendment," *supra* note 4.
[16] *Id*.; see also *United States v. Brummett*, No. 4:21-CR-3080, 2023 WL 3319713, at *1 (D. Neb. May 9, 2023) (denying a defendant's "motion … to reduce her sentence pursuant to 18 U.S.C. § 3582, premised on an alleged amendment to the Sentencing Guidelines—"Adjustment for Certain

6

### C. Motions for Sentence Reductions under 18 U.S.C. § 3582(c)(2)

Amendment 821 specifically identifies 18 U.S.C. § 3582(c)(2) as the vehicle by which a "court may reduce the defendant's term of imprisonment" under these circumstances.[17] That statute provides, in relevant part, that "upon motion of the defendant," a "court may reduce the term of imprisonment, after considering the facts set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[18] The Sentencing Commission specifically indicated that, "[a]s required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement."[19]

### 1. The Timing of a Motion Based on Amendment 821

---

Zero-Point Offenders"—that provides a 2-level downward adjustment to the offense level for defendants with no criminal history whose offenses fit within the guideline's criteria" as "premature" until it "likely … take[s] effect on November 1"); *United States v. Shelton*, No. CR 17-0260, 2023 WL 4707030, at *1, 2, 4 (W.D. Pa. July 24, 2023) (denying the "*Pro Se* Motion of Defendant seeking for this Court to reduce his sentence of 72 months imprisonment, under 18 U.S.C. § 3582(c)(2)," "base[d] … primarily on [the defendant's reading of the upcoming November 1, 2023, Amendments to the Sentencing Guidelines" "because the Guideline range ha[d] not yet been lowered, and retroactivity ha[d] not been determined"); *United States v. Hernandez*, No. EP-15-CR-01334-DCG-1, 2023 WL 5354163, at *2, 3 (W.D. Tex. July 7, 2023) (denying a defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) because, "although the Sentencing Commission ha[d] accepted public comments regarding whether §4C1.1's effective date, the Commission ha[d]n't yet made that decision," as well as because §4C1.1 [was]n't scheduled to become effective until November 1, 2023").

[17] Amendment 821 §1B1.10(a)(1).

[18] 18 U.S.C. § 3582(c)(2); *see also Dillon v. United States*, 560 U.S. 817, 823, 130 S. Ct. 2683, 2689, 177 L. Ed. 2d 271 (2010 (involving "a *pro se* motion for a sentence reduction pursuant to § 3582(c)(2)" "[a]fter the Sentencing Commission made the amendment to the crack-cocaine Guidelines retroactive in 2008"); *United States v. Calton*, 900 F.3d 706, 708 (5th Cir. 2018) (involving "sentence-reduction motions under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines"); *United States v. Johnson*, 703 F.3d 464, 465-466 (8th Cir. 2013) (involving an "18 U.S.C. § 3582(c)(2) motion for sentence modification" "because the United States Sentencing Commission … retroactively amended the crack cocaine sentencing guidelines").

[19] Amendment 821 §1B1.10(a)(1).

Procedurally, the Sentencing Commission made it clear that, absent congressional intervention, eligible incarcerated individuals like Ms. Bronfman are "able to ask courts to reduce their sentences beginning November 1, 2023…."[20] The Sentencing Commission also made it clear that eligible incarcerated individuals like Ms. Bronfman are eligible to reduce a sentence pursuant to Amendment 821 beginning on "February 1, 2024."[21]

### 2. The Substance of a Motion Based on Amendment 821

Substantively, the Sentencing Commission established individual and offense-specific criteria that a defendant must satisfy before he or she is eligible for a sentence reduction pursuant to Amendment 821 and 18 U.S.C. § 3582(c)(2). As indicated above, pursuant to §4C1.1(a), a court may only "decrease the offense level determined under Chapters Two and Three by 2 levels" pursuant to Amendment 821 "[i]f the defendant" "did not receive any criminal history points from Chapter Four, Part A," "did not receive an adjustment under §3A1.4 (Terrorism)," did not use violence or credible threats of violence in connection with the offense," "did not personally cause substantial financial hardship," "did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense," "did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense)," "and … did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848," as well as if "the offense did not result in death or serious bodily injury," was "not a sex offense," and "is not covered by §2H1.1 (Offenses Involving Individual Rights)[.]"[22]

---

[20] "Materials Related to the 2023 Criminal History Amendment," *supra* note 4.
[21] *Id.*
[22] Amendment 821, §4C1.1(a).

In addition to the criteria set forth in §4C1.1(a), courts must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and public safety considerations, as well as a defendant's post-sentencing conduct if a court so chooses, before reducing a sentence based on a recalculation of the applicable Sentencing Guidelines range.[23]

**D. Ms. Bronfman is eligible for a sentence reduction pursuant to Amendment 821 and 18 U.S.C. § 3582(c)(2)**

The Probation Department has already issued a Supplemental Presentence Report for Ms. Bronfman predicated on her eligibility for a sentence reduction pursuant to Amendment 821. *See* ***Exhibit A***. Ms. Bronfman is a zero-point offender. At sentencing, she was assessed zero criminal history points and was, therefore, in Criminal History Category I. Combined with her Offense Level 16 rating in Zone D, Ms. Bronfman faced a Guidelines range of 21 to 27 months. However, because Ms. Bronfman is a zero-point offender, Amendment 821 authorizes this Court to "decrease the offense level determined under Chapters Two and Three by 2 levels."[24] As a result of this two-level reduction, §4C1.1(a) reduces Ms. Bronfman's Guidelines range to 15 to 21 months. Ms.

---

[23] *See, e.g., United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (recognizing that, "[a]fter recalculating the guidelines, the district court next must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and may consider the defendant's post-sentencing conduct, in evaluating whether a reduction in the defendant's sentence is warranted and the extent of any such reduction"); *United States v. Lizarraras-Chacon*, 14 F.4th 961, 965 (9th Cir. 2021) (recognizing that "a court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies … is warranted in whole or in part under the particular circumstances of the case'"); *United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013) (recognizing that, "[i]n exercising … discretion" to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) "the court must consider the factors set forth in 18 U.S.C. § 3553(a) 'to the extent that they are applicable' " and "may also consider the defendant's post-sentencing conduct").

[24] Amendment 821, §4C1.1(a); *see also* "Amendments to the Sentencing Guidelines," UNITED STATES SENTENCING COMMISSION, Apr. 27, 2023, available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf, pp 87-88; 88 Fed. Reg. 28254, 28271 (May 3, 2023) (to be codified at U.S.S.G. §4C1.1(a)).

9

Bronfman respectfully requests that her sentence be reduced accordingly pursuant to 18 U.S.C. § 3582(c)(2).

Ms. Bronfman is aware of the Court's strong views regarding her culpability and the seriousness of her conduct. In sentencing Ms. Bronfman to a period of incarceration that was "three times the high end of the Guidelines range," or 81 months, the Court stated that such a sentence "takes into account the severity of Ms. Bronfman's illegal activity."[25] Ms. Bronfman does not here seek to relitigate the Court's sentence. In fact, Ms. Bronfman now simply asks the Court to apply the Court's own sentencing formula of three times the highest end of the sentencing Guideline to the reduced Guideline range.

Ms. Bronfman seeks only what the Sentencing Commission determined to be appropriate for all first-time offenders outside of a limited – and specifically enumerated – set of crimes or enhancements, none of which apply to Ms. Bronfman. *See* Supplemental Presentence Report so found. ***Exhibit A*** at 2-3.

Had the Sentencing Commission's current Guidelines been in effect at the time of sentencing, Ms. Bronfman would have been a zero-point offender with no criminal history and an Offense Level of 14. That would have yielded, as stated above, a Guideline range of 15 to 21 months. ***Exhibit A*** at 3. Using the Court's previous calculation – three times the high end of the Guidelines – would have yielded an above Guidelines sentence of 63 months; a sentence of incarceration that still exceeds the 60-month sentence that the government requested. This is exactly the type of sentencing disparity that the Commission sought to correct.

None of the sentencing factors set forth in 18 U.S.C. § 3553(a) undermine Ms. Bronfman's request for relief in this case. As indicated above, Ms. Bronfman is a zero-point offender with no

---

[25] See, *United States v. Clare Bronfman*, Sentencing Memorandum of the Court at page 27.

criminal history. The Court has already factored in its clear view that the 3553(a) factors warranted a significant above-guidelines sentence. Ms. Bronfman does not now ask the Court to reconsider its view that these factors weigh in favor of a tripling of the highest end of the Guidelines. Ms. Bronfman simply asks that the Court apply the tripling to the amended, and now correct, Guidelines range that would have been applicable to her if the amendment to the Guidelines had been in effect at the time she was sentenced.

In addition, in considering whether the reduction is warranted, the Court "may [also] consider post-sentencing conduct of the defendant that occurred after the imposition of the term of imprisonment."[26] Here, such post-sentencing conduct is highly relevant. *See*, Application Note 1(B)(iii) to Amendment 821, §4C1.1.[27] Ms. Bronfman pled guilty on April 19, 2019. Since that time, she has paid restitution; a fine of $500,000.00; and forfeiture of $6,000,000.00. Ms. Bronfman began serving her sentence on September 30, 2020. She has served over 40 months of her 81-month sentence. *See Order, United States v. Bronfman*, Case No. 18-cr-204 (NGG) (E.D.N.Y. Sep. 30, 2020), ECF No. 937. Although this Court recommended that Ms. Bronfman be detained at the minimum-security camp facility in Danbury, Connecticut. *Judgment and Commitment Order*, at 2 (Oct. 7, 2020), Case No. 18-cr-204 (NGG), ECF No. # 946, that is not where she is serving her sentence. This is because, notwithstanding that the Court unequivocally stated that it "agree[d] with Ms. Bronfman that the available evidence does not establish that she was aware of DOS prior to June 2017 or that she directly or knowingly funded DOS or other sex

---

[26] Amendment 821 §1B1.10, Application Notes § 1(B)(iii).
[27] According to the application note, "The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)." Application Note 1(B)(iii) to Amendment 821, §4C1.1.

11

trafficking activities," and that it did "not find that Ms. Bronfman knowingly funded a sex cult," the Bureau of Prisons gave Ms. Bronfman a sex-offender public safety factor (PSF). As a result, on or about December 28, 2020, Ms. Bronfman was transferred from MDC Brooklyn to the Federal Detention Center, Philadelphia ("FDC Philadelphia"), located in Philadelphia, Pennsylvania.

FDC Philadelphia is a pretrial detention center and has higher security designations than the security classification of the facility that this Court specifically recommended for Ms. Bronfman (i.e., minimum security). Its inmates have limited access to programs, outdoor space, and no opportunity to visit with family by video. On May 2, 2022, Ms. Bronfman was transferred to Danbury and on November 16, 2022, the BOP agreed to remove the "sex offender" public safety factor from Ms. Bronfman's classification. But on March 29, 2023, Ms. Bronfman was transferred back to FDC Philadelphia due to the BOP's equally unwarranted decision to replace the PSF designation with a Management Variable designation that rendered Ms. Bronfman ineligible for a camp. The BOP removed the Management Variable on November 16, 2023, at which point Ms. Bronfman became eligible for community custody (i.e., eligible for halfway house and home confinement) and was referred by the BOP for home confinement placement. Despite Ms. Bronfman being approved for home confinement by the probation department, to date, Ms. Bronfman remains at FDC Philadelphia.

Ms. Bronfman has been a model inmate. *See* **Exhibit B**, Positive Decision Report of C. Cole, Unit Manager, FDC Philadelphia dated January 22, 2024. According to Mr. Cole, from December 28, 2020, to May 2, 2022, Ms. Bronfman "excelled" in her jobs and earned the trust of the prison staff and that, upon her transfer to Danbury, Ms. Bronfman worked as the FSL Admin Orderly and law library clerk. *Id.* He reports that while awaiting transfer to a camp, Ms. Bronfman was transferred back to FDC Philadelphia, where she remains at this time. *Id.* According to Mr.

Cole, Ms. Bronfman has earned 365 credits toward her release date; has been referred for Home Confinement placement; and, due to her trustworthiness and community custody level, has been tasked with the responsibility of being a Gate Pass inmate. *Id.*

Dr. Fareed Farooqui, supervisory chaplain at FDC Philadelphia, has submitted a letter to this Court describing Ms. Bronfman's character and her contributions at FDC Philadelphia. He points out that she is honest, hard-working, courteous, and respectful, and that she mentors other inmates. He offers his view that she knows right from wrong and is well-prepared to contribute responsibly in society, if given the chance to do so. *See* **Exhibit C.**

In sum, Ms. Bronfman is eligible for the 2-point reduction in her Guideline Range. Applying this Court's own "triple Guidelines" formula for her above Guidelines sentence yields a 63-month sentence – one that fulfills all the goals of deterrence and punishment.

E. **Conclusion and Request for Relief**

By promulgating Amendment 821 and the new Chapter Four guidelines at §4C1.1(a) and allowing for its retroactive application, the Sentencing Commission expressly authorized this Court to decrease Ms. Bronfman's offense level by two levels because she is a zero-point offender. For the reasons set forth above, Ms. Bronfman respectfully requests that this Court reduce her sentence pursuant to 18 U.S.C. §3582(c)(2) based on the two-level decrease authorized by §4C1.1(a).

Date: February 22, 2023

Respectfully submitted,

**RONALD SULLIVAN LAW, PLLC**
Ronald S. Sullivan Jr.
Bar No. 451518
1300 I Street, N.W., Suite 400 E
Washington, D.C. 20005
(202) 313-8313
rsullivan@ronaldsullivanlaw.com
*Attorney for Ms. Bronfman*