March 29, 2024

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    United States v. Clare Bronfman
              Criminal Docket No. 18-204 (S-2) (NGG)
              Reply to Government's Response to Ms. Bronfman's Motion to
              Reduce her Sentence

At sentencing, the government asked that Ms. Bronfman receive a sentence of sixty (60) months incarceration. In this motion, Ms. Bronfman requests that her sentence be reduced to sixty-three (63) months – *three more months* than the government had originally requested. Ms. Bronfman's motion for a sentence reduction based on Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2), asks the Court to reduce her offense level by two points; the corresponding guideline range to fifteen (15) to twenty-one (21) months; and her sentence to an above-guidelines sentence of sixty-three months. Ms. Bronfman has served forty-two (42) months under difficult conditions, including the vast majority of her time in a maximum-security facility, though this Court recommended that she serve her sentence at a low-security facility, based on her charges of conviction. Nevertheless, the government opposes this motion without acknowledging its inconsistency with the position it took at Ms. Bronfman's sentencing and her exemplary conduct since sentencing that supports the granting of this motion.

The Government claims that Ms. Bronfman's motion should be denied because (1) she "personally cause[d] substantial financial hardship," *see* § 4C1.1(a)(6), and (2) a sentence

reduction is not warranted by consideration of the factors set forth in 18 U.S.C. § 3553(a). We disagree.

The exception to Amendment 821 that a defendant cannot personally have caused substantial financial hardship should not apply to disqualify Ms. Bronfman from consideration here. Ms. Bronfman did not receive an enhancement for causing substantial financial hardship to Jane Doe 12, nor did the Government even request such an enhancement at the time of sentencing. *See* Sentencing Guidelines § 2B1.1(b)(2)(A)(iii). *See United States v. Williams, 2024 U.S. Dist. LEXIS 24424,* *5-6 (Defendant not eligible for a sentence reduction under Amendment 821 where court had given the defendant a two-point enhancement pursuant to §2B1.1(b)(2)(A)(iii) at the time of sentencing.)  Notably, the government also simply ignores that the Probation Department undertook its own analysis and found that the exception to Amendment 821 for causing substantial hardship did not apply to Ms. Bronfman. *See* Exhibit A to Motion (filed under seal). And while the government did request a three-level enhancement pursuant to U.S.S.G. § 2L1.1(b)(2)(A) for smuggling or harboring six or more aliens, this Court declined to apply this enhancement "[b]ecause the charged conduct to which Ms. Bronfman pleaded encompassed only one victim, Jane Doe 12." Sentencing Memorandum, 1:18-cr-00204-NGG-VMS Document 936 at 2. For the same reason, the government's efforts to bootstrap harm to other victims (Government's Response at 4) to its claim that Ms. Bronfman caused substantial financial harm should be rejected.

As to the financial impact to Jane Doe 12 from Ms. Bronfman's failure to honor her employment agreement, such harm was considered by the Court in the context of applying the §3553(a) factors and not in the context of determining the correct offense level and guideline

range. *See* Sentencing Memorandum at 10. And for this reason and others, the Court determined that an appropriate sentence would be a term of incarceration three times the maximum as determined by the guideline range it had already calculated. As noted, Ms. Bronfman is not asking the Court to reconsider its analysis of the §3553(a) factors. Rather, Ms. Bronfman is asking that the Court perform the same analysis, namely, be "guided by the Second Circuit's instruction that [it] use the Guidelines "as an initial benchmark, and then make an informed and individualized sentencing determination, taking into account all the statutory factors." *United States v. Glass*, 770 F. App'x 584, 587 (citing *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)). *See* Sentencing Memorandum at 26. Hence, Ms. Bronfman asks that the Court apply the two-point reduction and then, utilizing its calculus of "three times the high end of the Guidelines range [] which takes into account the severity of Ms. Bronfman's illegal behavior," reduce Ms. Bronfman's sentence to sixty-three months incarceration. Sentencing Memorandum at 27.

In the context of assessing financial harm to Jane Doe 12, we ask that the Court consider that Ms. Bronfman paid restitution to Jane Doe 12 in the amount of $96,605.25 and that Jane Doe 12 has not expressed any interest in the Court denying Ms. Bronfman's motion. Like Ms. Dones,[1] Jane Doe 12 presumably received a notice from the government regarding Ms.

---

[1] The government has submitted a letter from Susan Dones, a former NXIVM "proctor" who left NXIVM in or about 2009 and self-designates as a "spokesperson" for unspecified others. Ms. Dones makes unsubstantiated assertions concerning Ms. Bronfman's conduct while incarcerated, her present state of mind, and her future plans, that Ms. Dones has no basis of knowledge for espousing. Ms. Bronfman respectfully asks that the Court disregard Ms. Dones' opinions.

Bronfman's motion[2] and, unlike Ms. Dones, is a victim of Ms. Bronfman's criminal conviction.[3] It is likely, therefore, that the government reached out to Jane Doe 12 in this matter and, of note, that Jane Doe 12 did not elect to convey to the Court any opposition to Ms. Bronfman's motion. In addition, the Court should be aware that Jane Doe 12 chose not to be a Plaintiff in the civil case against Ms. Bronfman currently pending. *See Edmonson, et al. v. Raniere, et al.,* 1:20-cv-00485-EK-CLP Document 215.

The applicable policy statement in the Sentencing Guidelines states that a defendant is eligible for a sentence reduction based on a subsequently lowered sentencing range so long as the amendment is retroactive, see U.S.S.G. § 1B1.10(a)(2)(A), and actually lowers the defendant's Guidelines range. Id. § 1B1.10(a)(2)(B). It requires a court to consider the factors set forth in §3553(a), as well as the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" in determining whether to reduce the sentence and the extent of the reduction. §1B1.10, Application Note 1(B)(i)-(ii).

The Court has found that Ms. Bronfman does not pose a danger to the community. As this Court noted, "I believe that Ms. Bronfman has been chastened by this experience, and she has expressed remorse for the crimes to which she has pleaded guilty. I don't doubt her sincerity," and that "I don't expect her to commit further crimes of this nature, regardless of the sentence I

---

[2] Ms. Dones claims that she receives notices from the government regarding Ms. Bronfman's custody and any changes in her release date.
[3] Under 18 U.S.C. § 3771(e)(2), a "crime victim" is defined as "a person directly and proximately harmed as a result of the commission of a Federal offense."

impose." Sentencing Memorandum at 24. Accordingly, there is no danger posed to the community from a sentence reduction in this case. Indeed, Ms. Bronfman will continue to be under the purview of the Probation Department for three years of post-incarceration supervised release with special conditions. *See Transcript of Ms. Bronfman's Sentencing,* September 30, 2020, at pp 128-129.

The Court may also consider a defendant's post-sentence conduct in assessing whether and to what extent to reduce a defendant's sentence. U.S.S.G. § 1B1.10 cmt. 1(B)(iii). *See United States v. Smerling*, 2024 U.S. Dist. LEXIS 50550, *5-6. But the government ignores the information provided to the Court by Ms. Bronfman concerning her post-sentence conduct. As described in Ms. Bronfman's motion, Ms. Bronfman has endured harsh conditions of confinement since her incarceration not contemplated by this Court. *Judgment and Commitment Order*, at 2 (Oct. 7, 2020), Case No. 18-cr-204 (NGG), ECF No. # 946 ("The Court recommends to the Bureau of Prisons that defendant be designated to the minimum-security camp at Danbury, Connecticut"). Rather than serve her sentence in a lower security prison where she would have been assigned to a camp, she has served the vast majority of her incarceration at a high security prison with inmates facing long sentences for violent crimes and with no camp option; little opportunity for educational pursuits; and restricted access to family. Nevertheless, her exemplary conduct while incarcerated as described by her Unit Manager in his report attached as Exhibit B to Ms. Bronfman's motion and by the supervisory chaplain in his character letter attached as Exhibit C to Ms. Bronfman's motion, demonstrates that Ms. Bronfman has worked hard to prove herself worthy of this Court's consideration. The Positive Decision Report (Exhibit B), in particular, is described as a "certificate awarded in recognition" of Ms. Bronfman's efforts. As

the Court may know, it is extremely rare for an inmate to receive such a letter from the Bureau of Prisons.

Ultimately, the decision to grant or deny a §3582(c)(2) motion is within the Court's discretion. In this regard, we ask the Court to consider Ms. Bronfman's post-sentence conduct and conditions of confinement and the policy considerations prompting the passage of Amendment 821, and to grant Ms. Bronfman's motion to reduce her sentence to sixty-three months.

For the foregoing reasons, Ms. Bronfman respectfully requests that her motion to reduce her sentence be granted.

Respectfully submitted,

/s/

Ronald S. Sullivan Jr.

cc: Counsel of Record (by ECF)