UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES,

-against-

CLARE BRONFMAN,

                Defendant.

MEMORANDUM & ORDER

18-CR-204 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

The court now considers Defendant Clare Bronfman's motion to reduce sentence. (*See* Motion for Sentence Reduction ("Mot.") (Dkt. 1236); Gov. Response to Mot. ("Opp.") (Dkt. 1239); Reply (Dkt. 1249); *see also* Probation's Suppl. to PSR (Dkt. 1234)).[1] Upon review, the court DENIES Defendant's motion.

Ms. Bronfman's eligibility for a sentence reduction is premised on her meeting the requirements for retroactive application of Amendment 821 to the United States Sentencing Guidelines ("Amendment 821"), which would reduce her guidelines range by six months. (*See generally* Mot; *see also* Probation's Suppl. to PSR at 3; U.S.S.G. § 4C1.1.) The Government disputes Ms. Bronfman's eligibility, arguing that the Defendant cannot show that she "did not personally cause substantial financial hardship" which Amendment 821 requires. (Opp. at 4.) *See also* U.S.S.G § 4C1.1(6). The Defendant responds by noting that the enhancement for financial hardship was not applied at the time of sentencing and that Probation found her eligible for a sentence reduction. (Reply at ECF 2 (citing Probation's Suppl. to PSR).)

---

[1] Although already filed by probation on February 7, 2024 (*see* Dkt. 1234), the Defendant also moved to file the supplement to the PSR under seal. (*See* Dkt. 1237.) The court GRANTS this motion to file under seal.

1

When sentencing Ms. Bronfman, this court found that the defendant made "promises to immigrants that she did not keep, exacted labor that she did not pay for, and took advantage of these individuals' financial straits and immigration statuses, in a manner that exacerbated both their financial and emotional vulnerabilities and made them more reliant on her and the Nxivm community, sometimes with very harmful consequences." (Sent'g Mem. (Dkt. 936).) It is thus unlikely that she qualifies under Amendment 821. However, the court need not resolve the parties' dispute as to this issue and assumes, without so concluding, that Defendant Bronfman is eligible for a reduction. *See United States v. Smerling*, No. 21-CR-317 (DLC), 2024 WL 1208908, at *3 (S.D.N.Y. Mar. 21, 2024).[2]

Even if eligible, a sentence reduction is not warranted for Ms. Bronfman when considering the updated guidelines range alongside the Section 3553(a) sentencing factors. *See United States v. Laporta*, No. 21-CR-445 (MKB), 2024 WL 1348691, at *3 (E.D.N.Y. Mar. 29, 2024) (declining to reduce defendant's sentence after finding that he qualified for a reduction under Amendment 821). The court incorporates its sentencing memorandum as to Ms. Bronfman, which details the rationale for her 81-month sentence. (*See generally* Sent'g Mem.; Sept. 30, 2020 Sent'g Tr. (Dkt. 964) at 95:8-127:6.) *See also United States v. Raniere*, No. 20-3520-CR, 2022 WL 17544087, at *8-9 (2d Cir. Dec. 9, 2022), *cert. denied*, 143 S. Ct. 1756 (2023) (affirming this court's sentence). In sentencing Ms. Bronfman, the court discussed its consideration of the following: the nature and circumstances of the offense, which this court found to be "particularly egregious" in light of the financial and emotional harm Ms. Bronfman's actions caused (Sent'g Mem. at 8-12); the

---

[2] "If the Court were inclined to reduce [defendant's] sentence, it would give the parties an opportunity to be heard regarding this issue, and if necessary, hold a hearing." *Id.* at *3 n.1.

history and characteristics of the defendant which includes Ms. Bronfman's use of her wealth and social status as a means to control, intimidate and punish her co-defendant's adversaries (*id.* at 13-23); and the remaining sentencing factors, including the need for the sentence to reflect the seriousness of the offense, specific and general deterrence, the range of sentences available, and the need to avoid unwarranted sentence disparities (*id.* at 23-26.) As required by the Second Circuit, the court also considered the sentencing guidelines, using them "as an initial benchmark" before making an "informed and individualized sentencing determination, taking into account all the statutory factors." (Sent'g Mem. at 26 (quoting *United States v. Glass*, 770 F. App'x 584, 587 (2d Cir. 2019) (Summary Order).) The court made clear that the "the nature and circumstances of Ms. Bronfman's offenses exacted a harm not reflected in the Guidelines and placed her conduct outside the ordinary realm for these offenses." (Sent'g Mem. at 26.) The court also stated that while a proper sentence in most cases fall within the guidelines, that was not true in the Defendant's case "where the crimes of conviction, standing alone, do not fully encompass the larger pattern of misdeeds perpetrated by Ms. Bronfman." (*Id.* at 4-5.) These statements continue to apply.[3]

---

[3] Defendant cites to the court's statement at sentencing noting that the initial sentence was "three times the higher limit of the Guidelines range" and argues that this single statement established a "mandate" that the court sentence Ms. Bronfman to three times the updated guidelines range under Amendment 821, which would reduce her sentence by 18 months. (*See* Mot. at 2, 10; Reply at 3; *see also* Sent'g Mem. at 27 ("I therefore sentence Ms. Bronfman as follows: a prison sentence of 81 months, which is three times the high end of the Guidelines range and which takes into account the severity of Ms. Bronfman's illegal behavior. . .") However, a review of the sentencing memorandum and transcript makes clear that the court did not rely on such a mechanical calculation in determining Ms. Bronfman's sentence and that no such mandate exists. (*See generally* Sent'g Mem.)

When considering the updated guidelines range (again, assuming without concluding that Amendment 821 applies to Ms. Bronfman), the context of Ms. Bronfman's offense and circumstances both before and since her sentencing, and the Section 3553(a) factors, the court finds that a reduction in sentence is not warranted and that a sentence of 81 months of imprisonment remains sufficient, but not greater than necessary, to comply with the purposes of sentencing.

Defendant Bronfman's motion is therefore DENIED.

SO ORDERED.

Dated: Brooklyn, New York
April 22, 2024

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge