

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

TH
F. #2017R01840

January 31, 2025

By ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Clare Bronfman, et al.
           Criminal Docket No. 18-204 (S-3) (NGG) (VMS)

Dear Judge Garaufis:

      The government respectfully submits this letter in response to the defendant Clare Bronfman's letter (D.E. 1275) seeking modification of her special conditions of supervised release. The government and the Probation Department object to Bronfman's motion, which, as set forth below, is precluded by Second Circuit law.

      As the Court is aware, on September 30, 2020, the Court principally sentenced Bronfman to 81 months' imprisonment, a fine, forfeiture, restitution, and three years of supervised release on each count of conviction to run concurrently. Judgment, D.E. 946. Included in her conditions of supervised release was the special condition, among other special conditions not relevant here, that Bronfman not "associate in person, through mail, electronic mail or telephone with any individual with an affiliation to Executive Success Programs, Nxivm, DOS, or any other Nxivm-affiliated organizations; nor shall the defendant frequent any establishment, or other locale where these groups may meet pursuant, but not limited to, a prohibition list provided by the Probation Department." Id. at 4. Bronfman appealed her sentence to the Second Circuit, arguing, among other things, that the Court erred in sentencing her to an above-Guidelines sentence. Bronfman did not challenge any of her supervised release conditions on direct appeal. On December 9, 2022, the Second Circuit Court of Appeals affirmed Bronfman's sentence. See United States v. Raniere, No. 20-3520-CR, 2022 WL 17544087, at *9 (2d Cir. Dec. 9, 2022) (summary order).

      Now, more than four years after her sentencing, Bronfman seeks to "modify" her special conditions of supervised release, claiming that the challenged condition is unlawful because it was not reasonably related to the sentencing factors; not sufficiently

clear; infringes on Bronfman's First Amendment rights; and constituted an improper delegation of decision-making authority to the Probation Department. Motion, D.E. 1275, at 1-2. Although Bronfman styles the motion as being made pursuant to 18 U.S.C. § 3583(d)(2), the section of that statute that permits a court to modify conditions of supervised release is § 3583(e), which provides that a court may "modify, reduce or enlarge the conditions of supervised release" under certain circumstances and after evaluation of certain factors.

Bronfman's motion misleadingly fails to cite controlling Second Circuit case law that precludes her motion. The Second Circuit has squarely held that § 3583(e) "does not authorize the court to assess the lawfulness of a condition of release." United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997); see also United States v. Cottom, No. 21-3053, 2023 WL 2317178, at *2 (2d Cir. Mar. 2, 2023) (citing Lussier and explaining that as the Second Circuit "has already held, § 3583(e) does not allow a district court to consider arguments about the legality of special conditions."). As the Second Circuit noted in Lussier, "[o]ther procedures, such as a direct appeal . . . are available to challenge the legality of a condition of supervised release, as long as the requirements of those procedures have been met." Id. Having failed to challenge her supervised release conditions on direct appeal, Bronfman cannot now seek to circumvent the procedural requirements of 18 U.S.C. § 3742.

Lussier squarely precludes this Court's consideration of any of Bronfman's arguments in support of her motions. See, e.g., United States v. Cottom, No. 21-3053, 2023 WL 2317178, at *2 (2d Cir. Mar. 2, 2023) (finding that Lussier prevents consideration of defendant's arguments that the supervised release conditions were overbroad, not reasonably related to the sentencing factors, improperly delegated authority to the probation officer, and violated the First Amendment, among other arguments).

Even if the Court were to consider Bronfman's motion on the merits, the motion would fail. Courts are given "broad latitude to design their own 'special conditions'" of supervised release. United States v. Sims, 92 F.4th 115, 120 (2d Cir. 2024). A special condition of supervised release need only be "reasonably related" to the sentencing factors. Id. at 126. In light of the Court's detailed and thorough explanation of its sentence in its 27-page sentencing memorandum (D.E. 936) and the Court's broad discretion to craft special conditions of supervised release, Bronfman's challenge to her supervised release conditions fails.

In the view of the government and the Probation Department, the challenged special condition of supervised release is appropriate and necessary. The government and the Probation Department respectfully submit that the Court should deny Bronfman's motion.

Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By: /s/ Tanya Hajjar
Tanya Hajjar
Assistant U.S. Attorney
(718) 254-6109

cc: Counsel of Record (by ECF)
United States Probation Officer Erica Vest (by email)