# RONALD SULLIVAN LAW, PLLC

Ronald S. Sullivan Jr.

February 3, 2025.

**VIA ECF**

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Clare Bronfman, *et. al.*
      Criminal Docket No.1:18-cr-00204(S3) (NGG)

Dear Judge Garaufis,

    I am writing to the Court on behalf of my client, Clare Bronfman, in response to the Government's Opposition to her Motion to Modify Special Conditions of Supervised Release.

    On September 30, 2020, the United States District Court for the Eastern District of New York ordered at Ms. Bronfman's Sentencing Hearing special conditions of supervised release that she "*not associate in person through e-mail, through mail, electronic mail, telephone with any individual with an affiliation through Executive Success Programs, Nxivm, DOS or any other affiliated Nxivm organizations. Nor shall the defendant frequent any establishment or locale where these groups may be, pursuant to but not limited to prohibition list provided by the U.S. Probation Department.*" See *Exhibit A* 128-129.

    On January 16, 2025, Ms. Bronfman requested that the Court modify her special conditions of supervised release pursuant to 18 U.S.C. § 3583(d)(2). Ms. Bronfman submitted that the conditions of supervised release as applied to her were vague, overbroad, and unduly burdensome as per the statutory safeguards set out in 18 U.S.C. §§ 3583(d)(1), (d)(2), and (d)(3) and as such requested a modification pursuant to 18 U.S.C. § 3583(d)(2) stating the specified persons to be included in these limitations. The Court recognized the need for more specificity during the pre-

trial stage of the process, when it provided much more detail with respect to whom Ms. Bronfman could associate.

On January 31, 2025, the Government and the Probation Department objected to Ms. Bronfman's motion, stating that "The Second Circuit has squarely held that § 3583(e) "does not authorize the court to assess the lawfulness of a condition of release." United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997); see also United States v. Cottom, No. 21-3053, 2023 WL 2317178, at *2 (2d Cir. Mar. 2, 2023)" (See Dkt. 1276).

The Government contends that: "…the Second Circuit has squarely held that § 3583(e) "does not authorize the court to assess the lawfulness of a condition of release." United States v. Lussier, 104 F.3d 32, 35 (2d Cir. 1997); see also United States v. Cottom, No. 21-3053, 2023 WL 2317178, at *2 (2d Cir. Mar. 2, 2023) (citing Lussier and explaining that as the Second Circuit "has already held, § 3583(e) does not allow a district court to consider arguments about the legality of special conditions.")" (See Dkt. 1276).

Setting aside the constitutional concern, the Government fails to engage with the specific, enforceability-related reasons Ms. Bronfman presented in her request for modification:

- The vagueness of the term "affiliated" creates undue compliance burdens, exposing Ms. Bronfman to unwitting violations.
- By potentially barring contact with thousands, including family, the condition obstructs reintegration.
- The condition improperly lets Probation decide her associations, making her liberty contingent on the unchecked discretion of a probation officer.

Regardless, *Lussier* clarifies that subsection 3583(e)(2) requires the court, when deciding whether or how to modify conditions of supervised release, to consider many of the same factors it originally weighed when imposing the sentence. *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997). These factors include:

1. "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1);
2. the need for the sentence imposed "to afford adequate deterrence to criminal conduct," id. § 3553(a)(2)(B), "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(C),

and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," id. § 3553(a)(2)(D);

3. the "kinds of sentence and the sentencing range established for the applicable category of offense [or violation of probation or supervised release] committed by the applicable category of defendant" under the Sentencing Guidelines, id. § 3553(a)(4);

4. "any pertinent policy statement issued by the Sentencing Commission," id. § 3553(a)(5); and

5. "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," id. § 3553(a)(6).

"Subsection 3583(e)(2), in sum, requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to "modify, reduce, or enlarge" the term or conditions of supervised release" See United States v. Lussier, 104 F.3d 32 (2d Cir. 1997).

Courts can, therefore, modify conditions of supervised release when general punishment goals would be better served by a modification, a standard that is clearly met in this case.

A supervised release condition must be clear enough to prevent unwitting violations due to ambiguity. Otherwise, it makes it very difficult for an individual, freshly released from prison, to successfully reintegrate into society and be able to honor the Court's order.

As we have previously stated, anyone with an "affiliation" to the "Executive Success Programs, NXIVM, DOS, or any other affiliated NXIVM organizations" encompasses an expansive network of individuals and organizations not connected to any pending litigation involving NXIVM, crime, criminality, or criminal enterprises.

The term "affiliated" is inherently ambiguous and overbroad, potentially encompassing a vast network of individuals, including tens of thousands of participants in the program—and even members of Ms. Bronfman's family. Such an expansive definition risks inadvertently severing the very familial ties and friendships that are critical to a successful rehabilitation. It is evident that the Court's intent is not to alienate Ms. Bronfman from her friends and loved ones, as doing so would only serve to hinder her reintegration into society. A more narrowly tailored and clearly defined standard is essential to ensure that the condition effectively addresses the Court's concerns while safeguarding Ms. Bronfman's constitutional right to maintain vital relationships.

# RONALD SULLIVAN LAW, PLLC

Ronald S. Sullivan Jr.

Moreover, the Court remains a constitutional safeguard designed to ensure that every condition of supervised release not only serves legitimate sentencing objectives but also withstands constitutional scrutiny. It is true that we characterized the request as a modification, but in substance, it is request for a clarification—something that was evident from the motion itself. Ms. Bronfman is not seeking a wholesale modification of her supervised release conditions; rather, she is requesting clarification of the condition at issue to ensure it is both constitutionally sound and practically enforceable.

By articulating the parameters more clearly, the Court would empower Ms. Bronfman to comply fully with the order while simultaneously preserving the fundamental rights that our judicial system is charged with protecting.

Finally, it is imperative that the responsibility for defining and clarifying the list of associations—or any similar restrictive condition— rests with the Court rather than with the Probation office. Though the Court may, and for all practical purposes, must delegate some decision-making authority to Probation, it cannot delegate the authority to determine the extent of a special condition because that kind of delegation makes "a defendant's liberty contingent on a probation officer's exercise of open-ended discretion." United States v. Carlineo, 998 F.3d 533, 538 (2d Cir. 2020). Instead, it is the Court's prerogative to set these conditions in a way that balances the objectives of punishment with Ms. Bronfman's constitutional rights, ensuring that any restrictions imposed are clear, fair, and enforceable.

Wherefore, Ms. Bronfman respectfully requests the Court clarifies her conditions of supervised release to specify which individuals she is not to associate with, in light of her unique circumstances and expressed good intentions to follow the Court's order.

Respectfully submitted,

/s/ Ronald Sullivan
Ronald Sullivan
Ronald Sullivan Law PLLC
1300 I Street NW
Suite 400E
Washington, DC 20005
rsullivan@ronaldsullivanlaw.com
(202) 313-8313