UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

CLARE BRONFMAN,

                Defendant.

MEMORANDUM & ORDER
18-CR-204 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is Defendant Clare Bronfman's motion to modify special conditions of supervised release. (Mot. (Dkt. 1275); Reply (Dkt. 1277).) The Government and the Probation Department ("Probation") oppose Bronfman's motion. (Opp. (Dkt. 1276).) For the reasons that follow, Bronfman's motion is DENIED.

I. BACKGROUND

The court presumes the parties' familiarity with the underlying facts and procedural history of this case. As relevant here, on April 19, 2019, Bronfman pleaded guilty to Counts One and Two of a Superseding Information ("S-3"), charging her with conspiracy to conceal and harbor illegal aliens for financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(A)(v)(I), and (a)(1)(B)(i), and fraudulent use of identification, in violation of 18 U.S.C. §§ 1028(a)(7), (b)(1)(D), and (c)(3)(A), respectively. (S-3 (Dkt. 943) at 1-2; Minute Entry Dated 4/19/2019.)

On September 30, 2020, the court sentenced Bronfman to 81 months' imprisonment and 3 years' supervised release on each count, to be served concurrently. (Judgment (Dkt. 946) at 2-3.) The court also imposed the following special condition of supervised release ("Condition 4"):

1

> 4. The Defendant shall not associate in person, through mail, electronic mail or telephone with any individual with an affiliation to Executive Success Programs, Nxivm, DOS or any other Nxivm-affiliated organizations; nor shall the defendant frequent any establishment, or other locale where these groups may meet pursuant, but not limited to, a prohibition list provided by the Probation Department.

(*Id.* at 5.) Bronfman appealed her sentence to the Second Circuit, arguing that the court committed procedural error in numerous respects. *United States v. Raniere*, Nos. 20-CR-3520, 20-CR-3789, 2022 WL 17544087, at *8-9 (2d Cir. Dec. 9, 2022) (summary order). Bronfman did not challenge any condition of supervised release. *See generally id.* The Second Circuit affirmed her sentence. *Id.* at *9.

On January 16, 2025, Bronfman filed the instant motion to "modify her special conditions of supervised release pursuant to 18 U.S.C. § 3583(d)(2)." (Mot. at 1.) The Government submitted its opposition on January 31, 2025, and Bronfman filed her reply on February 3, 2025. (Opp. at 1; Reply at 1.)

## II. LEGAL STANDARD

18 U.S.C. § 3583 provides, in pertinent part:

> (e) Modification of Conditions or Revocation.—The court may, after considering the factors set forth in [Section 3553(a)]—
>
> . . .
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant

to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

18 U.S.C. § 3583(e)(2). Subsection 3583(e)(2) "requires the court, as it decides whether or how to modify the conditions of supervised release, to consider many of the same factors that it is required to consider in originally imposing a sentence upon a convicted defendant." *United States v. Lussier*, 104 F.3d 32, 34 (2d Cir. 1997).[1] These factors include:

- "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1);

- the need for the sentence imposed "to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B), "to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C), and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *id.* § 3553(a)(2)(D);

- the "kinds of sentence and the sentencing range established for the applicable category of offense [or violation of probation or supervised release] committed by the applicable category of defendant" under the Sentencing Guidelines, *id.* § 3553(a)(4)(A);

- "any pertinent policy statement issued by the Sentencing Commission," *id.* § 3553(a)(5)(A); and

---

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

3

- "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(6).

In sum, Subsection 3583(e)(2) "requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency" in deciding whether to modify a condition of supervised release. *Lussier*, 104 F.3d at 35.

"Conspicuously absent from the list of relevant considerations," however, "is the legality of the condition." *Id.* While Subsection 3583(e)(2) authorizes the court to modify a condition of supervised release, "[i]t does not authorize the court to assess the *lawfulness* of a condition of release." *Id.* (emphasis added). The Defendant must employ other procedures to challenge the legality of a condition of supervised release, "such as a direct appeal under 18 U.S.C. § 3742 or a collateral attack under 28 U.S.C. § 2255." *Id.*

### III. DISCUSSION

Bronfman moves to "modify her special conditions of supervised release pursuant to 18 U.S.C. § 3583(d)(2)." (Mot. at 1.) She argues that the court must "amend[] or "clarif[y]" Condition Four because it: (1) is not reasonably related to the sentencing factors, (2) is insufficiently clear, (3) infringes her First Amendment right to free association, and (4) exceeds the court's ability to delegate its decision-making authority to Probation. (*Id.* at 1-2.) The Government opposes Bronfman's motion, pointing out that Section 3583(e), not Section 3583(d)(2), applies to Bronfman's motion, and arguing that the court is not permitted to assess the lawfulness of a condition of supervised release in the context of a motion to modify under Section 3583(e)(2). (Opp. at 1-2.) The Government additionally asserts that Bronfman's challenge fails

on the merits. (*Id.* at 2-3.) In reply, Bronfman argues that, constitutional challenges aside, Condition Four presents numerous enforceability-related concerns, namely: (1) "[t]he vagueness of the term 'affiliated' creates undue compliance burdens, exposing Ms. Bronfman to unwitting violations"; (2) "[b]y potentially barring contact with thousands, including family, the condition obstructs reintegration"; and (3) "[t]he condition improperly lets Probation decide her associations, making her liberty contingent on the unchecked discretion of a probation officer." (Reply at 2.) Thus, Bronfman asks the court to "clarify[y] her conditions of supervised release to specify which individuals she is not to associate with." (*Id.* at 4.)

The court concludes that it cannot consider Bronfman's challenge to the legality of Condition Four, and that modification of Condition Four is otherwise unwarranted under Subsection 3583(e)(2).

First, it is well-established that a motion to modify under Subsection 3583(e)(2) is not a vehicle to challenge the legality of a condition of supervised release. *See Lussier*, 104 F.3d at 35 (holding that Subsection 3583(e)(2) "does not authorize the court to assess the lawfulness of a condition of release."). Bronfman does not dispute this precedent. (*See* Reply at 2.) As such, the court cannot consider Bronfman's challenge to the lawfulness of Condition Four, namely, her arguments that Condition Four is not reasonably related to the sentencing factors, is insufficiently clear, infringes her First Amendment right to free association, and exceeds the court's ability to delegate its decision-making authority to Probation. (Mot. at 1-2; Reply at 2.)

Second, upon review of the Section 3553(a) factors, the court declines to modify Condition Four. The justifications underlying the court's original imposition of Condition Four apply with equal force today. (Sentencing Tr. (Dkt. 964) 100:24-123:12.) For over a decade, Bronfman used her wealth and social status as the heir

to the Seagram's fortune to fund and promote a purported self-help enterprise, Nxivm, led by Keith Raniere. (Am. Presentence Investigation Report (Dkt. 941) at ¶¶ 8-16.) Bronfman recruited and secured immigration status for numerous individuals so that they could work in one or more Nxivm-affiliated organizations, and she engaged in unlawful surveillance and investigation of perceived enemies of Raniere and Nxivm—including her own father. (Id. at ¶¶ 21-38, 49-54; Sentencing Tr. 109:24-110:4 ("[T]he record is clear that she used her incredible wealth and attempted to use her social status and connections not only to support NXIVM's work, but also was a means of intimidating, threatening and exacting revenge upon individuals who dared to challenge its dogma.").) These and other facts led the court to conclude that an above-Guidelines sentence and certain special conditions of supervised release were necessary to provide just punishment, promote respect for the law, and address the court's concern that Bronfman "continues to stand by Raniere and believe in his work, even as he stands convicted of heinous conduct." (Sentencing Tr. 123:8-10.) Condition Four continues to serve these aims; as such, the court will not modify the condition.

Additionally, the court declines to specify the names of individuals with whom Bronfman may or may not associate. The court agrees with Bronfman that Condition Four is broad—intentionally so. Considering the offense conduct and Bronfman's belief in Raniere's work, the breadth of Condition Four is necessary to ensure that Bronfman does not associate with *any* Nxivm-affiliated person or place, *including family members*. If there is a particular Nxivm-affiliated person with whom Bronfman would like to associate, she is free to bring that request to the attention of the court and Probation. Bronfman is also free to maintain a dialog with Probation regarding the identity of people and the names of places that are "associated" with Nxivm. But the court has already determined, in accordance with Section 3553(a), the

6

appropriate level of specificity for Condition Four: Bronfman is not to associate with: "*any* individual with an affiliation to Executive Success Programs, Nxivm, DOS or any other Nxivm-affiliated organizations." (Judgment at 5 (emphasis added).) The Condition is intentionally broad; as such, the court declines Bronfman's request to specify the names of individuals with whom she may or may not associate.

## IV. CONCLUSION

For the foregoing reasons, Bronfman's motion to modify special conditions of supervised release is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
February 7, 2025

                                           s/Nicholas G. Garaufis
                                           NICHOLAS G. GARAUFIS
                                           United States District Judge